UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
THE FELLOWSHIP FOR ADVANCED
COMPREHENSIVE TALMUDICS, INC.,   Case No. _____

                      Plaintiff,

     -against-

EAST 16TH ST. REALTY, LLC,
FEDERAL DEPOSIT INSURANCE CORPORATION
AS RECEIVER FOR SIGNATURE BANK,
NEW YORK STATE DEPARTMENT OF TAXATION
AND FINANCE, 10 O.K., L.P., and "JOHN DOE # 1"
through "JOHN DOE # 10,"
The last ten names being fictitious and unknown to
Plaintiff, the person or parties intended being the persons
or parties, if any, having or claiming an interest in or lien
upon the mortgaged property described in the complaint,   NOTICE OF REMOVAL

                     Defendants.
------------------------------------------------------------------------x

TO:    THE CLERK OF THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF NEW YORK

      PLEASE TAKE NOTICE that, pursuant to 12 U.S.C. § 1819(b)(2)(B) and 28 U.S.C. § 1441(a), the Federal Deposit Insurance Corporation, in its capacity as the receiver for Signature Bank ("FDIC"), hereby removes the above-captioned action currently pending in the Supreme Court of the State of New York, Kings County, under Index No. 516690/2019, to the United States District Court for the Eastern District of New York.  The FDIC reserves all defenses and rights available to it.  As grounds for the removal of this case, the FDIC states as follows:

BACKGROUND

1.     On March 12, 2023, the New York State Department of Financial Services closed Signature Bank ("Signature") and appointed the FDIC as Signature's receiver. (Copies of the Appointment and Acceptance Letters are attached as Exhibit A to this Notice of Removal.)   Pursuant to that appointment, the FDIC took charge of Signature's assets and affairs, and is charged with the duty of winding up Signature's affairs.  *See* 12 U.S.C. § 1821(d)(2)(A)(i).

2.     Upon its appointment, the FDIC succeeded by operation of law to "all rights, titles, powers and privileges" of Signature, and is vested with the power to resolve outstanding claims against the institution in receivership.  *See* 12 U.S.C. §§ 1821(d)(2)(A)(i) and (d)(3).

3.     On July 30, 2019, the Fellowship for Advanced Comprehensive Talmudics, Inc. ("Plaintiff") commenced this action against, among others, Signature, in the Supreme Court of the State of New York, Kings County, under Index No. 516690/2019 (the "State Court Action").  On November 19, 2020, Plaintiff filed an amended complaint (the "Amended Complaint"), seeking to foreclose its purported mortgage on the property located at 1673-1683 East 16th Street, Brooklyn, New York, and, among other things, a determination that the mortgage held by Signature is subordinate to the Plaintiff's purported mortgage.  (*See generally* Amended Complaint.)  (A copy of the Amended Complaint is attached as Exhibit B to this Notice of Removal.)

4. On January 8, 2021, Signature filed an answer to the Amended Complaint.

5. On February 2, 2021, defendants East 16th St. Realty, LLC and 10 O.K., L.P. filed an answer to the Amended Complaint and asserted counterclaims.

6. Discovery is ongoing in the State Court Action.

7. After Signature was closed on March 12, 2023, and the FDIC was appointed as receiver, the FDIC became the proper party in interest to oppose Plaintiff's claims against the failed institution.

8. Accordingly, on June 16, 2023, the FDIC, Plaintiff, and defendants East 16th St. Realty, LLC and 10 O.K. L.P. stipulated to the substitution of the FDIC into the State Court Action, as receiver for Signature. The Court in the State Court Action so-ordered the substitution of the FDIC, as receiver for Signature, into the State Court Action for Signature, and the Stipulation and Order of Substitution, so-ordered by the Court, was entered by the Clerk of the Court on July 27, 2023. (A copy of the Stipulation and Order of Substitution is attached as Exhibit C to this Notice of Removal.)

## BASIS FOR REMOVAL

9. The FDIC has a statutory right to remove cases in which it is a party, from state court to federal court, pursuant to the Financial Institution Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), as amended, 12 U.S.C. § 1819 *et seq.* Specifically, 12 U.S.C. § 1819(b)(2)(B) provides that "the Corporation may, without

3

bond or security, remove any action, suit or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date the action, suit, or proceeding is filed against the Corporation or the Corporation is substituted as a party." *See also In re Franklin Nat. Bank Sec. Lit.*, 532 F.2d 842, 846 (2d Cir. 1976) (12 U.S.C. § 1819 provides for removal of suits to which the FDIC is a party and in removals by the FDIC, the requirement that "all defendants join in the petition for removal [is] inapplicable.")

10. The FDIC was substituted as a defendant in the action in place of Signature on July 27, 2023. Therefore, this removal is brought within the 90-day period set forth under 12 U.S.C. § 1819(b)(2)(B). The FDIC's removal is not within an exception set forth in 12 U.S.C. § 1819(b)(2)(D).

11. Pursuant to 12 U.S.C. §§ 1819(b)(2)(B) and 1819(b)(4), the FDIC is not required to post any bond and is not subject to payment of filing fees in the United States District Courts.

12. Pursuant to 28 U.S.C. § 1446(d), the FDIC will promptly file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of Kings, and will promptly serve notice of the filing of this removal to all parties of record in the State Court Action. (A true and correct copy of the Notice of Filing of Notice of Removal [without the annexed Notice of Removal] is attached as Exhibit D to this Notice of Removal.)

13. Venue properly lies with this Court, pursuant to 28 U.S.C. § 1441(a) and 1446(a), as this action is presently pending in the Supreme Court of the State of New York, Kings County.

14. Copies of all process, pleadings and orders served upon FDIC are attached as Exhibit E to this Notice of Removal.

Dated: Garden City, New York
August 9, 2023

McLAUGHLIN & STERN, LLP

By: /s/ Brian J. Grieco
Brian J. Grieco
Todd H. Hesekiel
1122 Franklin Avenue, Suite 300
Garden City, New York 11530
(516) 829-6900

*Counsel for the Federal Deposit Insurance Corporation, as Receiver for Signature Bank*

-and-

FEDERAL DEPOSIT INSURANCE CORPORATION
LEGAL DIVISION
Jeffrey E. Schmitt, Senior Counsel
Kaye A. Allison, Counsel
3501 Fairfax Drive, Room VS-D-7092
Arlington, Virginia 22226
(703) 562-2676

*Counsel for the Federal Deposit Insurance Corporation, as Receiver for Signature Bank*