**EXHIBIT B**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------------x
THE FELLOWSHIP FOR ADVANCED
COMPREHENSIVE TALMUDICS, INC.,                    **Index No. 516690/2019**

                                       Plaintiff,

       - against -

EAST 16TH ST. REALTY, LLC, SIGNATURE
BANK, NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE, 10 O.K., L.P., and
"JOHN DOE #1" through "JOHN DOE #10",
the last ten names being fictitious and unknown to
Plaintiff, the person or parties intended being the
persons or parties, if any, having or claiming an
interest in or lien upon the mortgaged property
described in the complaint,

                                       Defendants.
-----------------------------------------------------------------------x

Plaintiff The Fellowship for Advanced Comprehensive Talmudics, Inc., by its attorneys, The Rosenfeld Law Office, for its Amended Complaint, alleges as follows:

### The Parties

1. Plaintiff, The Fellowship For Advanced Comprehensive Talmudics Inc., is a corporation duly formed and existing under the laws of the State of Florida.

2. Upon information and belief, Defendant, East 16th St. Realty, LLC, is a limited liability company duly formed and existing under the laws of the State of New York.

3. Upon information and belief, Defendant, East 16th St. Realty, LLC, is the present owner of real property located at 1673-1683 East 16th Street, Brooklyn, New York

11229.

4. Based upon an affidavit submitted by Amy O. Perlowitz dated October 11, 2019, the Defendant, 10 O.K., L.P., is a New Jersey Domestic Limited Partnership that was registered by the Department of the Treasury of the State of New Jersey on November 8, 1993.

## Jurisdiction and Venue

4. Jurisdiction in this Court is proper under New York Civil Practice Law and Rules ("CPLR") Section 301 and 302 because all parties reside and/or transact or regularly do or solicit business within New York State.

5. Venue is proper under CPLR 503(a) because defendant resides in Kings County and a substantial part of the events or omissions giving rise to the claim occurred Kings County.

## AS AND FOR A FIRST C AUSE OF ACTION

5. On December 21, 1990, Philip Ort and Abraham Ort, as borrowers, duly executed, acknowledged, and delivered to the Estate of Bernard Ort, as lender, a note (hereinafter referred to as the "Note").

6. The Note was in the principal amount of $499,000.00, provided for the making of monthly payments of interest only calculated at the rate of 10% per annum, and for the entire principal and all accrued interest to be due and payable on June 20, 1991.

7. On December 21, 1990, at the time the borrowers gave the Note, Philip Ort and Abraham Ort were the owners of that certain piece or parcel of real property (hereinafter referred to as the "Property") located at 1673-1683 East 16th Street, Brooklyn,

New York 11229, which property is also known by its Kings County tax map designation as Block: 6779, Lot: 50, and by its metes and bounds description as follows:

> ALL that certain plot, piece or parcel of land situate, lying and being in the Borough of and County of Kings, City and State of New York, bounded and described as follows:
>
> BEGINNING at a point which is the corner formed by the intersection of the northerly side of Quentin Road (formerly Avenue Q) and the easterly side of East 16th Street;
>
> RUNNING THENCE, northerly, along the easterly side of East 16th Street, a distance of 100 feet to apoint;
>
> THENCE easterly, parallel with Quentin Road (formerly Avenue Q), a distance of 46 feet 2 inches to a point;
>
> THENCE southerly, parallel with East 16th Street, a distance of 100 feet to the northerly side of Quentin Road (formerly Avenue Q);
>
> THENCE westerly along the northerly side of Quentin Road (formerly Avenue Q), 46 feet 2 inches to the point or place of BEGINNING.

8. For the purpose of securing payment of the Note and the indebtedness which it evidenced, the borrowers, on the same date, executed, acknowledged, and delivered to the lender, as mortgagee, a certain mortgage (hereinafter referred to as the "Mortgage"), whereby the borrowers mortgaged the Property as security for payment of the Note.

9. Upon information and belief, the Property is used for commercial purposes and consists of retail stores on the first floor and office space on the second floor.

10. By agreement dated June 20, 1991, entered into between Philip Ort and Abraham Ort as executors of the Estate of Bernard Ort, being the holders of the Mortgage, and Philip Ort and Abraham Ort, being the owners of the Property, the outstanding principal balance was modified to $399,000 and the repayment terms were modified so as to provide for monthly payments of interest only at the reduced rate of 8.13 percent per annum for a period of fifteen

years at which point all unpaid interest and the entire principal balance was to be due and payable.

11. The Note and Mortgage were assigned by assignment dated June 20, 1991, by Philip Ort and Abraham Ort, as executors of the Estate of Bernard Ort, to Philip Ort and Abraham Ort and their successor in trust, as Trustees of The Bernard Ort Revocable Trust, under agreement dated February 22, 1990.

12. The Note and Mortgage were further assigned by assignment dated June 20, 1991 by Philip Ort and Abraham Ort and their successor in trust, as trustees of The Bernard Ort Revocable Trust, to Regina Ort.

13. The Note and Mortgage were further assigned by assignment dated June 20, 1991 by Regina Ort to Philip Ort and Abraham Ort and their successor in trust as trustees of The Regina Ort Revocable Trust.

14. By extension agreement dated April 23, 1993, entered into between Philip Ort and Abraham Ort and their successor in trust as trustees of The Regina Ort Revocable Trust, being the holders of the Mortgage, and Philip Ort and Abraham Ort, being the owners of the Property, the outstanding principal balance was modified to $374,000 and the repayment terms were modified so as to provide for monthly payments of interest only calculated at the reduced rate of 6.34 percent per annum continuing to March 31, 2023 at which point all unpaid interest and the entire principal balance is to be due and payable.

15. The Note and Mortgage were further assigned by assignment dated January 5, 2019 by Abraham Ort, as trustee of the Regina Ort Revocable Trust, to the Plaintiff, The Fellowship for Advanced Comprehensive Talmudics, Inc.

16. The Plaintiff is the owner and holder of the Note and the Mortgage.

17. The monthly payments required to be paid under the Note and Mortgage, as modified and extended, have not been made since April 23, 1993.

18. By reason of the above, the Plaintiff hereby accelerates the amounts due under the Note, Mortgage and extension agreements and declares the entire amount due.

19. The following amounts that are now due and owing on the Note, Mortgage, and extension agreements as of July 1, 2019, no part of which has been paid, although duly demanded, are as follows:

Outstanding Principal Balance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $374,000.00

Interest due from April 23, 1993 through April 23, 2019
 at the rate of 6.34% per annum. . . . . . . . . . . . . . . . . . . . . . . . . . . . .$616,501.00

Total amount due as of April 23, 2019. . . . . . . . . . . . . . . . . . . . . . .$990,501.00

20. Defendant, East 16th St. Realty, LLC, the present owner of the Property, at the time it acquired the Property, had or should have had actual, constructive, and/or inquiry notice of the Mortgage sought to be foreclosed herein.

21. Signature Bank is named as a Defendant in this action by virtue of it holding a mortgage on the Property.

22. The mortgage held by Signature Bank was given to it after the giving of the Mortgage sought to be foreclosed herein.

23. At the time of the giving to Signature Bank of the mortgage held by it, Signature Bank had or should have had actual, constructive, and/or inquiry notice of the Mortgage sought to be foreclosed herein.

24. New York State Department of Taxation and Finance is named as a Defendant in this action because it appears to hold several judgments against Defendant, East 16th Street Realty LLC, and against a prior owner, East 16th Street Corp., which judgments are subordinate to the Mortgage. A copy of the judgments is attached to this complaint.

25. Upon information and belief, Defendants "John Doe #1" through "John Doe #10" is, are, or may be occupants of the Property being foreclosed or may be persons, corporations, or entities who claim or may claim a lien or other interest in the Property.

26. By reason of the above, the foreclosure of the Mortgage in this action seeks to sell the Property at a judicial foreclosure auction and sale and to extinguish the mortgage held by Signature Bank on the Property, any judgments which may be held by New York State Department of Taxation and Finance, and any interest of tenants, occupants, or other holders of a claimed interest in the Property.

27. Upon information and belief, no Defendant is an infant, nor been judicially declared impaired or incompetent, nor has a guardian ad-litem been appointed for any of the Defendants.

28. No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of the Mortgage or for the recovery of said sum secured by the Mortgage or any part thereof.

29. The Plaintiff requests that, in the event that this action will proceed to Judgment of Foreclosure and Sale, the Property should be sold subject to the following:

    (a) Any state of facts that an inspection of the Property would disclose;
    (b) Any state of facts that an accurate survey of the Property would show;

(c) Covenants, restrictions, reservations, easements, agreements of record, and/or public utility agreements of record, if any, and to any violation thereof;

(d) Building restrictions and zoning ordinances of the town or municipality in which the Property is located and possible violations of same;

(e) Any right of tenants or persons in possession of the Property and all other existing tenancies, except for such tenants as are party Defendants to this action, and to a conditional bill of sale, security agreements and financial statements filed in connection with the Property, if any, but only to the extent that any of the foregoing are not barred or foreclosed by this action;

(f) Any other prior mortgages of record, prior liens of record, and any liens of record prior to the date the Mortgage herein became a lien of record;

(g) Any other mortgages, liens, or other encumbrances which are determined by the court to have priority over the Mortgage sought to be foreclosed herein; and

(h) Any equity of redemption of the United States of America to redeem the premises within 120 days from the date of sale.

30. The Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinbefore made by reason of any payment after the commencement of this action, of any or all of the defaults mentioned herein, and such election shall continue and remain in effect.

## AS AND FOR A SECOND CAUSE OF ACTION

31. Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32. In an affidavit submitted in this action by Amy O. Perlowitz, claiming to be a member of 10 O.K., L.P., Amy O. Perlowitz represented that a purported assignment of mortgage, dated January 1, 1997, from Philip and Abraham Ort as trustees of the Regina Ort Revocable Trust to 10 O.K. L.P., assigned a fifty percent interest in the Note and Mortgage so that the Plaintiff, The Fellowship, is at most the holder of a fifty percent interest in the Note and

Mortgage.

33. In addition, Amy O. Perlowitz, also represented that Defendant, 10 O.K., L.P., does not consent to acceleration of the loan and the foreclosure of the Note and Mortgage.

34. Defendant, 10 O.K., L.P., does not have any interest in the Note and Mortgage.

35. The purported assignment referred to by Amy O. Perlowitz was never signed by Abraham Ort, one of the trustees of the Regina Ort Revocable Trust.

36. Abraham Ort, as trustee of the Regina Ort Revocable Trust, never consented or otherwise authorized the assignment of a fifty percent interest in the Note and Mortgage to Defendant, 10 O.K., L.P.

37. To the extent the signature of Abraham Ort appears on the purported assignment, it is fraudulent as Abraham Ort never signed the purported assignment.

38. The signature of Philip Ort, one of the two trustees of the Regina Ort Revocable Trust, on the purported assignment by itself without the signature/consent of the other trustee, Abraham Ort, is invalid to convey an interest on behalf of the Regina Ort Revocable Trust as a transfer of this type requires the consent of all the trustees.

39. The purported assignment to Defendant, 10 O.K., L.P. is fraudulent, void, a nullity, and of no force and effect whatsoever.

40. Defendant, 10 O.K., L.P., is not named as a co-Plaintiff in this action because Defendant, 10 O.K., L.P. has objected to this foreclosure and, in accordance with Appellate Division, Second Department's decision in <u>Rosen v. 124 State St. Corp.</u>, 141 A.D.2d 812 (2d Dep't 1988), is being named as a Defendant to extinguish its claims, if any, to an interest in the Note and Mortgage being foreclosed herein.

41. By reason of the above, it is respectfully requested that the Court declare the purported assignment to 10 O.K., L.P. to be declared void and of no force and effect so that Plaintiff, The Fellowship, is the one hundred percent owner of the Note and Mortgage being foreclosed herein.

42. In the alternative, Defendant, 10 O.K., L.P., even if it has an interest in the Note and Mortgage, is being named as a Defendant because it has not consented to the acceleration of the loan or the prosecution of this mortgage foreclosure action.

43. In the alternative, it is respectfully requested that the Mortgage be foreclosed notwithstanding that Defendant, 10 O.K., L.P., has not consented to the acceleration of the loan and the prosecution of this mortgage foreclosure action.

**WHEREFORE**, the Plaintiff demands judgment as follows:

A. On the first cause of action that the Defendants and each of them and all persons claiming under them or any of them, claiming upon liens docketed as well as all persons, parties, or entities making claims subsequent to the commencement of this action and the filing of a notice of pendency thereof, be barred and foreclosed of and from all estate, right, title, interest, claim, lien and equity of redemption, of, in, and to, the Property and each and every part and parcel thereof; that the Property, upon the payment of the required mortgage tax pursuant to NYS Tax Law §258-a or other applicable laws or regulations, may be decreed to be sold, according to law, that, in "as is" physical order and condition, subject to the items set forth in the first cause of action; that the monies arising from the sale thereof be brought into court; that the Plaintiffs be paid the amount due on the Note, Mortgage, and extension agreements as hereinbefore set forth, with interest and late charges and the expenses of such sale to the time of such payment, and together with any sums incurred by Plaintiff pursuant to any terms or provisions of the Note, Mortgage, and extensions agreements set forth in this complaint to protect the lien of the Plaintiff's Mortgage, together with interest upon said sums from the date of the respective payment and advances thereof, so far as the amount of such monies properly applicable thereto will pay the same; that this court forthwith appoint a receiver of the rent and profits of the Property, during the pendency of this action with the usual powers and duties; and in the event the Plaintiff possesses any other liens against the Property either by way of judgment, junior mortgage or otherwise, Plaintiff request that such other liens shall not be merged into Plaintiff's cause of action set forth in this complaint but that Plaintiff shall be permitted to enforce said other liens and/or seek

    determination of priority thereof in any disputed actions or proceedings, including, without limitation, any surplus money proceeding;

B. On the second cause of action that the Court declare that the purported assignment from Philip and Abraham Ort as trustees of the Regina Ort Revocable Trust dated January 1, 1997 to 10 O.K., L.P., be declared void and of no force and effect and that Plaintiff, The Fellowship, is the one hundred percent owner of the Note and Mortgage being foreclosed herein or, in the alternative, that the Court declare that the Plaintiff is entitled to foreclose the Mortgage notwithstanding that Defendant, 10 O.K., L.P., has not consented to the acceleration of the loan and the prosecution of this mortgage foreclosure action; and

C. That the Plaintiff be awarded judgment for the costs and disbursements of this action, together with all allowances allowed by law, and that the Plaintiff have such other and further relief, as may be just, proper, and equitable.

Dated: Lawrence, New York
November 19, 2020

                                 **THE ROSENFELD LAW OFFICE**

                                 By: *Avinoam Rosenfeld*
                                 Avinoam Y. Rosenfeld
                                 Attorney for Plaintiff
                                 156 Harborview South
                                 Lawrence, New York 11559
                                 Phone: (516) 547-1717
                                 Email: aviyrosenfeld@aol.com