**EXHIBIT E**

Case 1:23-cv-06008-RPK-TAM   Document 1-5   Filed 08/09/23   Page 2 of 147 PageID #: 28



B199— Summons without notice, Supreme Court.
personal or substituted service. 12 pt. type, 4-94

© 1993 JULIUS BLUMBERG, INC.,
PUBLISHER, NYC 10013

# Supreme Court of the State of New York
## County of KINGS

THE FELLOWSHIP FOR ADVANCED COMPREHENSIVE

TALMUDICS, INC. Plaintiff, - against -

EAST 16TH ST. REALTY, LLC, SIGNATURE BANK,

NEW YORK STATE DEPARTMENT OF TAXATION

AND FINANCE, and "JOHN DOE #1"

through "JOHN DOE #10",

the last ten names being fictitious and unknown to Plaintiff,

the person or parties intended being the persons

or parties, if any, having or claiming an interest in or lien upon

the mortgaged property described in the complaint, *Defendant(s)*

Index No.

Date purchased 07/30/2019

Plaintiff(s) designate(s)
KINGS
County as the place of trial.

The basis of the venue is

Location of real property

## Summons

Plaintiff(s) reside(s) at

County of

To the above named Defendant(s)

**You are hereby summoned** to answer the complaint in this action and to serve a copy of

your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's

Attorney(s) within   20    days after the service of this summons, exclusive of the day of service (or within 30

days after the service is complete if this summons is not personally delivered to you within the State of New

York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief

demanded in the complaint.

Dated,  07/30/2019

Attorney(s) for Plaintiff

Office and Post Office Address

Defendant's address:

SUSLOVICH & KLEIN LLP

Attorneys for Plaintiff

1507 Avenue M

Brooklyn, New York 11230

Phone: (718) 382-5700

By: _____

Mark M. Kranz, Esq.

Case 1:23-cv-06008-RPK-TAM  Document 1-5  Filed 08/09/23  Page 3 of 147 PageID #: 29

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------x
THE FELLOWSHIP FOR ADVANCED COMPREHENSIVE
TALMUDICS, INC.,

                                  Plaintiff,

          -against-

EAST 16TH ST. REALTY, LLC, SIGNATURE
BANK, NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE, and "JOHN DOE #1"
through "JOHN DOE #10",

the last ten names being fictitious and
unknown to Plaintiff, the person or
parties intended being the persons or
parties, if any, having or claiming an
interest in or lien upon the mortgaged
property described in the complaint,

                            Defendants.
-------------------------------------------x

**INDEX NO.**       **/2019**

**COMMERCIAL**
**FORECLOSURE COMPLAINT**

Mortgaged property:
1673-1683 East 16th St.
Brooklyn, New York
Block: 6779, Lot: 50

        Plaintiff, by its attorneys, Suslovich & Klein LLP,

alleges for its complaint the following.

        1.   Plaintiff, The Fellowship For Advanced

Comprehensive Talmudics Inc., is a corporation duly formed and

existing under the laws of the State of Florida.

        2.   Upon information and belief, Defendant, East

16th St. Realty, LLC, is a limited liability company duly

formed and existing under the laws of the State of New York.

        3.   Upon information and belief, Defendant, East

Case 1:23-cv-06008-RPK-TAM   Document 1-5   Filed 08/09/23   Page 4 of 147 PageID #: 30

16th St. Realty, LLC, is the present owner of real property located at 1673-1683 East 16th Street, Brooklyn, New York 11229.

4.    On December 21, 1990, Philip Ort and Abraham Ort, as borrowers, duly executed, acknowledged, and delivered to the Estate of Bernard Ort, as lender, a note (hereinafter referred to as the "Note")

5.    The Note was in the principal amount of $499,000.00, provided for the making of monthly payments of interest only calculated at the rate of 10% per annum, and for the entire principal and all accrued interest to be due and payble on June 20, 1991.

6.    On December 21, 1990, at the time the borrowers gave the Note, Philip Ort and Abraham Ort were the owners of that certain piece or parcel of real property (hereinafter referred to as the "Property") located at 1673-1683 East 16th Street, Brooklyn, New York 11229, which property is also known by its Kings County tax map designation as Block: 6779, Lot: 50, and by its metes and bounds description as follows:

> ALL that certain plot, piece or parcel of land situate, lying and being in the Borough of and County of Kings, City and State of New York, bounded and described as follows:

- 2 -

BEGINNING at a point which is the corner formed by the intersection of the northerly side of Quentin Road (formerly Avenue Q) and the easterly side of East 16th Street;

RUNNING THENCE, northerly, along the easterly side of East 16th Street, a distance of 100 feet to a point;

THENCE easterly, parallel with Quentin Road (formerly Avenue Q), a distance of 46 feet 2 inches to a point;

THENCE southerly, parallel with East 16th Street, a distance of 100 feet to the northerly side of Quentin Road (formerly Avenue Q);

THENCE westerly along the northerly side of Quentin Road (formerly Avenue Q), 46 feet 2 inches to the point or place of BEGINNING.

7.    For the purpose of securing payment of the Note and the indebtedness which it evidenced, the borrowers, on the same date, executed, acknowledged, and delivered to the lender, as mortgagee, a certain mortgage (hereinafter referred to as the "Mortgage"), whereby the borrowers mortgaged the Property as security for payment of the Note.

8.    Upon information and belief, the Property is used for commercial purposes and consists of retail stores on the first floor and office space on the second floor.

9.    By agreement dated June 20, 1991, entered into between Philip Ort and Abraham Ort as executors of the Estate of Bernard Ort, being the holders of the Mortgage, and Philip

Ort and Abraham Ort, being the owners of the Property, the outstanding principal balance was modified to $399,000 and the repayment terms were modified so as to provide for monthly payments of interest only at the reduced rate of 8.13 percent per annum for a period of fifteen years at which point all unpaid interest and the entire principal balance was to be due and payable.

10. The Note and Mortgage were assigned by assignment dated June 20, 1991, by Philip Ort and Abraham Ort, as executors of the Estate of Bernard Ort, to Philip Ort and Abraham Ort and their successor in trust, as Trustees of The Bernard Ort Revocable Trust, under agreement dated February 22, 1990.

11. The Note and Mortgage were further assigned by assignment dated June 20, 1991 by Philip Ort and Abraham Ort and their successor in trust, as trustees of The Bernard Ort Revocable Trust, to Regina Ort.

12. The Note and Mortgage were further assigned by assignment dated June 20, 1991 by Regina Ort to Philip Ort and Abraham Ort and their successor in trust as trustees of The Regina Ort Revocable Trust.

13. By extension agreement dated April 23, 1993,

- 4 -

Case 1:23-cv-06008-RPK-TAM Document 1-5 Filed 08/09/23 Page 7 of 147 PageID #: 33

entered into between Philip Ort and Abraham Ort and their successor in trust as trustees of The Regina Ort Revocable Trust, being the holders of the Mortgage, and Philip Ort and Abraham Ort, being the owners of the Property, the outstanding principal balance was modified to $374,000 and the repayment terms were modified so as to provide for monthly payments of interest only calculated at the reduced rate of 6.34 percent per annum continuing to March 31, 2023 at which point all unpaid interest and the entire principal balance is to be due and payable.

14.  The Note and Mortgage were further assigned by assignment dated January 5, 2019 by Abraham Ort, as trustee of the Regina Ort Revocable Trust, to the Plaintiff, The Fellowship for Advanced Comprehensive Talmudics, Inc.

15.  The Plaintiff is the owner and holder of the Note and the Mortgage.

16.  The monthly payments required to be paid under the Note and Mortgage, as modified and extended, have not been made since April 23, 1993.

17.  By reason of the above, the Plaintiff hereby accelerates the amounts due under the Note, Mortgage and extension agreements and declares the entire amount due.

- 5 -

Case 1:23-cv-06008-RPK-TAM   Document 1-5   Filed 08/09/23   Page 8 of 147 PageID #: 34

18.   The following amounts that are now due and owing on the Note, Mortgage, and extension agreements as of July 1, 2019, no part of which has been paid, although duly demanded, is as follows:

Outstanding Principal Balance.............$374,000.00

Interest due from April 23, 1993
through April 23, 2019 at the rate
of 6.34% per annum.......................$616,501.00

Total amount due
as of April 23, 2019.....................$990,501.00

19.   Defendant, East 16th St. Realty, LLC, the present owner of the Property, at the time it acquired the Property, had or should have had actual, contstructive, and/or inquiry notice of the Mortgage sought to be foreclosed herein.

20.   Signature Bank is named as a Defendant in this action by virtue of it holding a mortgage on the Property.

21.   The mortgage held by Signature Bank was given to it after the giving of the Mortgage sought to be foreclosed herein.

22.   At the time of the giving to Signature Bank of the mortgage held by it, Signature Bank had or should have had actual, contstrucive, and/or inquiry notice of the Mortgage sought to be foreclosed herein.

- 6 -

Case 1:23-cv-06008-RPK-TAM Document 1-5 Filed 08/09/23 Page 9 of 147 PageID #: 35

23. New York State Department of Taxation and Finance is named as a Defendant in this action because it appears to hold several judgments against Defendant, East 16th Street Realty LLC, and against a prior owner, East 16th Street Corp., which judgments are subordinate to the Mortgage. A copy of the judgments are attached to this complaint.

24. Upon information and belief, Defendants "John Doe #1" through "John Doe #10" is, are, or may be occupants of the Property being foreclosed or may be persons, corporations, or entities who claim or may claim a lien or other interest in the Property.

25. By reason of the above, the foreclosure of the Mortgage in this action seeks to sell the Property at a judicial foreclosure auction and sale and to extinguish the mortgage held by Signature Bank on the Property, any judgments which may be held by New York State Department of Taxation and Finance, and any interest of tenants, occpuants, or other holders of a claimed interest in the Property.

26. Upon information and belief, no Defendant is an infant, nor been judicially declared impaired or incompetent, nor has a guardian ad-litem been appointed for any of the Defendants.

- 7 -

Case 1:23-cv-06008-RPK-TAM   Document 1-5   Filed 08/09/23   Page 10 of 147 PageID #: 36

27. No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of the Mortgage or for the recovery of said sum secured by the Mortgage or any part thereof.

28. The Plaintiff requests that, in the event that this action will proceed to Judgment of Foreclosure and Sale, the Property should be sold subject to the following:

(a) Any state of facts that an inspection of the Property would disclose;

(b) Any state of facts that an accurate survey of the Property would show;

(c) Covenants, restrictions, reservations, easements, agreements of record, and/or public utility agreements of record, if any, and to any violation thereof;

(d) Building restrictions and zoning ordinances of the town or municipality in which the Property is located and possible violations of same;

(e) Any right of tenants or persons in possession of the Property and all other existing tenancies, except for such tenants as are party Defendants to this action, and to a conditional bill of sale, security agreements and financial statements filed in connection with the Property, if any, but only to the extent that any of the foregoing are not barred or foreclosed by this action;

(f) Any other prior mortgages of record, prior liens of record, and any liens of record prior to the date the Mortgage herein became a lien of record;

(g) Any other mortgages, liens, or other encumbrances which are determined by the court to have priority over the Mortgage sought to be foreclosed herein; and

(h) Any equity of redemption of the United States of America

- 8 -

Case 1:23-cv-06008-RPK-TAM   Document 1-5   Filed 08/09/23   Page 11 of 147 PageID #: 37

to redeem the premises within 120 days from the date of sale.

29.  The Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinbefore made by reason of any payment after the commencement of this action, of any or all of the defaults mentioned herein, and such election shall continue and remain in effect.

**WHEREFORE**, the Plaintiffs demands judgment as follows:

(i)      that the Defendants and each of them and all persons claiming under them or any of them, claiming upon liens docketed as well as all persons, parties, or entities making claims subsequent to the commencement of this action and the filing of a notice of pendency thereof, be barred and foreclosed of and from all estate, right, title, interest, claim, lien and equity of redemption, of, in, and to, the Property and each and every part and parcel thereof; that the Property, upon the payment of the required mortgage tax pursuant to NYS Tax Law §258-a or other applicable laws or regulations, may be decreed to be sold, according to law, that, in "as is" physical order and condition, subject to the items set forth in the first cause of action; that the monies arising from the sale thereof be brought into court; that the Plaintiffs be paid the amount due on the Note, Mortgage, and extension agreements as hereinbefore set forth, with interest and late charges and the expenses of such sale to the time of such payment, and together with any sums incurred by Plaintiff pursuant to any terms or provisions of the Note, Mortgage, and extensions agreements set forth in this complaint to protect the lien of the Plaintiff's Mortgage, together with interest upon said sums from the date of the respective payment

- 9 -

Case 1:23-cv-06008-RPK-TAM   Document 1-5   Filed 08/09/23   Page 12 of 147 PageID #: 38

and advances thereof, so far as the amount of such
monies properly applicable thereto will pay the
same; that this court forthwith appoint a receiver
of the rent and profits of the Property, during the
pendency of this action with the usual powers and
duties; and in the event the Plaintiff possesses any
other liens against the Property either by way of
judgment, junior mortgage or otherwise, Plaintiff
request that such other liens shall not be merged
into Plaintiff's cause of action set forth in this
complaint but that Plaintiff shall be permitted to
enforce said other liens and/or seek determination
of priority thereof in any disputed actions or
proceedings, including, without limitation, any
surplus money proceeding;

(ii)      that the Plaintiff be awarded judgment for the costs
and disbursements of this action, together with all
allowances allowed by law, and that the Plaintiff
have such other and further relief, as may be just,
proper, and equitable.


Dated:   July 30, 2019


                          SUSLOVICH & KLEIN LLP
                          Attorneys for Plaintiff,
                          The Felowship for Advanced
                          Comprehensive Talmudics, Inc.
                          1507 Avenue M
                          Brooklyn, NY  11230
                          Phone: (718) 382-5700

                          By:_____
                            Mark M. Kranz, Esq.


- 10 -

Case 1:23-cv-06008-RPK-TAM  Document 1-5  Filed 08/09/23  Page 13 of 147 PageID #: 39



T. 516.663.0600  F. 657.205.3795  E. All.NY.Customer.Service@datatracetitle.com

## LIENS VS NAMES

## JUDGMENTS (JUD) FOR EAST 16TH ST. REALTY LLC:

**- NY STATE TAX WARRANT    CONTROL #:003270173 01    DATE:4/15/2014**

| EFFECTIVE DATE:4/12/2014 | COURT: |
|---|---|
| COUNTY:KINGS | INDEX #: E040130529 |
| TOTAL DEBTORS: 01 | |
| **DEBTOR/CORPORATION** | **CREDITOR** |
| NAME:EAST 16TH STREET REALTY, LLC | NAME:NY STATE DEP'T OF TAXATION AND FINANCE |
| ADDRESS:1901 KINGS HWY BROOKLYN NY 11229 | ADDRESS: |
| **CREDITOR ATTORNEY** | **SATISFACTION DATA** |
| NAME: | TYPE: |
| ADDRESS: | DATE: |
| AMOUNT:$2,603.81 | SHERIFF'S EXECUTION: |
| **DATE      REMARKS** | |

**- NY CITY TAX WARRANT    CONTROL #:002718772 01    DATE:3/23/2010**

| EFFECTIVE DATE:3/10/2010 | COURT: |
|---|---|
| COUNTY:KINGS | INDEX #: S000001281 |
| TOTAL DEBTORS: 01 | |
| **DEBTOR/CORPORATION** | **CREDITOR** |
| NAME:EAST 16TH ST CORP | NAME:NYC DEPARTMENT OF FINANCE |
| ADDRESS:618 E 16TH ST BROOKLYN NY 11226 | ADDRESS:59 MAIDEN LANE NEW YORK NY 10038 |
| **CREDITOR ATTORNEY** | **SATISFACTION DATA** |
| NAME:NYC, DIRECTOR OF | TYPE: |
| ADDRESS:59 MAIDEN LANE 28 FL. NEW YORK NY 10038 | DATE: |
| AMOUNT:$441.42 | SHERIFF'S EXECUTION: |
| **DATE      REMARKS** | |
| 20100323      WARRANT # S0000012813120 | |

**- NY STATE TAX WARRANT    CONTROL #:002793764 01    DATE:11/9/2010**

| EFFECTIVE DATE:11/6/2010 | COURT: |
|---|---|
| COUNTY:KINGS | INDEX #: E028681046 |
| TOTAL DEBTORS: 01 | |
| **DEBTOR/CORPORATION** | **CREDITOR** |
| NAME:EAST 16TH ST CORP | NAME:NY STATE DEP'T OF TAXATION AND FINANCE |
| ADDRESS:618 E 16TH ST BROOKLYN NY 11226 | ADDRESS: |
| **CREDITOR ATTORNEY** | **SATISFACTION DATA** |
| NAME: | TYPE: |
| ADDRESS: | DATE: |
| AMOUNT:$557.15 | SHERIFF'S EXECUTION: |
| **DATE      REMARKS** | |

**- NY STATE TAX WARRANT    CONTROL #:003411915 01    DATE:7/14/2015**

| EFFECTIVE DATE:7/11/2015 | COURT: |
|---|---|
| COUNTY:KINGS | INDEX #: E028681046 |
| TOTAL DEBTORS: 01 | |
| **DEBTOR/CORPORATION** | **CREDITOR** |
| NAME:EAST 16TH STREET CORP | NAME:NY STATE DEP'T OF TAXATION AND FINANCE |
| ADDRESS:618 E 16TH ST BROOKLYN NY 11226 | ADDRESS: |

Case 1:23-cv-06008-RPK-TAM   Document 1-5   Filed 08/09/23   Page 14 of 147 PageID #: 40

# DataTrace®

T. 516.663.0600  F. 657.205.3795  E. All.NY.Customer.Service@datatracetitle.com

| CREDITOR ATTORNEY | SATISFACTION DATA |
|---|---|
| NAME: | TYPE: |
| ADDRESS: | DATE: |
| AMOUNT: $1,535.35 | SHERIFF'S EXECUTION: |

| DATE | REMARKS |
|---|---|

---

**- NY STATE TAX WARRANT      CONTROL #: 003754013 01      DATE: 5/31/2018**

**EFFECTIVE DATE:** 5/29/2018                          **COURT:**
**COUNTY:** KINGS                                   · **INDEX #:** E028681046
**TOTAL DEBTORS:** 01

| DEBTOR/CORPORATION | CREDITOR |
|---|---|
| NAME: EAST 16TH STREET CORP | NAME: NY STATE DEP'T OF TAXATION AND FINANCE |
| ADDRESS: 618 E 16TH ST BROOKLYN NY 11226 | ADDRESS: W A HARRIMAN CAMPUS ALBANY NY 12227 |

| CREDITOR ATTORNEY | SATISFACTION DATA |
|---|---|
| NAME: | TYPE: |
| ADDRESS: | DATE: |
| AMOUNT: $187.03 | SHERIFF'S EXECUTION: |

| DATE | REMARKS |
|---|---|

---

Case 1:23-cv-06008-RPK-TAM Document 1-5 Filed 08/09/23 Page 15 of 147 PageID #: 41

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

------------------------------------------------------------------------X

THE FELLOWSHIP FOR ADVANCED ,
COMPREHENSIVE TALMUDICS, INC.,

         Plaintiff,

    -against-

EAST 16TH ST. REALTY, LLC, SIGNATURE BANK,
NEW YORK STATE DEPARTMENT OF TAXATION
AND FINANCE, and "JOHN DOE #1" through "JOHN DOE
#10," and last ten names being fictious and unknown to
Plaintiff, the person or parties intended being the persons or
parties, if any, having or claiming an interest in or lien upon the
mortgaged property described in the complaint,

         Defendants.

------------------------------------------------------------------------X

Index No.  516690/2019

**STIPULATION**

    WHEREAS, Plaintiff has commenced the above-entitled action with the filing of a Summons and Complaint on July 30, 2019, and

    NOW, the undersigned Plaintiffs, through their attorneys Suslovich and Klein, LLP, by Mark M. Kranz, Esq., and Defendant, EAST 16TH ST. REALTY, LLC. (ADefendant@) through its attorneys Snitow Kaminetsky Rosner & Snitow, LLP, by Franklyn H. Snitow, Esq. and Gary S. Snitow, Esq., hereby agree as follows:

    1.  Defendant's time to answer or otherwise respond to the Complaint is hereby extended, to and including, September 24, 2019.

    2.  Defendants waive any jurisdictional defenses based solely on service of process, but preserve all other jurisdictional and substantive defenses, whether by way of answer or motion.

Case 1:23-cv-06008-RPK-TAM   Document 1-5   Filed 08/09/23   Page 16 of 147 PageID #: 42

3. A facsimile copy of this Stipulation may be executed in multiple copies. A facsimile signature is agreed by all parties to be as valid as an original signature.

Dated: August 26, 2019
New York, New York

SUSLOVICH & KLEIN, LLP

By:_____
Mark M. Kranz, Esq.
1507 Avenue M
Brooklyn, New York 11230
(718) 382-5700
*Attorneys for Plaintiff*

SNITOW KAMINETSKY
ROSNER & SNITOW, LLP

By:_____
Gary S. Snitow, Esq.
805 Third Avenue, 12th Floor
New York, New York 10022
(212) 317-8500
*Attorneys for Defendant*
*East 16th St. Realty, LLC*

Case 1:23-cv-06008-RPK-TAM   Document 1-5   Filed 08/09/23   Page 17 of 147 PageID #: 43

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X   Index No. 516690/2019
THE FELLOWSHIP FOR ADVANCED
COMPREHENSIVE TALMUDICS, INC.,

                                        Plaintiff,

                                                                **STIPULATION OF**
              - against -                                       **ADJOURNMENT**

EAST 16TH ST. REALTY, LLC, SIGNATURE BANK,
NEW YORK STATE DEPARTMENT OF TAXATION
AND FINANCE, and "JOHN DOE #1" through "JOHN
DOE #10",
the last ten names being fictitious and unknown to Plaintiff,
the person or parties intended being the persons or parties,
if any, having or claiming an interest in or lien upon the
mortgaged property described in the complaint;

                                        Defendants.
-------------------------------------------------------------------X

        IT IS HEREBY STIPULATED AND AGREED by and between the undersigned counsel,

that Defendant, SIGNATURE BANK'S, time to respond to the Complaint, is hereby extended

until September 27, 2019; and

        IT IS FURTHER HEREBY STIPULATED AND AGREED by and between the

undersigned that SIGNATURE BANK hereby waives any and all personal jurisdictional defenses

in this action; and

        IT IS FURTHER HEREBY STIPULATED AND AGREED by and between the

undersigned that a facsimile or emailed signature on this stipulation shall be accepted as an

original.

Dated: New York, New York
       August 19, 2019

                                        Page 1

Case 1:23-cv-06008-RPK-TAM   Document 1-5   Filed 08/09/23   Page 18 of 147 PageID #: 44

SUSLOVICH & KLEIN LLP

By: _____
             Mark M. Kranz, Esq.
1507 Avenue M
Brooklyn, New York 11230
(718) 382-5700
E-mail: Mark@Suslovichklein.com
*Counsel for Plaintiff*

FIDELITY NATIONAL LAW GROUP

By:  /s/ David J. Wolkenstein
          David J. Wolkenstein, Esq.
350 Fifth Avenue, Suite 3000
New York, New York 10118
Tel: (646) 708-8085
E-Mail: David.Wolkenstein@fnf.com
*Counsel for Defendant, Signature Bank*

Page 2

Case 1:23-cv-06008-RPK-TAM   Document 1-5   Filed 08/09/23   Page 19 of 147 PageID #: 45

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------ X
THE FELLOWSHIP FOR ADVANCED
COMPREHENSIVE TALMUDICS, INC.,

                Plaintiff,

       - against -

EAST 16TH ST. REALTY, LLC, SIGNATURE
BANK, NEW YORK STATE DEPARTMENT
OF TAXATION AND FINANCE, and "JOHN DOE
#1" through "JOHN DOE #10," and last ten names
being fictitious and unknown to Plaintiff, the person
or parties intended being the persons or parties, if any,
having or claiming an interest in or lien upon the
mortgaged property described in the complaint,

                Defendants.
------------------------------------------------------------ X

Index No. 516690/2019

**STIPULATION**

       WHEREAS, Plaintiff has commenced the above-entitled action with the filing of a

Summons and Complaint on July 30, 2019, and

       NOW, the undersigned Plaintiffs, through their attorneys Suslovich and Klein, LLP, by

Mark M. Kranz, Esq., and Defendant, EAST 16TH ST. REALTY, LLC ("Defendant") through its

attorneys Cohen Tauber Spievack & Wagner P.C., by Stephen Wagner, Esq., hereby agree as

follows:  Defendant's time to answer or otherwise respond to the Complaint is hereby extended

up to, and including, October 24, 2019.  Signed electronic copies of this Stipulation shall be

deemed to be original signed copies of this Stipulation.

Dated: September 19, 2019
     New York, New York
SUSLOVICH & KLEIN, LLP

By: _____
     Mark M. Kranz, Esq.
     1507 Avenue M
     Brooklyn, New York 11230
     (718) 382-5700
     *Attorneys for Plaintiff*

COHEN TAUBER SPIEVACK & WAGNER P.C.

By: _____
     Stephen Wagner, Esq.
     Caroline F. Corley, Esq.
     420 Lexington Avenue, Suite 2400
     New York, NY 10170
     (212) 586-5800
     *Attorneys for Defendant E. 16th St. Realty, LLC*

{00400155.DOCX; 1}

Case 1:23-cv-06008-RPK-TAM   Document 1-5   Filed 08/09/23   Page 20 of 147 PageID #: 46

At an IAS Part Comm. 6 of the
Supreme Court of the State of
New York, County of Kings, at
the Courthouse thereof, 360
Adams Street, Brooklyn, New York
on the 29 day of January, 2020.

**PRESENT**
**HONORABLE LAWRENCE KNIPEL, JUSTICE**
----------------------------------------x

THE FELLOWSHIP FOR ADVANCED COMPREHENSIVE    **INDEX NO. 516690/2019**
TALMUDICS, INC.,

                     Plaintiff,    **ORDER TO SHOW CAUSE TO**
                                      **BE RELIEVED AS COUNSEL**

                 -against-          COM 6

EAST 16TH ST. REALTY, LLC, SIGNATURE
BANK, NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE, and "JOHN DOE #1"
through "JOHN DOE #10",

the last ten names being fictitious and
unknown to Plaintiff, the person or
parties intended being the persons or
parties, if any, having or claiming an
interest in or lien upon the mortgaged
property described in the complaint,

                          Defendants.
----------------------------------------x

      Upon reading and filing the annexed affirmation of Mark

M. Kranz of Suslovich & Klein LLP, attorneys for Plaintiff dated

January 28, 2020, let the parties to this action show cause

before this Court at an IAS Part Comm. 6, Room 774, to be held

at the courthouse located at 360 Adams Street, Brooklyn, New

York on the 7 day of February , 2020, at 9:30 o'clock in the

forenoon of that day, or as soon thereafter as counsel can be

Case 1:23-cv-06008-RPK-TAM   Document 1-5   Filed 08/09/23   Page 21 of 147

heard, why an order should not be entered, pursuant to CPLR §321(b)(2), permitting Suslovich & Klein LLP to withdraw as counsel for Plaintiff, The Fellowship For Advanced Comprehensive Talmudics, Inc., and staying this action for a period of at least thirty days, together with granting such other and further relief as this Court deems just, proper, and equitable.

Sufficient reason appearing therefor, it is

ORDERED, that pending the hearing ~~and determination~~ of this order to show cause all proceedings in this action, other than this motion, is stayed.

Sufficient reason appearing therefor, let (i) personal service of a copy of this Order to Show Cause, together with a copy of the papers upon which it is based, upon the Plaintiff, The Fellowship For Advanced Comprehensive Talmudics, Inc., on or before the 3rd day of February, 2020, and (ii) service upon the attorneys representing the appearing Defendants by UPS overnight delivery on or before the 3rd day of February, 2020 be deemed sufficient.

ENTER:

_____
J.S.C.

Hon. Lizette Colon 1/29/20

- 2 -

Case 1:23-cv-06008-RPK-TAM   Document 1-5   Filed 08/09/23   Page 22 of 147 PageID #: 48

At an IAS Term, Part 57 of the Supreme Court
of the State of New York, held in and for the
County of Kings, at the Courthouse, at Civic
Center, Brooklyn, New York, on the 2nd day of
November 2020.

P R E S E N T:

HON. LAWRENCE KNIPEL,

                           Justice.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

THE FELLOWSHIP FOR ADVANCED COMPREHENSIVE
TALMUDICS, INC.,

                          Plaintiff,

- against -

EAST 16TH ST. REALTY, LLC, SIGNATURE BANK, NEW
YORK STATE DEPARTMENT OF TAXATION AND FINANCE,
AND "JOHN DOE #1" THROUGH "JOHN DOE #10", the last
ten names being fictitious and unknown to Plaintiff, the
person or parties intended being the persons or parties, if
any, having or claiming an interest in or lien upon the
mortgaged property described in the complaint,

                          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

DECISION & ORDER
Index No. 516690/19
Mot. Seq. No. 1, 2, & 3

The following e-filed papered read herein:

| | Papers Numbered |
|---|---|
| Notice of Motion and Affidavits (Affirmations) Annexed | 11-12; 16-17, 20; 24-26 |
| Opposing Affidavits (Affirmations)_____ | 24-26 |
| Reply Affidavits (Affirmations/Affidavits) | 48; 39; 54 |

     Upon the foregoing papers, defendant Signature Bank (Signature) moves (in motion

sequence [seq.] number [no.] 1) for an order dismissing the complaint, pursuant to CPLR

3211 (a) (5), to the extent plaintiff The Fellowship for Advanced Comprehensive Talmudics,

Case 1:23-cv-06008-RPK-TAM   Document 1-5   Filed 08/09/23   Page 23 of 147 PageID #: 49

Inc. (Fellowship) seeks recovery for installment payments due prior to July 30, 2013, thereby limiting Fellowship's claims to a maximum of $510,340.

Defendant East 16th St. Realty, LLC (E. 16th LLC) moves (in motion seq. no. 2) for an order dismissing the complaint, pursuant to CPLR 3211 (a) (1), (5), and (7).

Fellowship moves (in motion seq. no. 3) for an order, amending the complaint and adding 10 O.K. L.P. as an additional party defendant.

### *Background*

Fellowship commenced this commercial foreclosure action with the filing of a summons and complaint on July 30, 2019, seeking to foreclose a mortgage it allegedly holds on real property located at 1673-1683 East 16th Street, Brooklyn, New York (property). Specifically, Fellowship alleges that on January 5, 2019, Regina Ort Revocable Trust assigned the aforementioned mortgage and note to it, with an outstanding principle of $374,000, with interest due and owing from April 23, 1993 through April 23, 2019 in the amount of $616,501, for a total amount due of $990,501. Fellowship further alleges that E. 16th LLC is the present owner of the property, that Signature holds a mortgage encumbering the property, and that defendant New York State Department of Taxation and Finance is a judgment creditor against E. 16th LLC and against a prior owner of the property, non-party East 16th Street Corp.

Signature now moves, in motion seq. no. 1, for an order dismissing the complaint and limiting damages on statute of limitations grounds. E. 16th LLC moves, in motion seq. no.

2

2, for an order dismissing the complaint based upon statute of limitations, failure to state a claim, and documentary evidence. Fellowship moves, in motion seq. No. 3, to amend the complaint to add non-party 10 O.K. L.P. as an additional party defendant and assert additional factual allegations related thereto.

### The Parties' Positions

**Signature's Motion to Dismiss**

Signature argues portions of the complaint must be dismissed based upon the running of the statute of limitations. Specifically, Signature contends that Fellowship's claims seeking to recover installment payments due prior to July 30, 2013, must be dismissed as such claims are barred pursuant to CPLR 213 (4). Signature contends that on the face of the complaint, Fellowship affirmatively seeks to recover interest and installment payments for the period of time between April 1993 through July 2013, which are barred by the six-year statute of limitations.

In opposition, Fellowship initially highlights that Signature is not seeking dismissal of the action in totality, rather it only seeks partial dismissal, limiting potential recovery to $510,340. Fellowship also contends that a motion to dismiss is not the proper procedural vehicle to dispute the amount of interest that is due in a mortgage foreclosure action, rather such contentions must be presented to the referee to make a final determination of the amount due and owing. Additionally, Fellowship asserts that Signature, as a mortgage holder of the property, does not have standing to assert the affirmative defense of statute of limitations.

3

Case 1:23-cv-06008-RPK-TAM Document 1-5 Filed 08/09/23 Page 25 of 147 PageID #: 51

Fellowship also proffers the "affidavit" of Abraham Ort, an executor of the trusts which executed the note and mortgage.[1] Mr. Ort states that the debt remains due and owing and his intention to repay the debt. Thus, Fellowship maintains that Signature's statute of limitations argument is unavailing as the debtor reacknowledged the debt, restarting the statute of limitations. Beyond that, Fellowship asserts that various stays and restraining orders issued by numerous courts tolled portions of the statute of limitations, or otherwise made it imprudent to commence a foreclosure action. For these reasons, Fellowship maintains that no portion of the action should be dismissed.

In reply, Signature rejects Fellowship's position that the substance of the motion is premature. Signature maintains that each installment payment represents a new claim and that the court can, and often does, dismiss mortgage foreclosure claims based upon statute of limitations grounds. Further, Signature contends that as a mortgagee on the subject property, it has standing to assert the defense of statute of limitations. Similarly, Signature argues that Mr. Ort's acknowledgment of the debt does not restart the statute of limitations as against it, rather his acknowledgment only restarts the statute of limitations as to claims against him. Finally, Signature wholly rejects Fellowship's position that various court procedures tolled or stayed the running of the statute of limitations.

---

[1] Mr. Ort's affidavit is not notarized.

4

**E. 16th LLC's Motion to Dismiss**

In support of its motion, E. 16th LLC argues that the complaint must be dismissed based upon documentary evidence, statute of limitations, and failure to state a cause of action. As an initial matter, E. 16th LLC proffers a purported assignment of mortgage, dated February 3, 1997, wherein Fellowship's predecessor-in-interest (non-party Regina Ort Revocable Trust) assigned 50% of the mortgage that Fellowship purportedly holds to non-party 10 O.K. L.P. Based upon this documentary evidence, E. 16th LLC maintains that Fellowship cannot unilaterally accelerate the mortgage without the consent of the joint owner. Based upon similar grounds, E. 16th LLC contends that Fellowship's allegations of $990,501 due and owing are miscalculated, as Fellowship, at most, is owed 50% of any principal and interest payments.

E. 16th LLC also argues, based upon the same grounds as Signature, that the statute of limitations bars recovery for any installment payment due prior to July 2013. E. 16th LLC maintains that each installment payment constitutes a separate claim, as such, those claims seeking installment payments due prior to July 2013 must be dismissed.

Finally, E. 16th LLC argues that Fellowship fails to state a cause of action as the note and mortgage it seeks to accelerate and foreclose are unrecorded. In this regard, E. 16th LLC maintains New York law does not permit a mortgage to be admitted into evidence in a foreclosure action unless the recording tax has been paid. As an unrecorded mortgage necessarily has not been subject to the recording tax, E. 16th LLC argues that Fellowship

5

cannot proceed with this action. Supporting its contention, E. 16th LLC points to the complaint failing to allege the mortgage was recorded or alleging that the recording tax was paid. Thus, the action must be dismissed based upon failing to state a cause of action.

In opposition, Fellowship presents the same arguments as it did to Signature's motion, to the extent E. 16th LLC seeks dismissal upon statute of limitations grounds. Fellowship maintains that whether it is entitled to the full amount due is a matter to be determined by the appointed referee and inappropriately presented in a motion for dismiss pursuant to CPLR 3211. Beyond this, Fellowship contends that Mr. Ort's acknowledgement of the debt restarts the statute of limitations and that E. 16th LLC does not have standing to assert the defense of the running of the statute of limitations, as it is not in privity with the borrower. Additionally, Fellowship asserts various stays and restraining orders issued by numerous courts tolled the portions of the statute of limitations and made it imprudent to commence a foreclosure action.

Turning to the purported assignment of mortgage, Fellowship maintains that such documentary evidence fails to wholly refute its allegations. Even accepting the alleged assignment as true, which Fellowship contests, asserting the assignment is a fraud, it maintains it is undisputed that it still independently possesses a mortgage accounting for 50% of the note. Thus, the existence of the alleged assignment does not wholly dispute its claims.

Finally, addressing E. 16th LLC's argument seeking dismissal for failure to state a claim, Fellowship rebuts this contention arguing that its positions are misplaced. While

6

Case 1:23-cv-06008-RPK-TAM   Document 1-5   Filed 08/09/23   Page 28 of 147 PageID #: 54

Fellowship does not contest that it may not receive a judgment prior to the payment of the mortgage tax, it contends there is no precedent which prevents foreclosing an unrecorded mortgage. Further, Fellowship asserts New York tax law expressly permits late payment of the mortgage tax. As such, it maintains there is no basis to dismiss the action for failing to state a claim. Beyond this, Fellowship essentially argues that E. 16th LLC is estopped from raising these arguments as it has actual notice of the mortgage. Fellowship proffers a settlement document purportedly resolving a partition action, wherein E. 16th LLC acknowledged, among other information, the existence of E 16th LLC's mortgage. Thus, Fellowship opposes all of E. 16th LLC's positions.

In reply, E. 16th LLC posits that Fellowship failed to challenge the documentary evidence. It maintains that Fellowship's bald assertion of forgery is insufficient to rebut the purported assignment of mortgage to 10 O.K. L.P. Therefore, E. 16th LLC argues that the action must be dismissed as Fellowship does not have the capacity to unilaterally accelerate the note and foreclose the mortgage. Turning to the statute of limitations, E. 16th LLC reasserts its initial contentions that any and all interest and installment payments due prior to and through July 2013 are time-barred and Fellowship failed to demonstrate any basis to refute this. Specifically addressing Mr. Ort's statements, E. 16th LLC argues that Mr. Ort has performed no overt acts demonstrating any intention to repay the debt outstanding, thus the statute of limitations has not restarted. Concerning standing to assert the defense of statute of limitation, E. 16th LLC relies on statutory authority which provides that any party

7

with interest in a property subject to a foreclosure action may assert the defense of the running of statute of limitations. Finally, E. 16th LLC wholly rejects Fellowship's opposition to its assertions that the complaint fails to state a cause of action. E. 16th LLC again argues that an unrecorded mortgage cannot be foreclosed upon, and that failure to pay the mortgage recording tax is fatal to Fellowship's claim. Accordingly, E. 16th LLC maintains the action must be dismissed.

**Fellowship's Motion to Amend**

Fellowship moves to amend the complaint by adding non-party 10 O.K. L.P. as party defendant and inputting various factual allegations against 10 O.K. L.P. based upon its purported interest in the property. In support of its position, Fellowship proffers a proposed redlined amended complaint. Fellowship argues that amendments to the pleadings should be liberally reviewed and granted if the proposed amendments are not palpably improper and do not prejudice any party. It presents that by adding 10 O.K. L.P. as a defendant and alleging the factual allegations in the proposed amendment, which simply reflect 10 O.K. L.P.'s purported interest in the property, no party is prejudiced and such amendments are not palpably improper.

In opposition, both E. 16th LLC and Signature essentially argue that such amendment does not warrant denial of the pending motions for dismissal. Thus, the core of the defendants' opposition to Fellowship's motion to amend is that such relief is mooted by their

8

Case 1:23-cv-06008-RPK-TAM   Document 1-5   Filed 08/09/23   Page 30 of 147 PageID #: 56

entitlement to dismissal of the action.[2]

## Discussion

### Fellowship's Cross Motion to Amend

It is well settled that leave to amend pleadings "should be freely granted unless the amendment sought is palpably improper or insufficient as a matter of law, or unless prejudice and surprise directly result from the delay in seeking the amendment" (*Koenig v Action Target, Inc.*, 76 AD3d 997, 997 [2d Dept 2010] [internal quotation marks and citations omitted]; CPLR 3025 [b]). "Any motion to amend or supplement pleadings shall be accompanied by the proposed amended or supplemental pleading clearly showing the changes or additions to be made to the pleading" (CPLR 3025 [b]). Where this standard is met, that is the movant presents a proposed amended pleading which is not palpably improper, insufficient as a matter of law, nor causes prejudice or surprise, "no evidentiary showing of merit is required in a motion to amend the complaint under CPLR 3025 (b)" (*US Bank N.A. v Murillo*, 171 AD3d 984, 985-986 [2d Dept 2019], citing *Lucido v Mancuso*, 49 AD3d 220, 229 [2d Dept 2008]; *1259 Lincoln Place Corp. v Bank of N.Y.*, 159 AD3d 1004, 1006 [2d Dept 2018]).

Here, Fellowship's proposed amendment to add 10 O.K. L.P. and the factual assertions alleged in the complaint are neither palpably improper nor insufficient as a matter of law. Further, the addition of 10 O.K. L.P. as a party defendant does not cause prejudice

---

[2] In reply, Fellowship primarily reasserts its initial positions and states that defendants' opposition fails to present a basis to deny the motion.

9

to any party nor constitutes an unfair surprise (*see generally Mortgage Elec. Registration Sys., Inc. v Holmes*, 131 AD3d 680 [2d Dept 2015], *but cf. Countrywide Funding Corp. v Reynolds*, 41 AD3d 524 [2d Dept 2007]). Accordingly, Fellowship's cross motion is granted. As these amendments do not substantially alter the allegations as against Signature and E. 16th LLC, this court shall consider these defendants' motions for dismissal in context of the amended complaint.

**Signature and E. 16th LLC's Motions to Dismiss**

On a motion to dismiss pursuant to CPLR 3211 (a) (7), the Court is to afford the pleading a liberal construction (*see* CPLR 3026), accept the alleged facts as true, accord the plaintiff the benefit of every possible favorable inference, and simply determine whether the alleged facts fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). The Court of Appeals has explained that "[w]hether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (*EBC I, Inc. v Goldman, Sachs &amp; Co.*, 5 NY3d 11, 19 [2005]; *see also Harris v Barbera*, 96 AD3d 904, 906 [2d Dept 2012]). To successfully maintain a foreclosure action a plaintiff must allege it is the holder of a mortgage encumbering the property, it is the holder of an unpaid note, and the evidence of default (*see U.S. Bank N.A. v Moulton*, 179 AD3d 734, 736 [2d Dept 2020]; *Aurora Loan Servs., LLC v Vrionedes*, 167 AD3d 829, 830 [2d Dept 2018]; *Deutsche Bank Natl. Trust Co. v Brewton*, 142 AD3d 683, 684 [2d Dept 2016]).

10

Case 1:23-cv-06008-RPK-TAM   Document 1-5   Filed 08/09/23   Page 32 of 147 PageID #: 58

Accepting all factual allegations as true, Fellowship successfully pleads a cognizable cause of action for commercial foreclosure (*see* Fellowship amended complaint ¶¶ 16 - 19). E. 16th LLC's contentions concerning the mortgage recording tax are premature and ultimately do not warrant the dismissal of the foreclosure action. To enter a judgment in a foreclosure action the appropriate mortgage record tax must be paid (*see* Tax Law § 258 [1]), however, the tax can be paid subsequent to the commencement of the action but prior to entry of the judgment of foreclosure and sale (*see generally Glenville & 110 Corp. v Tortora*, 122 AD2d 107, 109 [2d Dept 1986] [wherein plaintiff paid the mortgage tax on the increased indebtedness *after* the referee conducted the hearing]; *see also Bank of N.Y. Mellon v Samuels*, 55 Misc.3d 704, 706 [ Sup Ct, Orange County 2017, Vazquez-Doles, J.] "failure to pay the mortgage tax is not a bar to a foreclosure proceeding because the bank may always pay the taxes after foreclosure to cancel the underlying note and mortgage"]). Accordingly, E. 16th LLC's motion to dismiss to the extent it is brought pursuant to CPLR 3211 (a) (7) is denied.

Alternatively, CPLR 3211 (a) (5) recognizes dismissal of an action based upon the running of the statute of limitations. CPLR 213 (4) requires actions seeking to foreclose a mortgage of real property to be commenced within six years of the alleged default (*see NMNT Realty Corp. v Knoxville 2012 Trust*, 151 AD3d 1068, 1069 [2d Dept 2017]). "Where a mortgage is payable in installments, there are separate causes of action for each installment accrued, and the statute of limitations begins to run on the date each installment becomes

11

due, unless the mortgage debt is accelerated" (*U.S. Bank Trust, N.A. v Clark*, 178 AD3d 982,

983 [2d Dept 2019] [internal citations omitted]). "However, 'even if a mortgage is payable

in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute

of Limitations begins to run on the entire debt" (*HSBC Bank USA v Rinaldi*, 177 AD3d 583,

585 [2d Dept 2019] [internal quotation marks and citations omitted]).

Here, the complaint expressly states, "[Fellowship] hereby accelerates the amount due

under the Note, Mortgage and extension agreements and declares the entire amount due"

(Fellowship amended complaint ¶ 18). Accelerating the maturity of a debt by way of the

commencement of a foreclosure action is sufficient to put the borrower on notice of the

acceleration (*see Wells Fargo Bank, N.A. v Burke*, 94 AD3d 980, 983 [2d Dept 2012]). As

such, the total outstanding amount of the alleged note is due and owing, along with any and

all *recoverable* interest payments. To the extent that the amount recoverable may be reduced

by the running of the statute of limitations on certain interest payments, such determination

is not appropriately brought as a motion to dismiss, but must be presented when the court or

referee determines the amount due and owing. Accordingly, defendants' motions to the

extent they seek dismissal pursuant to CPLR 3211 (a) (5) are hereby denied.

"Turning to defendant['s] CPLR 3211 (a) (1) motion to dismiss on the ground that the

action is barred by documentary evidence, such motion may be appropriately granted only

where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively

establishing a defense as a matter of law" (*Goshen v Mut. Life Ins. Co. of New York*, 98

12

Case 1:23-cv-06008-RPK-TAM Document 1-5 Filed 08/09/23 Page 34 of 147 PageID #: 60

NY2d 314, 326 [2002]). Documentary evidence within the meaning of CPLR 3211 (a) (1)

include "mortgages, deeds, contracts, and other papers, the contents of which are essentially

undeniable" (see *Cives Corp. v George A. Fuller Co., Inc.*, 97 AD3d 713, 714 [2d Dept

2012] [internal quotations marks and citations omitted]).

Here, E. 16th LLC's proffered mortgage is documentary evidence within the meaning

of CPLR 3211 (a) (1). However, the amended complaint alleges that such mortgage

constitutes a fraud and is void. While there is historic precedent providing acceleration in

a jointly held mortgage is only valid wherein all holders agree to acceleration (see generally

*Cresco Realty Co v Clark*, 128 AD 144 [2d Dept 1908]), Fellowship's amended complaint

survives, as the mere presentation of the purported assignment of 50% of the mortgage does

not utterly and wholly refute Fellowship's allegations of fraud. At this junction, Fellowship

need not prove that the alleged assignment of the mortgage to 10 O.K. L.P. is a fraud as "the

complaint must sufficiently detail the allegedly fraudulent conduct, that requirement should

not be confused with unassailable proof of fraud" (see *Pludeman v Northern Leasing Sys.,

Inc.*, 10 NY3d 486, 492 [2008]). Accordingly, that branch of E. 16th LLC's motion seeking

dismissal pursuant to CPLR 3211 (a) (1) is denied.

To the extent not specifically addressed herein, the parties' remaining contentions

have been considered and found to be either meritless and/or moot. Accordingly, it is

**ORDERED** that Signature's motion to dismiss (motion seq. no. 1) is hereby denied,

and it is further;

13

INDEX NO. 516690/2019
RECEIVED NYSCEF: 11/02/2020

Case 1:23-cv-06008-RPK-TAM   Document 1-5   Filed 08/09/23   Page 35 of 147 PageID #: 61

**ORDERED** that E. 16th LLC's motion to dismiss (motion seq. no. 2) is hereby denied, and it is furthered;

**ORDERED** that Fellowship's cross motion to amend (motion seq. no. 3) is hereby granted, and Fellowship is directed to file and serve the amended complaint within 20 days of the entry of this order.

This constitutes the decision and order of the court.

Honorable Lawrence Knipel
Justice of the Supreme Court

Justice Lawrence Knipel

14

Case 1:23-cv-06008-RPK-TAM   Document 1-5   Filed 08/09/23   Page 36 of 147 PageID #: 62

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------------x

THE FELLOWSHIP FOR ADVANCED
COMPREHENSIVE TALMUDICS, INC.,

**Index No. 516690/2019**

Plaintiff,

- against -

EAST 16TH ST. REALTY, LLC, SIGNATURE
BANK, NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE, 10 O.K., L.P., and
"JOHN DOE #1" through "JOHN DOE #10",
the last ten names being fictitious and unknown to
Plaintiff, the person or parties intended being the
persons or parties, if any, having or claiming an
interest in or lien upon the mortgaged property
described in the complaint,

Defendants.
-----------------------------------------------------------------------x

Plaintiff The Fellowship for Advanced Comprehensive Talmudics, Inc., by its attorneys,

The Rosenfeld Law Office, for its Amended Complaint, alleges as follows:

**The Parties**

1.      Plaintiff, The Fellowship For Advanced Comprehensive Talmudics Inc., is a

corporation duly formed and existing under the laws of the State of Florida.

2.      Upon information and belief, Defendant, East 16th St. Realty, LLC, is a

limited liability company duly formed and existing under the laws of the State of New York.

3.      Upon information and belief, Defendant, East 16th St. Realty, LLC, is the

present owner of real property located at 1673-1683 East 16th Street, Brooklyn, New York

Case 1:23-cv-06008-RPK-TAM   Document 1-5   Filed 08/09/23   Page 37 of 147 PageID #: 63

11229.

4.      Based upon an affidavit submitted by Amy O. Perlowitz dated October 11, 2019, the Defendant, 10 O.K., L.P., is a New Jersey Domestic Limited Partnership that was registered by the Department of the Treasury of the State of New Jersey on November 8, 1993.

## Jurisdiction and Venue

4.      Jurisdiction in this Court is proper under New York Civil Practice Law and Rules ("CPLR") Section 301 and 302 because all parties reside and/or transact or regularly do or solicit business within New York State.

5.      Venue is proper under CPLR 503(a) because defendant resides in Kings County and a substantial part of the events or omissions giving rise to the claim occurred Kings County.

## AS AND FOR A FIRST C AUSE OF ACTION

5.      On December 21, 1990, Philip Ort and Abraham Ort, as borrowers, duly executed, acknowledged, and delivered to the Estate of Bernard Ort, as lender, a note (hereinafter referred to as the "Note").

6.      The Note was in the principal amount of $499,000.00, provided for the making of monthly payments of interest only calculated at the rate of 10% per annum, and for the entire principal and all accrued interest to be due and payable on June 20, 1991.

7.      On December 21, 1990, at the time the borrowers gave the Note, Philip Ort and Abraham Ort were the owners of that certain piece or parcel of real property (hereinafter referred to as the "Property") located at 1673-1683 East 16th Street, Brooklyn,

Case 1:23-cv-06008-RPK-TAM Document 1-5 Filed 08/09/23 Page 38 of 147 PageID #: 64

New York 11229, which property is also known by its Kings County tax map designation as

Block: 6779, Lot: 50, and by its metes and bounds description as follows:

> ALL that certain plot, piece or parcel of land situate, lying and being in the Borough of and County of Kings, City and State of New York, bounded and described as follows:
>
> BEGINNING at a point which is the corner formed by the intersection of the northerly side of Quentin Road (formerly Avenue Q) and the easterly side of East 16th Street;
>
> RUNNING THENCE, northerly, along the easterly side of East 16th Street, a distance of 100 feet to apoint;
>
> THENCE easterly, parallel with Quentin Road (formerly Avenue Q), a distance of 46 feet 2 inches to a point;
>
> THENCE southerly, parallel with East 16th Street, a distance of 100 feet to the northerly side of Quentin Road (formerly Avenue Q);
>
> THENCE westerly along the northerly side of Quentin Road (formerly Avenue Q), 46 feet 2 inches to the point or place of BEGINNING.

8.   For the purpose of securing payment of the Note and the indebtedness which it

evidenced, the borrowers, on the same date, executed, acknowledged, and delivered to the

lender, as mortgagee, a certain mortgage (hereinafter referred to as the "Mortgage"), whereby the

borrowers mortgaged the Property as security for payment of the Note.

9.   Upon information and belief, the Property is used for commercial purposes and

consists of retail stores on the first floor and office space on the second floor.

10.   By agreement dated June 20, 1991, entered into between Philip Ort and Abraham

Ort as executors of the Estate of Bernard Ort, being the holders of the Mortgage, and Philip Ort

and Abraham Ort, being the owners of the Property, the outstanding principal balance was

modified to $399,000 and the repayment terms were modified so as to provide for monthly

payments of interest only at the reduced rate of 8.13 percent per annum for a period of fifteen

years at which point all unpaid interest and the entire principal balance was to be due and payable.

11.     The Note and Mortgage were assigned by assignment dated June 20, 1991, by Philip Ort and Abraham Ort, as executors of the Estate of Bernard Ort, to Philip Ort and Abraham Ort and their successor in trust, as Trustees of The Bernard Ort Revocable Trust, under agreement dated February 22, 1990.

12.     The Note and Mortgage were further assigned by assignment dated June 20, 1991 by Philip Ort and Abraham Ort and their successor in trust, as trustees of The Bernard Ort Revocable Trust, to Regina Ort.

13.     The Note and Mortgage were further assigned by assignment dated June 20, 1991 by Regina Ort to Philip Ort and Abraham Ort and their successor in trust as trustees of The Regina Ort Revocable Trust.

14.     By extension agreement dated April 23, 1993, entered into between Philip Ort and Abraham Ort and their successor in trust as trustees of The Regina Ort Revocable Trust, being the holders of the Mortgage, and Philip Ort and Abraham Ort, being the owners of the Property, the outstanding principal balance was modified to $374,000 and the repayment terms were modified so as to provide for monthly payments of interest only calculated at the reduced rate of 6.34 percent per annum continuing to March 31, 2023 at which point all unpaid interest and the entire principal balance is to be due and payable.

15.     The Note and Mortgage were further assigned by assignment dated January 5, 2019 by Abraham Ort, as trustee of the Regina Ort Revocable Trust, to the Plaintiff, The Fellowship for Advanced Comprehensive Talmudics, Inc.

Case 1:23-cv-06008-RPK-TAM Document 1-5 Filed 08/09/23 Page 40 of 147 PageID #: 66

16.     The Plaintiff is the owner and holder of the Note and the Mortgage.

17.     The monthly payments required to be paid under the Note and Mortgage, as modified and extended, have not been made since April 23, 1993.

18.     By reason of the above, the Plaintiff hereby accelerates the amounts due under the Note, Mortgage and extension agreements and declares the entire amount due.

19.     The following amounts that are now due and owing on the Note, Mortgage, and extension agreements as of July 1, 2019, no part of which has been paid, although duly demanded, are as follows:

Outstanding Principal Balance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $374,000.00

Interest due from April 23, 1993 through April 23, 2019
 at the rate of 6.34% per annum. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$616,501.00

Total amount due as of April 23, 2019. . . . . . . . . . . . . . . . . . . . . . .$990,501.00

20.     Defendant, East 16th St. Realty, LLC, the present owner of the Property, at the time it acquired the Property, had or should have had actual, constructive, and/or inquiry notice of the Mortgage sought to be foreclosed herein.

21.     Signature Bank is named as a Defendant in this action by virtue of it holding a mortgage on the Property.

22.     The mortgage held by Signature Bank was given to it after the giving of the Mortgage sought to be foreclosed herein.

23.     At the time of the giving to Signature Bank of the mortgage held by it, Signature Bank had or should have had actual, constructive, and/or inquiry notice of the Mortgage sought to be foreclosed herein.

Case 1:23-cv-06008-RPK-TAM   Document 1-5   Filed 08/09/23   Page 41 of 147 PageID #: 67

24.     New York State Department of Taxation and Finance is named as a Defendant in this action because it appears to hold several judgments against Defendant, East 16th Street Realty LLC, and against a prior owner, East 16th Street Corp., which judgments are subordinate to the Mortgage.  A copy of the judgments is attached to this complaint.

25.     Upon information and belief, Defendants "John Doe #1" through "John Doe #10" is, are, or may be occupants of the Property being foreclosed or may be persons, corporations, or entities who claim or may claim a lien or other interest in the Property.

26.     By reason of the above, the foreclosure of the Mortgage in this action seeks to sell the Property at a judicial foreclosure auction and sale and to extinguish the mortgage held by Signature Bank on the Property, any judgments which may be held by New York State Department of Taxation and Finance, and any interest of tenants, occupants, or other holders of a claimed interest in the Property.

27.     Upon information and belief, no Defendant is an infant, nor been judicially declared impaired or incompetent, nor has a guardian ad-litem been appointed for any of the Defendants.

28.     No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of the Mortgage or for the recovery of said sum secured by the Mortgage or any part thereof.

29.     The Plaintiff requests that, in the event that this action will proceed to Judgment of Foreclosure and Sale, the Property should be sold subject to the following:

(a) Any state of facts that an inspection of the Property would disclose;

(b) Any state of facts that an accurate survey of the Property would show;

Case 1:23-cv-06008-RPK-TAM   Document 1-5   Filed 08/09/23   Page 42 of 147 PageID #: 68

(c) Covenants, restrictions, reservations, easements, agreements of record, and/or public utility agreements of record, if any, and to any violation thereof;

(d) Building restrictions and zoning ordinances of the town or municipality in which the Property is located and possible violations of same;

(e) Any right of tenants or persons in possession of the Property and all other existing tenancies, except for such tenants as are party Defendants to this action, and to a conditional bill of sale, security agreements and financial statements filed in connection with the Property, if any, but only to the extent that any of the foregoing are not barred or foreclosed by this action;

(f) Any other prior mortgages of record, prior liens of record, and any liens of record prior to the date the Mortgage herein became a lien of record;

(g) Any other mortgages, liens, or other encumbrances which are determined by the court to have priority over the Mortgage sought to be foreclosed herein; and

(h) Any equity of redemption of the United States of America to redeem the premises within 120 days from the date of sale.

30.     The Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinbefore made by reason of any payment after the commencement of this action, of any or all of the defaults mentioned herein, and such election shall continue and remain in effect.

## AS AND FOR A SECOND CAUSE OF ACTION

31.     Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32.     In an affidavit submitted in this action by Amy O. Perlowitz, claiming to be a member of 10 O.K., L.P., Amy O. Perlowitz represented that a purported assignment of mortgage, dated January 1, 1997, from Philip and Abraham Ort as trustees of the Regina Ort Revocable Trust to 10 O.K. L.P., assigned a fifty percent interest in the Note and Mortgage so that the Plaintiff, The Fellowship, is at most the holder of a fifty percent interest in the Note and

7

Case 1:23-cv-06008-RPK-TAM   Document 1-5   Filed 08/09/23   Page 43 of 147 PageID #: 69

Mortgage.

33.     In addition, Amy O. Perlowitz, also represented that Defendant, 10 O.K., L.P.,

does not consent to acceleration of the loan and the foreclosure of the Note and Mortgage.

34.     Defendant, 10 O.K., L.P., does not have any interest in the Note and Mortgage.

35.     The purported assignment referred to by Amy O. Perlowitz was never signed by

Abraham Ort, one of the trustees of the Regina Ort Revocable Trust.

36.     Abraham Ort, as trustee of the Regina Ort Revocable Trust, never consented or

otherwise authorized the assignment of a fifty percent interest in the Note and Mortgage to

Defendant, 10 O.K., L.P.

37.     To the extent the signature of Abraham Ort appears on the purported assignment,

it is fraudulent as Abraham Ort never signed the purported assignment.

38.     The signature of Philip Ort, one of the two trustees of the Regina Ort Revocable

Trust, on the purported assignment by itself without the signature/consent of the other trustee,

Abraham Ort, is invalid to convey an interest on behalf of the Regina Ort Revocable Trust as a

transfer of this type requires the consent of all the trustees.

39.     The purported assignment to Defendant, 10 O.K., L.P. is fraudulent, void, a

nullity, and of no force and effect whatsoever.

40.     Defendant, 10 O.K., L.P., is not named as a co-Plaintiff in this action because

Defendant, 10 O.K., L.P. has objected to this foreclosure and, in accordance with Appellate

Division, Second Department's decision in <u>Rosen v. 124 State St. Corp.</u>, 141 A.D.2d 812 (2d

Dep't 1988), is being named as a Defendant to extinguish its claims, if any, to an interest in the

Note and Mortgage being foreclosed herein.

41. By reason of the above, it is respectfully requested that the Court declare the purported assignment to 10 O.K., L.P. to be declared void and of no force and effect so that Plaintiff, The Fellowship, is the one hundred percent owner of the Note and Mortgage being foreclosed herein.

42. In the alternative, Defendant, 10 O.K., L.P., even if it has an interest in the Note and Mortgage, is being named as a Defendant because it has not consented to the acceleration of the loan or the prosecution of this mortgage foreclosure action.

43. In the alternative, it is respectfully requested that the Mortgage be foreclosed notwithstanding that Defendant, 10 O.K., L.P., has not consented to the acceleration of the loan and the prosecution of this mortgage foreclosure action.

**WHEREFORE**, the Plaintiff demands judgment as follows:

A. On the first cause of action that the Defendants and each of them and all persons claiming under them or any of them, claiming upon liens docketed as well as all persons, parties, or entities making claims subsequent to the commencement of this action and the filing of a notice of pendency thereof, be barred and foreclosed of and from all estate, right, title, interest, claim, lien and equity of redemption, of, in, and to, the Property and each and every part and parcel thereof; that the Property, upon the payment of the required mortgage tax pursuant to NYS Tax Law §258-a or other applicable laws or regulations, may be decreed to be sold, according to law, that, in "as is" physical order and condition, subject to the items set forth in the first cause of action; that the monies arising from the sale thereof be brought into court; that the Plaintiffs be paid the amount due on the Note, Mortgage, and extension agreements as hereinbefore set forth, with interest and late charges and the expenses of such sale to the time of such payment, and together with any sums incurred by Plaintiff pursuant to any terms or provisions of the Note, Mortgage, and extensions agreements set forth in this complaint to protect the lien of the Plaintiff's Mortgage, together with interest upon said sums from the date of the respective payment and advances thereof, so far as the amount of such monies properly applicable thereto will pay the same; that this court forthwith appoint a receiver of the rent and profits of the Property, during the pendency of this action with the usual powers and duties; and in the event the Plaintiff possesses any other liens against the Property either by way of judgment, junior mortgage or otherwise, Plaintiff request that such other liens shall not be merged into Plaintiff's cause of action set forth in this complaint but that Plaintiff shall be permitted to enforce said other liens and/or seek

Case 1:23-cv-06008-RPK-TAM   Document 1-5   Filed 08/09/23   Page 45 of 147 PageID #: 71

determination of priority thereof in any disputed actions or proceedings, including, without limitation, any surplus money proceeding;

B.   On the second cause of action that the Court declare that the purported assignment from Philip and Abraham Ort as trustees of the Regina Ort Revocable Trust dated January 1, 1997 to 10 O.K., L.P., be declared void and of no force and effect and that Plaintiff, The Fellowship, is the one hundred percent owner of the Note and Mortgage being foreclosed herein or, in the alternative, that the Court declare that the Plaintiff is entitled to foreclose the Mortgage notwithstanding that Defendant, 10 O.K., L.P., has not consented to the acceleration of the loan and the prosecution of this mortgage foreclosure action; and

C.   That the Plaintiff be awarded judgment for the costs and disbursements of this action, together with all allowances allowed by law, and that the Plaintiff have such other and further relief, as may be just, proper, and equitable.

Dated: Lawrence, New York
        November 19, 2020

**THE ROSENFELD LAW OFFICE**

By: _Avinoam Rosenfeld_
Avinoam Y. Rosenfeld
Attorney for Plaintiff
156 Harborview South
Lawrence, New York 11559
Phone: (516) 547-1717
Email: aviyrosenfeld@aol.com

10

Case 1:23-cv-06008-RPK-TAM   Document 1-5   Filed 08/09/23   Page 46 of 147 PageID #: 72

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

| | |
|---|---|
| THE FELLOWSHIP FOR ADVANCED COMPREHENSIVE TALMUDICS, INC. | Index No. 516690/2019 |
| Plaintiff, | |
| v. | |
| EAST 16TH ST. REALTY, LLC, SIGNATURE BANK, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, 10 O.K., L.P., AND JOHN DOE #1 THROUGH JOHN DOE #10, | **STIPULATION EXTENDING TIME TO ANSWER, MOVE, OR OTHERWISE APPEAR** |
| Defendants. | |

**IT IS HEREBY STIPULATED AND AGREED** by and between the attorneys for the above captioned parties that:

1.    The time by which Defendants East 16th St. Realty, LLC and 10 O.K., L.P. (collectively, "Defendants") may answer, respond, appear, or otherwise move against Plaintiff's Amended Complaint be and the same is hereby extended through and to January 11, 2021

2.    The Defendants hereby waive any defenses related to the service of process, which, by way of this stipulation, is acknowledged.

3.    This Stipulation may be executed in counterparts and an electronic signature shall be deemed to be an original for the purposes of this Stipulation.

Dated: New York, New York
        December 3, 2020

Case 1:23-cv-06008-RPK-TAM   Document 1-5   Filed 08/09/23   Page 47 of 147 PageID #: 73

LAW OFFICE OF N. ARI WEISBROT LLC

By: _____

Ari Weisbrot, Esq.

*Attorneys for Defendant*
1099 Allessandrini Avenue
New Milford, New Jersey 07646
(201) 788-6146
aweisbrot@weisbrotlaw.com

THE ROSENFELD LAW OFFICE

By: _____

Avinoam Y. Rosenfeld, Esq.

*Attorneys for Plaintiff*
156 Harborview South
Lawrence, New York 11559
(516) 547-1717
Avirosenfeld@aol.com

Case 1:23-cv-06008-RPK-TAM   Document 1-5   Filed 08/09/23   Page 48 of 147 PageID #: 74

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X     Index No. 516690/2019
THE FELLOWSHIP FOR ADVANCED
COMPREHENSIVE TALMUDICS, INC.,

                                        Plaintiff,

                                                              **STIPULATION OF**
          - against -                                         **ADJOURNMENT**

EAST 16TH ST. REALTY, LLC, SIGNATURE BANK,
NEW YORK STATE DEPARTMENT OF TAXATION
AND FINANCE, and "JOHN DOE #1" through "JOHN
DOE #10",
the last ten names being fictitious and unknown to Plaintiff,
the person or parties intended being the persons or parties,
if any, having or claiming an interest in or lien upon the
mortgaged property described in the complaint;

                                        Defendants.
-----------------------------------------------------------------X


          IT IS HEREBY STIPULATED AND AGREED by and between the undersigned counsel,

that Defendant, SIGNATURE BANK'S, time to respond to the Amended Complaint, is hereby

extended until January 8, 2021; and

          IT IS FURTHER HEREBY STIPULATED AND AGREED by and between the

undersigned that a facsimile or emailed signature on this stipulation shall be accepted as an

original.

Dated: New York, New York
          December 2, 2020




                                        Page 1

THE ROSENFELD LAW OFFICE

By: ___*Avi Rosenfeld*_____
        Avinoam Rosenfeld, Esq.
156 Harborview South
Lawrence, New York 11559
(516) 547-1717
E-mail: aviyrosenfeld@aol.com
*Counsel for Plaintiff*

FIDELITY NATIONAL LAW GROUP

By: _/s/ David J. Wolkenstein_____
        David J. Wolkenstein, Esq.
350 Fifth Avenue, Suite 3000
New York, New York 10118
Tel: (646) 708-8085
E-Mail: David.Wolkenstein@fnf.com
*Counsel for Defendant, Signature Bank*

Page 2

Case 1:23-cv-06008-RPK-TAM   Document 1-5   Filed 08/09/23   Page 50 of 147 PageID #: 76

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X      Index No. 516690/2019

THE FELLOWSHIP FOR ADVANCED
COMPREHENSIVE TALMUDICS, INC.,

Plaintiff,

   - against -                                                  **SIGNATURE BANK'S
                                                                 ANSWER TO THE AMENDED
                                                                 COMPLAINT**

EAST 16TH ST. REALTY, LLC, SIGNATURE BANK,
NEW YORK STATE DEPARTMENT OF TAXATION
AND FINANCE, and "JOHN DOE #1" through "JOHN
DOE #10",
the last ten names being fictitious and unknown to
Plaintiff, the person or parties intended being the persons
or parties, if any, having or claiming an interest in or lien
upon the mortgaged property described in the complaint;

Defendants.
-----------------------------------------------------------------X

Defendant Signature Bank ("Signature" or "Defendant"), by its attorneys, Fidelity National

Law Group, as and for its answer to the amended complaint (the "Complaint") of the Plaintiff, The

Fellowship For Advanced Comprehensive Talmudics, Inc. ("Plaintiff"), alleges, with knowledge

as to its own acts and upon information and belief as to all other matters, as follows:

1.      Denies knowledge or information sufficient to form a belief as to the truth or falsity

of the allegations contained in ¶ 1 of the Complaint.

2.      Denies knowledge or information sufficient to form a belief as to the truth or falsity

of the allegations contained in ¶ 2 of the Complaint.

3.      Upon information and belief, admits the allegations contained in ¶ 3 of the

Complaint.

1

Case 1:23-cv-06008-RPK-TAM Document 1-5 Filed 08/09/23 Page 51 of 147 PageID #: 77

4.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first paragraph numbered ¶ 4 of the Complaint.

4       Neither admits nor denies the allegations contained in the second paragraph numbered ¶ 4 of the Complaint, as it calls for a legal conclusion.

5       Neither admits nor denies the allegations contained in the first paragraph numbered ¶ 5 of the Complaint, as it calls for a legal conclusion.

5.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second paragraph numbered ¶ 5 of the Complaint.

6.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in ¶ 6 of the Complaint.

7.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in ¶ 7 of the Complaint.

8.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in ¶ 8 of the Complaint, but notes that no such mortgage has ever been recorded with the Kings County Register, nor produced in this action.

9.      Upon information and belief, admits the allegations contained in ¶ 9 of the Complaint.

10.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in ¶ 10 of the Complaint, but notes that no such agreement has ever been recorded with the Kings County Register, nor produced in this action.

2

Case 1:23-cv-06008-RPK-TAM   Document 1-5   Filed 08/09/23   Page 52 of 147 PageID #: 78

11.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in ¶ 11 of the Complaint, but notes that no such assignment has ever been recorded with the Kings County Register, nor produced in this action.

12.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in ¶ 12 of the Complaint, but notes that no such assignment has ever been recorded with the Kings County Register, nor produced in this action..

13.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in ¶ 13 of the Complaint, but notes that no such assignment has ever been recorded with the Kings County Register, nor produced in this action.

14.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in ¶ 14 of the Complaint, but notes that no such agreement has ever been recorded with the Kings County Register, nor produced in this action.

15.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in ¶ 15 of the Complaint, but notes that no such assignment has ever been recorded with the Kings County Register, nor produced in this action.

16.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in ¶ 16 of the Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in ¶ 17 of the Complaint.

18.     Neither admits nor denies that Plaintiff's claim in ¶ 18 of the complaint, purporting to accelerate the Note by virtue of filing the complaint.

3

Case 1:23-cv-06008-RPK-TAM    Document 1-5    Filed 08/09/23    Page 53 of 147 PageID #: 79

19.     Denies the allegations contained in ¶ 19 of the Complaint to the extent that, even if there is a note and mortgage, Plaintiff alleges it is owed money clearly barred by the applicable statute of limitations. Signature also denies the allegation to the extent that Plaintiff asserts any mortgage interest in the Property superior to Signature's mortgage interest.

20.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in ¶ 20 of the Complaint.

21.     Neither admits nor denies Plaintiff's claim in ¶ 21 as to why Signature Bank was named as a defendant, but admits that Signature Bank is a holder of a first recorded mortgage against the subject property.

22.     Denies the allegations contained in ¶ 22 of the Complaint.

23.     Denies the allegations contained in ¶ 23 of the Complaint.

24.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in ¶ 24 of the Complaint.

25.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in ¶ 25 of the Complaint.

26.     No response is necessary to Plaintiff's claim in ¶ 26 as it is not an allegation of fact, but a statement as to the relief the Plaintiff is seeking. To the extent that a response is required, Signature denies that Plaintiff is entitled to foreclose on its alleged mortgage, and more specifically, denies that Plaintiff is entitled to foreclosure upon Signature's mortgage and interest in the subject property.

27.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in ¶ 27 of the Complaint.

4

28.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in ¶ 28 of the Complaint.

29.    No response is necessary to Plaintiff's claim in ¶ 29 as it is not an allegation of fact, but a request for relief. To the extent that a response is required, Signature denies that Plaintiff is entitled to foreclose on its alleged mortgage, and more specifically, denies that Plaintiff is entitled to foreclosure upon Signature's mortgage and interest in the subject property.

30.    No response is necessary to Plaintiff's claim in ¶ 30 as it is not an allegation of fact, but a self-serving statement that certain of Plaintiff's rights are not being waived.

## AS AND FOR THE SECOND CAUSE OF ACTION

31.    In response to ¶ 31 of the Complaint, Defendant repeats and reiterates each and every response to the prior allegations, as if fully set forth at length herein.

32.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first number ¶ 32 of the Complaint, and refers the Court to the document referenced in the corresponding paragraph of the Amended Complaint, which speaks for itself.

33.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first number ¶ 33 of the Complaint, and refers the Court to the document referenced in the corresponding paragraph of the Amended Complaint, which speaks for itself.

34.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in ¶ 34 of the Complaint.

5

35.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in ¶ 35 of the Complaint.

36.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in ¶ 36 of the Complaint.

37.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in ¶ 37 of the Complaint.

38.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in ¶ 38 of the Complaint. Furthermore, to the extent that the corresponding allegation alleges a legal conclusion, no answer is required.

39.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in ¶ 39 of the Complaint.

40.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in ¶ 40 of the Complaint. Furthermore, to the extent that the corresponding allegation alleges a legal conclusion, no answer is required.

41.     No response is necessary to Plaintiff's claim in ¶ 41 as it is not an allegation of fact, but a request for relief. To the extent that a response is required, Signature denies that Plaintiff is entitled to any relief requested in the Complaint.

42.     No response is necessary to Plaintiff's claim in ¶ 42 as it is not an allegation of fact, but a request for relief. To the extent that a response is required, Signature denies that Plaintiff is entitled to any relief requested in the Complaint.

6

Case 1:23-cv-06008-RPK-TAM   Document 1-5   Filed 08/09/23   Page 56 of 147 PageID #: 82

43.     No response is necessary to Plaintiff's claim in ¶ 43 as it is not an allegation of fact, but a request for relief. To the extent that a response is required, Signature denies that Plaintiff is entitled to any relief requested in the Complaint.

## FIRST AFFIRMATIVE DEFENSE

44.     The Complaint fails to state a claim for which relief can be granted against the Defendant.

## SECOND AFFIRMATIVE DEFENSE

45.     Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches and equitable estoppel.

## THIRD AFFIRMATIVE DEFENSE

46.      The plaintiff and/or its predecessor(s) in interest has or have unreasonably delayed the commencement and prosecution of this foreclosure, and otherwise engaged in dilatory conduct, causing excessive interest to accrue, which the Court should reduce or toll as a matter of equity and in accordance with the N.Y. CPLR.

## FOURTH AFFIRMATIVE DEFENSE

47.     Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

7

INDEX NO. 516690/2019
RECEIVED NYSCEF: 01/08/2021

Case 1:23-cv-06008-RPK-TAM   Document 1-5   Filed 08/09/23   Page 57 of 147 PageID #: 83

## FIFFTH AFFIRMATIVE DEFENSE

48.    Plaintiff's claims are barred, in whole or in part, by the doctrines of payment, accord and satisfaction, and/or release.

## SIXTH AFFIRMATIVE DEFENSE

49.    Plaintiff's claims are barred, in whole or in part, by Plaintiff's bad faith or the bad faith or its predecessors in interest.

## SEVENTH AFFIRMATIVE DEFENSE

50.    Plaintiff's claims are barred, in whole or in part, by the expiration of the applicable statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

51.     The plaintiff's claims are barred, in whole or in part, by the statute of frauds.

## NINTH AFFIRMATIVE DEFENSE

52.    Plaintiff's claims are barred, in whole or in part, as against Signature Bank, pursuant to RPAPL § 291, by virtue of the fact that Signature Bank's mortgage was the first to be recorded. In fact, Plaintiff's mortgage, if it exists, remains unrecorded.

8

Case 1:23-cv-06008-RPK-TAM   Document 1-5   Filed 08/09/23   Page 58 of 147 PageID #: 84

## **TENTH AFFIRMATIVE DEFENSE**

53.     Plaintiff's claims are barred by the culpable conduct and/or contributory negligence of Plaintiff and/or its predecessors in interest.

## **ELEVENTH AFFIRMATIVE DEFENSE**

54.     Plaintiff's claims are barred by its failure to comply with conditions precedent in the note and/or alleged mortgage.

## **TWELTH AFFIRMATIVE DEFENSE**

55.     Upon information and belief, the Plaintiff lacks standing to sue because:

    a.   it was not the legal holder, assignee or owner of the subject Note at the time it commenced this foreclosure action;

    b.   the note was not delivered to the Plaintiff;

    c.   the Plaintiff did not pay valuable consideration for the note;

    d.   the Plaintiff is not the beneficial owner of the note; and

    e.   transfer of the Note and Mortgage to Plaintiff was not properly authorized by all of the owners of the Note and Mortgage.

## **THIRTEENTH AFFIRMATIVE DEFENSE**

56.     Upon information and belief ascertained from the New York State Department of State, Plaintiff lacks the legal capacity to institute this action as Plaintiff is not registered or licensed to conduct business in the State of New York pursuant to Business Corporation Law § 1312.

9

## FOURTEENTH AFFIRMATIVE DEFENSE

57.     Upon information and belief, the Note and Mortgage are invalid due to lack of any consideration paid by the initial purported lender/mortgagee, the Estate of Bernard Ort, for such Note and Mortgage.

## FIFTEENTH AFFIRMATIVE DEFENSE

58.     The subject mortgage is void ab initio and thus unenforceable since the lenders and the borrowers have commonality of legal and/or beneficial interest thus rendering the mortgage illusory.

## SIXTEENTH AFFIRMATIVE DEFENSE

59.     The subject mortgage, to the extent it existed, was extinguished pursuant to the doctrine of merger, in that the title to the land and ownership of the mortgage became vested in the same person or entity, in fact or in equity, prior to the alleged transfer of the mortgage to the Plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

60.     Plaintiff's claims are barred as it did not acquire the mortgage for consideration.

## EIGHTEENTH AFFIRMATIVE DEFENSE

61.     Plaintiff's claims are barred since none of Plaintiff's three predecessors in interest, i.e. the Trustees of The Bernard Ort Revocable Trust, Regina Ort, or the Trustees of The Regina Ort Revocable Trust, acquired the mortgage for consideration.

10

## NINETEENTH AFFIRMATIVE DEFENSE

62.     Plaintiff's claims are premature, and thus barred, since the acceleration of the installment payments and principal under the note was defective, as such acceleration was contrary to the agreement agreed upon by the prior mortgagee, Abraham and Philip Ort as Trustees of the Rita Ort Trust, and the borrowers, Abraham and Philip Ort, in both words and action, that no payments under the Note would be due until March 31, 2023, i.e. the due date of the Note.

## TWENTIETH AFFIRMATIVE DEFENSE

63.      Plaintiffs' claims are barred, in whole or in part, by such additional defenses as Defendant may have and cannot be articulated due to the fact that discovery has not been completed.  Accordingly, Defendant reserves the right to supplement the foregoing and to raise additional defenses as may appear as the case progresses.

**WHEREFORE**, Defendant/Counterclaimant Signature Bank demands judgment:

(1)     dismissing the Complaint in its entirety as against Signature; and

(2)      for the costs and disbursements of this action, together with reasonable attorneys' fees; and

11

   (3)  for such other and further relief as this Court deems just, equitable and proper.

Dated: New York, New York
   January 8, 2021


         FIDELITY NATIONAL LAW GROUP


        By:  /s/David J. Wolkenstein    
          David J. Wolkenstein, Esq.
          Eric Rosenberg, Esq.
       711 Third Avenue, 8th Floor
       New York, New York 10017
       Tel: (646) 708-8085
       E-Mail: David.Wolkenstein@fnf.com
       *Counsel for Defendant, Signature Bank*

12

Case 1:23-cv-06008-RPK-TAM   Document 1-5   Filed 08/09/23   Page 62 of 147 PageID #: 88

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

------------------------------------------------------- X

THE FELLOWSHIP FOR ADVANCED          :
COMPREHENSIVE TALMUDICS, INC.,       :
                                     : Index No. 516690/2019
                    *Plaintiff,*     :
                                     :
        -against-                    :
                                     :
EAST 16TH ST. REALTY, LLC,           :
SIGNATURE BANK, NEW YORK STATE       :
DEPARTMENT OF TAXATION AND           :
FINANCE, 10 O.K. L.P, and "JOHN DOE #1"  :
through "JOHN DOE #10,"              :
                                     :
                    *Defendants,*    :
                                     : **AMENDED ANSWER,**
                                     : **AFFIRMATIVE DEFENSES AND**
                                     : **COUNTERCLAIMS**
------------------------------------------------------- x

Defendants East 16th St. Realty, LLC and 10 O.K. L.P. ("Defendants"), by and through

their attorneys, the law Office of N. Ari Weisbrot LLC, hereby answers the Amended Complaint

of Plaintiff the Fellowship for Advanced Comprehensive Talmudics, Inc. ("Plaintiff" or

"TFACT") (the "Amended Complaint") (NYSECF No. 61), as follows:

### **THE PARTIES**

1.      Defendants deny knowledge or information sufficient to form a belief as to the

accuracy of the allegations set forth in paragraph 1 of the Amended Complaint, and on that basis

denies them.

1

Case 1:23-cv-06008-RPK-TAM   Document 1-5   Filed 08/09/23   Page 63 of 147 PageID #: 89

2.        Defendants admit the allegations set forth in paragraph 2 of the Amended Complaint.

3.        Defendants admit the allegations set forth in paragraph 3 of the Amended Complaint.

4.        Defendants deny knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 4 of the Amended Complaint, except admit the existence of the affidavit referenced therein, and respectfully refer to the document for the true and correct terms.[1]

## JURISDICTION AND VENUE

4.        The allegations of the (SECOND) paragraph 4 of the Amended Complaint call for conclusions of law to which a response is not required.  To the extent the allegations are intended to impose liability upon the Defendants, they are denied.

5.        The allegations of paragraph 5 of the Amended Complaint call for conclusions of law to which a response is not required.  To the extent the allegations are intended to impose liability upon the Defendants, they are denied.

## AS AND FOR A FIRST CAUSE OF ACTION

5.        Defendants deny the allegations set forth in the (SECOND) paragraph 5 of the Amended Complaint, except admit the existence of the agreement referenced therein, and respectfully refer to the document for the true and correct terms.

6.        Defendants deny the allegations set forth in paragraph 6 of the Amended Complaint, except admit the existence of the note referenced therein, and respectfully refer to the

---

[1] The numeration in Plaintiff's Amended Complaint duplicates paragraph 4 and paragraph 5.  Accordingly, Defendants will answer each allegation as it appears in the Amended Complaint and identify the succeeding paragraph as the (SECOND).

document for the true and correct terms.

7.      Defendants deny the allegations set forth in paragraph 7 of the Amended Complaint, except admit the existence of the agreement referenced therein, and respectfully refer to the document for the true and correct terms.

8.      Defendants deny knowledge or information sufficient to form a belief as to accuracy of the allegations in paragraph 8 of the Amended Complaint, except admit the existence of the agreement referenced therein, and respectfully refer to the document for the true and correct terms.

9.      Defendants admit the Property referenced therein is designated commercial.

10.     Defendants deny the allegations set forth in paragraph 10 of the Amended Complaint, except admit the existence of the agreement referenced therein, and respectfully refer to the document for the true and correct terms.

11.     Defendants deny the allegations set forth in paragraph 11 of the Amended Complaint, except admit the existence of the agreement referenced therein, and respectfully refer to the document for the true and correct terms.

12.     Defendants deny the allegations set forth in paragraph 12 of the Amended Complaint, except admit the existence of the agreement referenced therein, and respectfully refer to the document for the true and correct terms.

13.     Defendants deny the allegations set forth in paragraph 13 of the Amended Complaint, except admit the existence of the agreement referenced therein, and respectfully refer to the document for the true and correct terms.

14.     Defendants deny the allegations set forth in paragraph 14 of the Amended Complaint, except admit the existence of the agreement referenced therein, and respectfully refer

3

INDEX NO. 516690/2019
RECEIVED NYSCEF: 02/02/2021

to the document for the true and correct terms.

15.     Defendants deny the allegations set forth in paragraph 15 of the Amended Complaint.

16.     Defendants deny the allegations set forth in paragraph 16 of the Amended Complaint.

17.     Defendants deny the allegations set forth in paragraph 17 of the Amended Complaint.

18.     Defendants deny the allegations set forth in paragraph 18 of the Amended Complaint.

19.     Defendants deny the allegations set forth in paragraph 19 of the Amended Complaint.

20.     Defendants deny the allegations set forth in paragraph 20 of the Amended Complaint.

21.     Defendants deny knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 21 of the Amended Complaint, and on that basis deny them.

22.     Defendants deny knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 22 of the Amended Complaint, and on that basis deny them.

23.     Defendants deny the allegations set forth in paragraph 23 of the Amended Complaint.

24.     Defendants deny knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 24 of the Amended Complaint, and on that basis

4

Case 1:23-cv-06008-RPK-TAM   Document 1-5   Filed 08/09/23   Page 66 of 147 PageID #: 92

deny them.

25.     Defendants deny knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 25 of the Amended Complaint, and on that basis deny them.

26.     Defendants deny the allegations set forth in paragraph 26 of the Amended Complaint.

27.     Defendants deny knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 27 of the Amended Complaint, and on that basis deny them.

28.     Defendants deny knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 28 of the Amended Complaint, and on that basis deny them.

29.     Defendants deny the allegations set forth in paragraph 29 of the Amended Complaint.

30.     The allegations in paragraph 30 of the Amended Complaint call for conclusions of law to which a response is not required.  To the extent the allegations are intended to impose liability upon the Defendants, they are denied.

## AS AND FOR A SECOND CAUSE OF ACTION

31.     Defendants repeat and reallege the foregoing answers as if more fully set forth herein.

32.     Defendants deny knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 32 of the Amended Complaint, except admit the existence of the affidavit referenced therein, and respectfully refer to the document for the true and

correct terms.

33. Defendants deny knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 33 of the Amended Complaint, except admit the existence of the affidavit referenced therein, and respectfully refer to the document for the true and correct terms.

34. Defendants deny the allegations set forth in paragraph 34 of the Amended Complaint.

35. Defendants deny the allegations set forth in paragraph 35 of the Amended Complaint.

36. Defendants deny the allegations set forth in paragraph 36 of the Amended Complaint.

37. Defendants deny the allegations set forth in paragraph 37 of the Amended Complaint.

38. The allegations of paragraph 38 of the Amended Complaint call for conclusions of law to which a response is not required. To the extent the allegations are intended to impose liability upon the Defendants, they are denied.

39. Defendants deny the allegations set forth in paragraph 39 of the Amended Complaint.

40. The allegations of paragraph 40 of the Amended Complaint call for conclusions of law to which a response is not required. To the extent the allegations are intended to impose liability upon the Defendants, they are denied.

41. Defendants deny the allegations set forth in paragraph 41 of the Amended Complaint.

6

Case 1:23-cv-06008-RPK-TAM   Document 1-5   Filed 08/09/23   Page 68 of 147 PageID #: 94

42.     The allegations of paragraph 42 of the Amended Complaint call for conclusions of law to which a response is not required.  To the extent the allegations are intended to impose liability upon the Defendants, they are denied.

43.     Defendants deny the allegations set forth in paragraph 19 of the Amended Complaint.

**WHEREFORE**, Defendants East 16th St. Realty, LLC and 10 O.K. L.P. hereby demand judgment in their favor and against Plaintiff the Fellowship for Advanced Comprehensive Talmudics, Inc., dismissing the Amended Complaint, with prejudice, and awarding Defendants their costs and attorneys' fees, along with such further relief as the Court may deem just, equitable, and proper.

## AFFIRMATIVE DEFENSES

The statement of any defense hereinafter does not assume the burden of proof for any issue as to which applicable law places the burden upon plaintiffs.  Defendants expressly reserve the right to amend and/or supplement their affirmative and other defenses.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or the doctrine of laches.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the statute of frauds.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

7

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by fraud.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by lack of privity and/or standing to sue.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by intentional interference with contract.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by failure to join necessary or indispensable parties.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by lack of consideration.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because a 50% owner of a mortgage cannot accelerate that mortgage as a matter of law.

*WHEREFORE*, Defendants East 16th St. Realty, LLC and 10 O.K. L.P. demand judgment in their favor and against Plaintiff the Fellowship for Advanced Comprehensive Talmudics, Inc., dismissing the Amended Complaint, with prejudice, and awarding Defendants their costs and attorneys' fees, along with such further relief as the Court may deem just, equitable, and proper.

8

Case 1:23-cv-06008-RPK-TAM   Document 1-5   Filed 08/09/23   Page 70 of 147 PageID #: 96

## PRAYER FOR RELIEF

WHEREFORE, Counterclaim-Plaintiffs respectfully request judgment: dismissing TFACT's Amended Complaint with prejudice, awarding Counterclaim-Plaintiffs their fees, costs, and expenses incurred in connection with this matter, declaring the alleged "Assignment" of the Note and Mortgage to be void, unenforceable, and a nullity, declaring that TFACT has no interests in the note, Mortgage, or Property, and awarding Counterclaim-Plaintiffs compensatory damages in an amount to be determined at trial but in no event less than $1,000,000, consequential damages, punitive damages, interest, and such other and further relief as the Court deems just and proper.

## COUNTERCLAIMS

Defendants/Counterclaim-Plaintiffs East 16th St. Realty, LLC and 10 O.K. L.P. (collectively, "Counterclaim-Plaintiffs" or "Counterclaimants"), by and through their attorneys, the Law Office of N. Ari Weisbrot LLC by way of *counterclaim* against Plaintiff-Counterclaim-Defendant the Fellowship for Advanced Comprehensive Talmudics, Inc. ("Counterclaim-Defendant" or "TFACT"), hereby state and allege as follows:

### STATEMENT OF THE CASE

1.      These counterclaims are brought to redress wrongs committed by Counterclaim-Defendants, operating in concert with and as a proxy for Abraham Ort ("Abraham") to appropriate rights to a mortgage on 1673-1683 East 16th Street, Brooklyn, New York 11229 (the "Property"), of which none has any interest.

2.      Upon information and belief, Plaintiff/Counterclaim-Defendant TFACT operates under the control of Abraham Ort.

3.      In essence, Abraham Ort inherited the Property, along with this brother, Philip Ort, from their parents, Bernard and Regina Ort. Through a number of transactions, dating back to

9

Case 1:23-cv-06008-RPK-TAM   Document 1-5   Filed 08/09/23   Page 71 of 147 PageID #: 97

December 21, 1990, the brothers purchased the Property from the Estate of their father, Bernard Ort, and took a loan from the Estate of Bernard Ort, secured by a note and a mortgage on the Property, to help them pay for the Property.  The seller and lender was their father's Estate, the brothers were the purchasers and borrowers, but they were also effectively (as beneficiaries of the Estate of Bernard Ort) the lenders, on the Note.  Thereafter, in a series of dizzying assignments and transfers among various trusts and entities, the Note and Mortgage landed in the hands of their mother's trust, the Regina Ort Revocable Trust ("RORT").

4.      The intent and desire of the parents, and the terms of both parents' trusts were for the Property and/or its proceeds to be split evenly by Abraham and Philip.

5.      The Property itself was ultimately deeded to the Counterclaim-Plaintiff E16ST. Similarly, 50% of the rights under the Note and Mortgage ultimately were assigned to Counterclaim-Plaintiff 10 O.K., L.P.

6.      Upon the death of his brother Philip, Abraham seized the opportunity to try and wrest the Note and Mortgage from 10 O.K. and the Property from E16ST LLC, effectively his brother's children.   Abraham, as Trustee of the RORT, purported to assign the Mortgage to his friends at TFACT, with an understanding that, ultimately, they would at least recover the value of the Note for him, and, perhaps, if they were lucky, the entirety of the Property.

7.      This fraudulent scheme is not merely hypothetical.  First, it is exactly what happened.  Second, Abraham tried the exact same scheme approximately 12 years earlier, through another friend, Jeffrey Martin, but it fell apart in a series of litigations.  That time, Abraham was attempting to steal the Property from his ex-wife. But, third, most damning is the written communications between Abraham and lawyers, from February 2017, in which this is the discussion:

10

Case 1:23-cv-06008-RPK-TAM Document 1-5 Filed 08/09/23 Page 72 of 147 PageID #: 98

Response from Trust attorney is below. I don't know what the status is with Manya's litigation against Philip, but this mortgage issue could be extremely important if she's being unreasonable. If you can assign your rights as the beneficiary of the Regina Ort Trust, the mortgage/ lien/ judgment/ order, he could potentially foreclose and retake the property or at least would have some serious leverage.

8.     Meaning, Abraham is again scheming to fraudulently assign his "rights" to another entity and then "retake" the property.   And, this is precisely what happened here.   Abraham purports to assign his "rights" in the mortgage - - of which he had, at best 25% - - to his friends, the Third-Party Defendants, via the phony charity, TFACT.

9.     Counterclaimant-Plaintiffs, therefore, bring this counterclaim to recover all of its damages, costs, and related fees incurred as a result of this fraud.

## PARTIES

10.     Upon information and Belief, Counterclaim-Defendant, The Fellowship For Advanced Comprehensive Talmudics, Inc., is a corporation duly formed and existing under the laws of the State of Florida, with a principal place of business located at 723 East 4th Street, Brooklyn, New York, 11218.

11.     Counterclaim-Plaintiff East 16th St. Realty, LLC, is a limited liability company duly formed and existing under the laws of the State of New York.  East 16th St. Realty, LLC, is the present owner of real property located at 1673-1683 East 16th Street, Brooklyn, New York 11229.

12.     Counterclaim-Plaintiff 10 O.K., L.P., is a New Jersey Domestic Limited Partnership.

13.     Third-Party Defendant  - - filed separately - - Abraham Leff is an individual with a place of residence located at 28 Brockton Road, Monsey, New York 10952

11

14.     Third-Party Defendant- - filed separately - -  Alan Pruzansky is an individual with a place of residence located at 723 East 4th Street, Brooklyn, New York 11218.

15.     Third-Party Defendant - - filed separately - - Baruch J. Kelman is an individual with a place of residence located at 3302 Bedford Ave Brooklyn, NY 11210.

16.     Third-Party Defendant - - filed separately - - Abraham Gordimer, is an individual with a place of residence located at  4944 Bay Way Drive, Tampa, Florida, 33629.

## STATEMENT OF FACTS

The Ort Family

17.     Bernard Ort and Regina Ort were married with two children—Philip and Abraham. Bernard Ort owned property located at 1673-1683 East 16th Street, Brooklyn, New York (the "Property").

18.     Bernard Ort died in 1990 and left his sons—Philip and Abraham—heirs to, and co-executors of, his estate, which included the Property.

19.     It was Bernard's desire and intent, and set forth in the relevant trust documents, that the Property and/or its proceeds be split evenly among Philip and Abraham (or their children).

20.     Philip Ort died on January 15, 2018.

21.     Upon information and belief, Abraham Ort is alive and, upon fleeing the United States, currently lives in Jerusalem, Israel.  Due to a warrant for his arrest issued in New Jersey, he cannot return to the United States or he risks arrest and possible prosecution.

The Note and Mortgage

22.     On December 21, 1990, Philip Ort and Abraham Ort borrowed $499,000 from Bernard Ort's estate and signed a note which memorialized the loan (the "Note").  Pursuant to the

12

Note, Philip and Abraham were to make monthly payments of interest only to be calculated at the rate of 10%, with the principal and any remaining interest due on June 21, 1991.

23.     As security for the Note, Philip and Abraham executed a mortgage (the "Mortgage") on the Property which they had acquired from Bernard Ort's estate.

24.     The Note and Mortgage were never recorded.

25.     On June 20, 1991, Philip and Abraham Ort, as executors of Bernard Ort's estate and as owners of the Property, signed an agreement which (1) reduced the outstanding balance on the Note to $399,000; (2) modified the interest rate on the loan to 8.13% per annum; and (3) extended the term of the Note 15 years.

26.     On June 20, 1991, the Abraham and Philip Ort assigned the Note and Mortgage, which were then assigned and transferred several times on the same day:

(a)     *First,* Abraham and Philip, as executor and heirs to the Estate of Bernard Ort assigned the Note and Mortgage to the Bernard Ort Revocable Trust.

(b)     *Second*, the Note and Mortgage were assigned from the Bernard Ort Revocable Trust to Regina Ort.

(c)     *Third*, the Note and Mortgage were assigned from Regina Ort to The Regina Ort Revocable Trust, of which Philip and Abraham were the beneficiaries and trustees of.

27.     On April 23, 1993, Philip and Abraham Ort, as trustees of The Regina Ort Revocable Trust ("RORT") and as owners of the Property, entered into an agreement which (1) reduced the outstanding balance of the loan to $374,000; (2) reduced the annual interest rate to 6.34% per annum; and (3) extended the term to March 31, 2023.

28.     On January 1, 1997, Philip and Abraham, as trustees of The Regina Ort Revocable Trust and as owners of the Property, assigned fifty percent (50%) of the Note and Mortgage to 10 O.K., LP ("10 O.K."), a New Jersey limited-liability partnership.

13

Case 1:23-cv-06008-RPK-TAM   Document 1-5   Filed 08/09/23   Page 75 of 147 PageID #: 101

29.     Similarly, shortly thereafter, upon information and belief, the other 50% of the Note and Mortgage was assigned to Abraham's children, pursuant to the Uniform Gifts to Minors Act.

30.     Upon information and belief, in 2002, Abraham Ort and his wife Manya Ort divorced acrimoniously.  Upon failing to pay various obligations relating to the divorce, Abraham Ort absconded to Israel.

31.     A warrant was issued by the New Jersey court for Abraham's arrest.  It remains outstanding to this date.

32.     Upon information and belief, in 2007, a court mandated that Abraham's interest in the Property—along with other assets—be transferred to Manya and their children.   Meaning, Abraham, as of 2007, was left with no interests in the Property, having forcibly transferred them to Manya,  and no interests in the Note and Mortgage, which had been assigned to Philip's and Abraham's children and/or their affiliated entities.

33.     Upon information and belief, in 2017, Philip Ort and E16th St. settled with Manya Ort and purchased her share of the Property, gaining ownership of 100% of the Property.

34.     In January 2019 - - after the death of Philip Ort - -  Abraham Ort, acting as Trustee of RORT, purported to assign the Note and Mortgage to Plaintiff.

35.     Pursuant to the terms of the RORT, Abraham was not permitted to divest the trust of assets absent certain tax thresholds.

36.     Moreover, at the very least,  the heirs of Philip are entitled to, or at least direct the disposition of, half of the RORT's assets, including the Note and Mortgage.

TFACT

37.     Upon information and belief, TFACT is a nonprofit organization formed in April 2015 under the laws of Florida.

38.     Upon information and belief, Leff and Pruzansky are Directors of TFACT, Kelman is Trustee, and Gordimer is the registered agent.   Upon information and belief, the four Third-Party Defendants remain in "nominal" control over TFACT.   Indeed, over the years, their addresses were used as the address for TFACT. In reality, Abraham controls TFACT.

39.     There is a common thread between the Third-Party Defendants besides their relationship to TFACT.  Abraham Ort has a long and close relationship with all four.   Just by way of example:

40.     <u>LEFF</u> - studied with Abraham in Yeshiva Staten Island,  when Abraham divorced, Leff led the smear campaign against Abraham's ex-wife Manya, and a letter from Leff to the Court in the divorce case stated, "I have been a friend of the Ort family for many years, and have stayed overnight at their home many times, including weekends....")

41.     <u>PRUZANSKY</u> – was a student of Abraham's at a Kollel, and was therefore reliant on Abraham's goodwill for receipt of a monthly stipend. While a student of Abraham's, Pruzansky was asked by Abraham to sign various documents for Abraham's non-profit organization(s).

42.     <u>GORDIMER</u> -  Gordimer studied at Yeshiva University at the same time as Abraham. Gordimer was intimately involved in Abraham's divorce proceedings (he sided with Abraham), and Gordimer sent threatening documents to Abraham's then wife, Manya, and their children.

43.     Indeed, curiously, the entirety of the Amended Complaint in this Action relates to <u>Abraham</u>, and what he did or did not do.  TFACT is a virtual afterthought, with no role in this action, or the events giving rise thereto - - except that a charity with almost zero income,  has been handed a Mortgage and Note purported to be worth about $1 million from Abraham - - for, apparently no reason whatsoever.

15

44. Moreover, the certifications submitted on behalf of TFACT in opposition to Defendants' motion to dismiss came from ABRAHAM. Nothing from the alleged trustees and managers of TFACT.

45. Upon information and belief, TFACT, with the active participation and facilitation of the Third-Party Defendants, was formed and is controlled by Abraham Ort and is used to shield liability and various debts due in the United States.

46. TFACT, with the active participation and facilitation of the Third-Party Defendants, brought this lawsuit in order to improperly collect cash on the balance of the Note and Mortgage or from the proceeds of a government ordered auction of the Property.

47. Upon information and belief, Abraham acts by and through TFACT and stands to benefit from accelerated foreclosure on the Note and Mortgage.

48. Upon information and belief TFACT is, in fact, an alter ego of Abraham, who uses it for fraudulent and illegal purposes and who strictly controlled their operations, finances, decisions, and unlawful activities.

49. Abraham and the Third-Party Defendants use TFACT to engage in fraud, wrongdoing, and injustice to the public, its donors, and to Counterclaim-Plaintiffs.

50. TFACT has disregarded all corporate formalities and fails to abide by the corporate form.

51. Accordingly, the alleged corporate-veil for TFACT must be disregarded and the Third-Party Defendants are individually liable, not only for their individual acts of wrongdoing, but for the illegal acts of TFACT, as set forth herein.

16

Case 1:23-cv-06008-RPK-TAM   Document 1-5   Filed 08/09/23   Page 78 of 147 PageID #: 104

52.     Upon information and belief, Abraham, with the active participation and facilitation of the Third-Party Defendants, brought this lawsuit using TFACT in order to avoid the consequences of his own debts, reputation, and veracity.

53.     For example, in a 2019 opinion of the Appellate Division of the Superior Court of New Jersey, the Court stated—and referenced a different judge's assessment—of Abraham:

> I've read this entire file… in view of everything I've read here, I don't think there's a single thing that I can believe that [Abraham] has ever said… it's one of the most amazing cases I've ever seen. Why [Abraham] was not prosecuted for criminal contempt of court is probably because it's so hard to do.   *See Ort v. Ort*, Docket No. A-0909-17T2, Superior Court of New Jersey, Appellate Division (2019), at p. 4.

54.     The current owners of the Note and Mortgage are 10 O.K. (50%) and Abraham's children or their affiliated entities (50%).

55.     In the event that the RORT retains an interest in the Note and Mortgage, it is at most 50%.

56.     Philip Ort's heirs are entitled to, and/or entitled to direct the disposition of, 50% of the assets in the RORT. Therefore, Abraham, as the remaining trustee of the RORT, is permitted to direct the assignment of no greater than 50% of the RORT's assets to an entity of his choosing. Even if the RORT were to own 50% of the Note and Mortgage, Abraham, as Trustee, would have been permitted to assign only 25% of such Note and Mortgage to TFACT. Philip, through his heirs, is entitled to, and/or to direct the disposition of, 50% of all assets remaining in RORT.

57.     Abraham Ort, by and through TFACT, without the authority or consent of the Defendants, is attempting to misappropriate rights to the Note and Mortgage and overstating its interest—if any—in the Note and Mortgage.

### FIRST COUNTERCLAIM
### (Declaratory Judgment)

17

58.     Counterclaim-Plaintiffs repeat and reallege the foregoing allegations as if set forth more fully herein.

59.     As set forth above and below, the purported assignment of the Note and Mortgage to TFACT was the product of a fraudulent scheme.

60.     Abraham had no rights or interests in the Note or Mortgage at the time of the alleged assignment to TFACT.

61.     The RORT had no rights or interest in the Note or Mortgage at the time of the alleged assignment to TFACT, and, even if it did, it only had at most a 50% interest.

62.     Abraham, as Trustee of the RORT, had no right to assign the Note or Mortgage at the time of the alleged assignment to TFACT, and, even if he did, he only had the right to assign at most 25% of the Note and Mortgage to TFACT.  Abraham's efforts to assign those (non-existent) interests, to a phony charity, operated by his friends, so that he could retake the Property or the value of the Note, is unlawful as a matter of law.

63.     Moreover, even if his purported assignment to TFACT is valid, a 25% or even a 50% owner of a mortgage cannot accelerate that mortgage as a matter of law.

64.     Accordingly, Counterclaim-Plaintiffs are entitled to judgment declaring the alleged assignment of the Note and Mortgage to TFACT as unenforceable, null, and void and without any further impact or effect.

## SECOND COUNTERCLAIM
### (Fraud)

65.     Counterclaim-Plaintiffs repeat and reallege the foregoing allegations as if set forth more fully herein.

18

66. Upon information and belief, Abraham Ort, the Third-Party Defendants, and TFACT, through TFACT, have asserted that TFACT (and, therefore, secretly Abraham) owns and has rights to the Note and Mortgage.

67. Abraham Ort, the Third-Party Defendants, and TFACT do not have any right to or interest in the Mortgage.

68. Upon information and belief, TFACT and the Third-Party Defendants are acutely aware that at least fifty percent (50%) of the Mortgage was expressly and exclusively assigned to 10 O.K.

69. Upon information and belief, Abraham Ort, acting through the Third-Party Defendants and TFACT, filed the current lawsuit to advance their fraudulent claim that they owned the Note and Mortgage in order to cause Counterclaimant significant emotional and financial distress.

70. Abraham Ort, the Third-Party Defendants, and TFACT's representations were knowingly false at the time they were made and were intended to force Counterclaim-Plaintiffs to rely thereupon by relinquishing and waiving their rights to the Property, Note, and Mortgage.

71. Counterclaim-Plaintiffs did, in fact, rely upon TFACT's, the Third-Party Defendants', and Abraham's false representations by not taking steps to challenge the assignment, and thereby, avoid the money, time, expense, and aggravation of defending this lawsuit.

72. As a result of the fraud by Abraham Ort, the Third-Party Defendants, and TFACT, Counterclaim-Plaintiffs sustained damages in an amount to be determined at trial.

### THIRD COUNTERCLAIM
#### (Conversion)

73. Counterclaim-Plaintiffs repeat and reallege the foregoing allegations as if set forth more fully herein.

19

74.     Abraham Ort, the Third-Party Defendants, and TFACT do not have rights to the Mortgage or Note.

75.     At present, Counterclaim/Plaintiff E16th ST. owns, possess, controls, and oversees day-to-day operations of the Property, and Counterclaim/Plaintiff 10 O.K. L.P. holds 50% of the Note and Mortgage.

76.     Abraham Ort, the Third-Party Defendants, and TFACT seek to foreclose on the Mortgage without a valid claim or legal right to do so.

77.     Abraham Ort, the Third-Party Defendants, and TFACT's claimed interest in the Note and Mortgage interferes with Counterclaim-Plaintiffs' superior rights thereto.

78.     As a result of attempts by Abraham Ort, the Third-Party Defendants, and TFACT to accelerate the Note and Mortgage, Counterclaim/Plaintiffs sustained damages in an amount to be determined at trial.

## FOURTH COUNTERCLAIM
### (Abuse of Process)

79.     Counterclaim-Plaintiffs repeat and reallege the foregoing allegations as if set forth more fully herein.

80.     On July 30, 2019, TFACT commenced this frivolous lawsuit in the Kings County Supreme Court for the State of New York to foreclose on a Note and Mortgage that it in fact did not own.

81.     Upon information and belief, TFACT is acutely aware that at least fifty percent (50%) of the Mortgage was expressly and exclusively assigned to 10 O.K.

82.     Upon information and belief, TFACT intentionally filed this lawsuit without justification in law or fact in order to pressure settlement by Counterclaimant of the remaining principal of the Mortgage and/or force the sale of the Property.

20

83. Upon information and belief, TFACT is using this forum to attempt to coerce, arrest, and appropriate rights that it knows do not belong to it.

84. As a result of TFACT's abuse of process, Counterclaim-Plaintiffs sustained damages in an amount to be determined at trial.

## FIFTH COUNTERCLAIM
### (Tortious Interference)

85. Counterclaim-Plaintiffs repeat and reallege the foregoing allegations as if set forth more fully herein.

86. A valid and enforceable agreement exists between E16th ST, as mortgagor, and 10 O.K., as mortgagee of the Mortgage.

87. Upon information and belief, Abraham Ort, the Third-Party Defendants, and TFACT know of the existence of this relationship.

88. Abraham Ort and Philip Ort previously assigned 50% rights to the Mortgage to 10 O.K in January of 1997.

89. Upon information and belief, Abraham Ort, the Third-Party Defendants, and TFACT knew about the existence of the lawful and enforceable assignment of the Mortgage to 10 O.K.

90. Upon information and belief, Abraham Ort, the Third-Party Defendants, and TFACT are attempting to accelerate the loan, thereby making it impossible for Counterclaimant, as mortgagee, to satisfy its obligation to pay the debt well-before before its maturity in 2023.

91. As a result of the tortious interference, Counterclaim-Plaintiffs sustained damages in an amount to be determined at trial.

## SIXTH COUNTERCLAIM
### (Civil Conspiracy)

21

Case 1:23-cv-06008-RPK-TAM Document 1-5 Filed 08/09/23 Page 83 of 147 PageID #: 109

92.     Counterclaim-Plaintiffs repeat and reallege the foregoing allegations as if set forth more fully herein.

93.     As fully stated herein, Abraham, TFACT, and the Third Party Defendants, jointly conspired to steal and misappropriate the Note, Mortgage and, eventually, the Property.

94.     Abraham, TFACT, and the Third Party Defendants knowingly and fraudulently conveyed rights in the Note, Mortgage and the Property which they have no rights to.  As a result, Counterclaimant has incurred enormous expense and distress.

95.     Each Third-Party Defendant formed TFACT, in furtherance of the Conspiracy.

96.     Each Third Party Defendant accepted the phony "assignment" of the Note and Mortgage.

97.     Each Third Party Defendant authorized and participated in the bringing of this fraudulent foreclosure action.

98.     Abraham purported to assign the Note and Mortgage to TFACT and the Third-Party Defendants despite his lack of authority or any legal right to do so.

99.     Abraham made false statements in order to justify the conspiracy, specifically, his denial of the assignment of 50% of the Note and Mortgage to 10 O.K. and his claim to have the right, as Trustee of the RORT, to assign 100% of the Note and Mortgage to his charity, staffed with his cronies, with the intent that TFACT will turn those funds back over to him thereafter.

100.    Upon information and belief, Abraham, by and through TFACT, worked with the Third-Party Defendants to devise a strategy on how to squeeze money from the Note, Mortgage, or Property.

Case 1:23-cv-06008-RPK-TAM   Document 1-5   Filed 08/09/23   Page 84 of 147 PageID #: 110

101.   As a result of the Civil Conspiracy between Abraham Ort, the Third-Party Defendants, and TFACT to appropriate and convert the Mortgage, Counterclaim-Plaintiffs sustained damages in an amount to be determined at trial.

### SEVENTH COUNTERCLAIM
### (Promissory Estoppel)

102.   Counterclaim-Plaintiffs repeat and reallege the foregoing allegations as if set forth more fully herein.

103.   Upon information and belief, Abraham Ort, through the Third-Party Defendants, and TFACT, promised Counterclaimants that he relinquished all rights to the Property and Mortgage.

104.   Counterclaim-Plaintiffs, in reliance on Abraham's and TFACT's promise, thereby assumed primary responsibility for Property including the upkeep, expenses, operations, and all other costs incurred by the Property.

105.   As a result of Abraham's and TFACT's failure to keep their promise, Counterclaim-Plaintiffs sustained damages in an amount to be determined at trial.

### EIGHTH COUNTERCLAIM
### (Unjust Enrichment)

106.   Counterclaim-Plaintiffs repeat and reallege the foregoing allegations as if set forth more fully herein.

107.   Upon information and belief, Abraham Ort relinquished all rights to the Property in exchange for the settlement of certain debts owed by Abraham Ort.

108.   Counterclaim-Plaintiffs, in reliance of the transfer of those rights from Abraham Ort, satisfied certain debts owed by Abraham Ort and assumed primary responsibility for upkeep, expenses, operations, and other costs incurred by the Property.

23

Case 1:23-cv-06008-RPK-TAM   Document 1-5   Filed 08/09/23   Page 85 of 147 PageID #: 111

109.    If Abraham Ort, through TFACT, proceeds and accelerates foreclosure and demands repayment, they would be unjustly enriched at Counterclaimant's expense.

110.    It would defy equity and good conscience to allow Abraham Ort and/or TFACT to retain rights in the Note, Mortgage, or Property.

### PRAYER FOR RELIEF

WHEREFORE, Counterclaim-Plaintiffs respectfully request judgment: dismissing TFACT's Amended Complaint with prejudice, awarding Counterclaim-Plaintiffs their fees, costs, and expenses incurred in connection with this matter, declaring the alleged "Assignment" of the Note and Mortgage to be void, unenforceable, and a nullity, declaring that TFACT has no interests in the note, Mortgage, or Property, and awarding Counterclaim-Plaintiffs compensatory damages in an amount to be determined at trial but in no event less than $1,000,000, consequential damages, punitive damages, interest, and such other and further relief as the Court deems just and proper.

Respectfully Submitted,

Dated: February 2, 2021

**LAW OFFICE OF N. ARI WEISBROT LLC**

By: _____
        N. Ari Weisbrot

1099 Allessandrini Avenue
New Milford, New Jersey 07646
(201) 788.6146
aweisbrot@weisbrotlaw.com
*Attorneys for Counterclaim-Plaintiffs*

24

Case 1:23-cv-06008-RPK-TAM Document 1-5 Filed 08/09/23 Page 86 of 147 PageID #: 112

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF   KINGS

---

EAST 16TH ST. REALTY, LLC, and 10 O.K. L.P.,
.

Third-Party Plaintiff(s),

*-against-*

ABRAHAM LEFF, ALAN PRUZANSKY, BARUCH J. KELMAN, and ABRAHAM GORDIMER,

Third Party Defendant(s).

---

Index No.  516690/2019

# Summons

Date Index No. Purchased:   January 29, 2021

**To the above named Defendant(s)**

ABRAHAM GORDIMER
4944 BAY WAY DRIVE
TAMPA, FLORIDA 33629

You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of venue is PLAINTIFFS AND THIRD PARTY
which is DEFENDANTS LOCATED IN THIS COUNTY,
ALSO, CAUSE OF ACTION AROSE IN THIS COUNTY

Dated:   NEW YORK, NEW YORK

JANUARY 29, 2021

LAW OFFICE OF N. ARI WEISBROT LLC

by _____

NATHANIEL ARI WEISBROT, ESQ.

Attorneys for Third Party Plaintiff

EAST 16TH ST. REALTY, LLC, and 10 O.K. L..P.

1099 ALLESSANDRINI AVENUE
NEW MILFORD, NEW JERSEY 07646 (201) 788-6146
AWEISBROT@WEISBROTLAW.COM

Case 1:23-cv-06008-RPK-TAM   Document 1-5   Filed 08/09/23   Page 87 of 147 PageID #: 113

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF   KINGS

| | |
|---|---|
| EAST 16TH ST. REALTY, LLC, and 10 O.K. L.P., . | Index No.  516690/2019 |
| Third-Party Plaintiff(s), | |
| -*against*- | Summons |
| ABRAHAM LEFF, ALAN PRUZANSKY, BARUCH J. KELMAN, and ABRAHAM GORDIMER, | |
| Third Party Defendant(s). | Date Index No. Purchased:  January 29, 2021 |

To the above named Defendant(s)

BARUCH KELMAN
3302 BEDFORD AVENUE
BROOKLYN, NEW YORK 11210

You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of venue is   PLAINTIFFS AND THIRD PARTY
                         DEFENDANTS LOCATED IN THIS COUNTY,
which is   ALSO,  CAUSE OF ACTION AROSE IN THIS COUNTY

Dated:   NEW YORK, NEW YORK

         JANUARY 29, 2021

                              LAW OFFICE OF N. ARI WEISBROT LLC

                              by _____

                              NATHANIEL ARI WEISBROT, ESQ.

Attorneys for Third Party Plaintiff

EAST 16TH ST. REALTY, LLC, and 10 O.K. L..P.

1099 ALLESSANDRINI AVENUE
NEW MILFORD, NEW JERSEY 07646 (201)
788-6146
AWEISBROT@WEISBROTLAW.COM

FILED: KINGS COUNTY CLERK 01/29/2021 09:49 AM

Case 1:23-cv-06008-RPK-TAM Document 1-5 Filed 08/09/23 Page 88 of 147 PageID #: 114

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF  KINGS

EAST 16TH ST. REALTY, LLC, and 10 O.K. L.P.,
.

Third-Party Plaintiff(s),

-*against*-

ABRAHAM LEFF, ALAN PRUZANSKY, BARUCH J. KELMAN, and ABRAHAM GORDIMER,

Third Party Defendant(s).

Index No.  516690/2019

## Summons

Date Index No. Purchased:  January 29, 2021

To the above named Defendant(s)

ABRAHAM LEFF
28 BROCKTON ROAD
MONSEY, NEW YORK 10952

You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of venue is  PLAINTIFFS AND THIRD PARTY
which is  DEFENDANTS LOCATED IN THIS COUNTY,
ALSO,  CAUSE OF ACTION AROSE IN THIS COUNTY

Dated:  NEW YORK, NEW YORK

JANUARY 29, 2021

LAW OFFICE OF N. ARI WEISBROT LLC

by _____

NATHANIEL ARI WEISBROT, ESQ.

Attorneys for Third Party Plaintiff

EAST 16TH ST. REALTY, LLC, and 10 O.K. L..P.

1099 ALLESSANDRINI AVENUE
NEW MILFORD, NEW JERSEY 07646 (201) 788-6146
AWEISBROT@WEISBROTLAW.COM

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF    KINGS

-----------------------------------------------------

EAST 16TH ST. REALTY, LLC, and 10 O.K. L.P.,
.

                    Third-Party Plaintiff(s),

                    -*against*-

ABRAHAM LEFF, ALAN PRUZANSKY, BARUCH J. KELMAN, and ABRAHAM GORDIMER,

                    Third Party Defendant(s).
-----------------------------------------------------

Index No.    516690/2019

# Summons

Date Index No. Purchased:    January 29, 2021

To the above named Defendant(s)

ALAN PRUSANSKY
723 EAST 4TH STREET
BROOKLYN, NEW YORK 11218

    You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

    The basis of venue is    PLAINTIFFS AND THIRD PARTY
                which is    DEFENDANTS LOCATED IN THIS COUNTY,
                            ALSO, CAUSE OF ACTION AROSE IN THIS COUNTY

Dated:    NEW YORK, NEW YORK

          JANUARY 29, 2021

                    LAW OFFICE OF N. ARI WEISBROT LLC

                    by _____
                    NATHANIEL ARI WEISBROT, ESQ.

          Attorneys for Third Party Plaintiff
                    EAST 16TH ST. REALTY, LLC, and 10 O.K. L..P.

                    1099 ALLESSANDRINI AVENUE
                    NEW MILFORD, NEW JERSEY 07646 (201) 788-6146
                    AWEISBROT@WEISBROTLAW.COM

Case 1:23-cv-06008-RPK-TAM   Document 1-5   Filed 08/09/23   Page 90 of 147 PageID #: 116

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-------------------------------------------------------- X

THE FELLOWSHIP FOR ADVANCED
COMPREHENSIVE TALMUDICS, INC.,

               *Plaintiff,*

    -against-

EAST 16TH ST. REALTY, LLC,
SIGNATURE BANK, NEW YORK STATE
DEPARTMENT OF TAXATION AND
FINANCE, 10 O.K. L.P, and "JOHN DOE #1"
through "JOHN DOE #10,"

              *Defendants,*

EAST 16TH ST. REALTY, LLC, and 10 O.K.
L.P.,

           *Third-Party Plaintiffs,*

    -against-

ABRAHAM LEFF, ALAN PRUZANSKY,
BARUCH J. KELMAN, and ABRAHAM
GORDIMER,

           *Third-Party Defendants*

Index No. 516690/2019

**COUNTERCLAIMS and THIRD-PARTY COMPLAINT**

-------------------------------------------------------- X

## COUNTERCLAIMS AND THIRD PARTY CLAIMS

Defendants/Counterclaim-Plaintiffs East 16th St. Realty, LLC and 10 O.K. L.P.

(collectively, "Counterclaim-Plaintiffs" or "Counterclaimants"), by and through their attorneys,

the Law Office of N. Ari Weisbrot LLC: (1) by way of *counterclaim* against Plaintiff-

Counterclaim-Defendant the Fellowship for Advanced Comprehensive Talmudics, Inc.

1

Case 1:23-cv-06008-RPK-TAM   Document 1-5   Filed 08/09/23   Page 91 of 147 PageID #: 117

("Counterclaim-Defendant" or "TFACT"), and (2) by way of *Third-Party Complaint* against Third-Party Defendants Abraham Leff, Alan Pruzansky, Baruch J. Kelman, and Abraham Gordimer, (collectively, "Third-Party Defendants"), hereby state and allege as follows:

## STATEMENT OF THE CASE

1.     These counterclaims and Third-Party Complaint are brought to redress wrongs committed by Counterclaim-Defendant and the Third-Party Defendants, operating in concert with and as a proxy for Abraham Ort ("Abraham") to appropriate rights to a mortgage on 1673-1683 East 16th Street, Brooklyn, New York 11229 (the "Property"), of which none has any interest.

2.     Upon information and belief, Plaintiff/Counterclaim-Defendant TFACT operates under the control of Abraham Ort.

3.     In essence, Abraham Ort inherited the Property, along with this brother, Philip Ort, from their parents, Bernard and Regina Ort.  Through a number of transactions, dating back to December 21, 1990, the brothers purchased the Property from the Estate of their father, Bernard Ort, and took a loan from the Estate of Bernard Ort, secured by a note and a mortgage on the Property, to help them pay for the Property.  The seller and lender was their father's Estate, the brothers were the purchasers and borrowers, but they were also effectively (as beneficiaries of the Estate of Bernard Ort) the lenders, on the Note.  Thereafter, in a series of dizzying assignments and transfers among various trusts and entities, the Note and Mortgage landed in the hands of their mother's trust, the Regina Ort Revocable Trust ("RORT").

4.     The intent and desire of the parents, and the terms of both parents' trusts were for the Property and/or its proceeds to be split evenly by Abraham and Philip.

2

Case 1:23-cv-06008-RPK-TAM Document 1-5 Filed 08/09/23 Page 92 of 147 PageID #: 118

5. The Property itself was ultimately deeded to the Counterclaim-Plaintiff E16ST. Similarly, 50% of the rights under the Note and Mortgage ultimately were assigned to Counterclaim-Plaintiff 10 O.K., L.P.

6. Upon the death of his brother Philip, Abraham seized the opportunity to try and wrest the Note and Mortgage from 10 O.K. and the Property from E16ST LLC, effectively his brother's children. Abraham, as Trustee of the RORT, purported to assign the Mortgage to his friends at TFACT, with an understanding that, ultimately, they would at least recover the value of the Note for him, and, perhaps, if they were lucky, the entirety of the Property.

7. This fraudulent scheme is not merely hypothetical. First, it is exactly what happened. Second, Abraham tried the exact same scheme approximately 12 years earlier, through another friend, Jeffrey Martin, but it fell apart in a series of litigations. That time, Abraham was attempting to steal the Property from his ex-wife. But, third, most damming is the written communications between Abraham and lawyers, from February 2017, in which this is the discussion:

> Response from Trust attorney is below. I don't know what the status is with Manya's litigation against Philip, but this mortgage issue could be extremely important if she's being unreasonable. If you can assign your rights as the beneficiary of the Regina Ort Trust, the mortgage/ lien/ judgment/ order, he could potentially foreclose and retake the property or at least would have some serious leverage.

8. Meaning, Abraham is again scheming to fraudulently assign his "rights" to another entity and then "retake" the property. And, this is precisely what happened here. Abraham purports to assign his "rights" in the mortgage - - of which he had, at best 25% - - to his friends, the Third-Party Defendants, via the phony charity, TFACT.

9. Counterclaimant-Plaintiffs, therefore, bring this counterclaim and Third-Party Complaint to recover all of its damages, costs, and related fees incurred as a result of this fraud.

3

## PARTIES

10.     Upon information and Belief, Counterclaim-Defendant, The Fellowship For Advanced Comprehensive Talmudics, Inc., is a corporation duly formed and existing under the laws of the State of Florida, with a principal place of business located at 723 East 4th Street, Brooklyn, New York, 11218.

11.     Counterclaim-Plaintiff East 16th St. Realty, LLC, is a limited liability company duly formed and existing under the laws of the State of New York.  East 16th St. Realty, LLC, is the present owner of real property located at 1673-1683 East 16th Street, Brooklyn, New York 11229.

12.     Counterclaim-Plaintiff 10 O.K., L.P., is a New Jersey Domestic Limited Partnership.

13.     Third-Party Defendant Abraham Leff is an individual with a place of residence located at 28 Brockton Road, Monsey, New York 10952

14.      Third-Party Defendant Alan Pruzansky is an individual with a place of residence located at 723 East 4th Street, Brooklyn, New York 11218.

15.      Third-Party Defendant Baruch J. Kelman is an individual with a place of residence located at 3302 Bedford Ave Brooklyn, NY 11210.

16.     Third-Party Defendant Abraham Gordimer, is an individual with a place of residence located at  4944 Bay Way Drive, Tampa, Florida, 33629.

4

Case 1:23-cv-06008-RPK-TAM  Document 1-5  Filed 08/09/23  Page 94 of 147 PageID #: 120

## STATEMENT OF FACTS

The Ort Family

17.     Bernard Ort and Regina Ort were married with two children—Philip and Abraham.

Bernard Ort owned property located at 1673-1683 East 16th Street, Brooklyn, New York (the

"Property").

18.     Bernard Ort died in 1990 and left his sons—Philip and Abraham—heirs to, and co-

executors of, his estate, which included the Property.

19.     It was Bernard's desire and intent, and set forth in the relevant trust documents, that

the Property and/or its proceeds be split evenly among Philip and Abraham (or their children).

20.     Philip Ort died on January 15, 2018.

21.     Upon information and belief, Abraham Ort is alive and, upon fleeing the United

States, currently lives in Jerusalem, Israel.  Due to a warrant for his arrest issued in New Jersey,

he cannot return to the United States or he risks arrest and possible prosecution.

The Note and Mortgage

22.     On December 21, 1990, Philip Ort and Abraham Ort borrowed $499,000 from

Bernard Ort's estate and signed a note which memorialized the loan (the "Note").  Pursuant to the

Note, Philip and Abraham were to make monthly payments of interest only to be calculated at the

rate of 10%, with the principal and any remaining interest due on June 21, 1991.

23.     As security for the Note, Philip and Abraham executed a mortgage (the

"Mortgage") on the Property which they had acquired from Bernard Ort's estate.

24.     The Note and Mortgage were never recorded.

25.     On June 20, 1991, Philip and Abraham Ort, as executors of Bernard Ort's estate

and as owners of the Property, signed an agreement which (1) reduced the outstanding balance on

5

the Note to $399,000; (2) modified the interest rate on the loan to 8.13% per annum; and (3) extended the term of the Note 15 years.

26.     On June 20, 1991, the Abraham and Philip Ort assigned the Note and Mortgage, which were then assigned and transferred several times on the same day:

    (a)    *First,* Abraham and Philip, as executor and heirs to the Estate of Bernard Ort assigned the Note and Mortgage to the Bernard Ort Revocable Trust.

    (b)    *Second*, the Note and Mortgage were assigned from the Bernard Ort Revocable Trust to Regina Ort.

    (c)    *Third*, the Note and Mortgage were assigned from Regina Ort to The Regina Ort Revocable Trust, of which Philip and Abraham were the beneficiaries and trustees of.

27.     On April 23, 1993, Philip and Abraham Ort, as trustees of The Regina Ort Revocable Trust ("RORT") and as owners of the Property, entered into an agreement which (1) reduced the outstanding balance of the loan to $374,000; (2) reduced the annual interest rate to 6.34% per annum; and (3) extended the term to March 31, 2023.

28.     On January 1, 1997, Philip and Abraham, as trustees of The Regina Ort Revocable Trust and as owners of the Property, assigned fifty percent (50%) of the Note and Mortgage to 10 O.K., LP ("10 O.K."), a New Jersey limited-liability partnership.

29.     Similarly, shortly thereafter, upon information and belief, the other 50% of the Note and Mortgage was assigned to Abraham's children, pursuant to the Uniform Gifts to Minors Act.

30.     Upon information and belief, in 2002, Abraham Ort and his wife Manya Ort divorced acrimoniously.  Upon failing to pay various obligations relating to the divorce, Abraham Ort absconded to Israel.

31.     A warrant was issued by the New Jersey court for Abraham's arrest.  It remains outstanding to this date.

6

Case 1:23-cv-06008-RPK-TAM   Document 1-5   Filed 08/09/23   Page 96 of 147 PageID #: 122

32.    Upon information and belief, in 2007, a court mandated that Abraham's interest in the Property—along with other assets—be transferred to Manya and their children.   Meaning, Abraham, as of 2007, was left with no interests in the Property, having forcibly transferred them to Manya,  and no interests in the Note and Mortgage, which had been assigned to Philip's and Abraham's children and/or their affiliated entities.

33.    Upon information and belief, in 2017, Philip Ort and E16th St. settled with Manya Ort and purchased her share of the Property, gaining ownership of 100% of the Property.

34.    In January 2019 - - after the death of Philip Ort - -  Abraham Ort, acting as Trustee of RORT, purported to assign the Note and Mortgage to Plaintiff.

35.    Pursuant to the terms of the RORT, Abraham was not permitted to divest the trust of assets absent certain tax thresholds.

36.    Moreover, at the very least,  the heirs of Philip are entitled to, or at least direct the disposition of, half of the RORT's assets, including the Note and Mortgage.

TFACT

37.    Upon information and belief, TFACT is a nonprofit organization formed in April 2015 under the laws of Florida.

38.    Upon information and belief, Leff and Pruzansky are Directors of TFACT, Kelman is Trustee, and Gordimer is the registered agent.  Upon information and belief, the four Third-Party Defendants remain in "nominal" control over TFACT.   Indeed, over the years, their addresses were used as the address for TFACT. In reality, Abraham controls TFACT.

39.    There is a common thread between the Third-Party Defendants besides their relationship to TFACT.  Abraham Ort has a long and close relationship with all four.   Just by way of example:

7

Case 1:23-cv-06008-RPK-TAM Document 1-5 Filed 08/09/23 Page 97 of 147 PageID #: 123

40.    <u>LEFF</u> - studied with Abraham in Yeshiva Staten Island,  when Abraham divorced, Leff led the smear campaign against Abraham's ex-wife Manya, and a letter from Leff to the Court in the divorce case stated, "I have been a friend of the Ort family for many years, and have stayed overnight at their home many times, including weekends...."

41.    <u>PRUZANSKY</u> – was a student of Abraham's at a Kollel, and was therefore reliant on Abraham's goodwill for receipt of a monthly stipend. While a student of Abraham's, Pruzansky was asked by Abraham to sign various documents for Abraham's non-profit organization(s).

42.    <u>GORDIMER</u> -  Gordimer studied at Yeshiva University at the same time as Abraham. Gordimer was intimately involved in Abraham's divorce proceedings (he sided with Abraham), and Gordimer sent threatening documents to Abraham's then wife, Manya, and their children.

43.    Indeed, curiously, the entirety of the Amended Complaint in this Action relates to <u>Abraham</u>, and what he did or did not do.  TFACT is a virtual afterthought, with no role in this action, or the events giving rise thereto - - except that a charity with almost zero income,  has been handed a Mortgage and Note purported to be worth about $1 million from Abraham - - for, apparently no reason whatsoever.

44.    Moreover, the certifications submitted on behalf of TFACT in opposition to Defendants' motion to dismiss came from <u>ABRAHAM</u>.  Nothing from the alleged trustees and managers of TFACT.

45.    Upon information and belief, TFACT, with the active participation and facilitation of the Third-Party Defendants, was formed and is controlled by Abraham Ort and is used to shield liability and various debts due in the United States.

8

Case 1:23-cv-06008-RPK-TAM   Document 1-5   Filed 08/09/23   Page 98 of 147 PageID #: 124

46.     TFACT, with the active participation and facilitation of the Third-Party
Defendants, brought this lawsuit in order to improperly collect cash on the balance of the Note and
Mortgage or from the proceeds of a government ordered auction of the Property.

47.     Upon information and belief, Abraham acts by and through TFACT and stands to
benefit from accelerated foreclosure on the Note and Mortgage.

48.     Upon information and belief TFACT is, in fact, an alter ego of Abraham, who uses
it for fraudulent and illegal purposes and who strictly controlled their operations, finances, decisions,
and unlawful activities.

49.     Abraham and the Third-Party Defendants use TFACT to engage in fraud,
wrongdoing, and injustice to the public, its donors, and to Counterclaim-Plaintiffs.

50.     TFACT has disregarded all corporate formalities and fails to abide by the corporate
form.

51.     Accordingly,  the alleged corporate-veil for TFACT must be disregarded and the
Third-Party Defendants are individually liable, not only for their individual acts of wrongdoing,
but for the illegal acts of TFACT, as set forth herein.

52.     Upon information and belief, Abraham, with the active participation and facilitation
of the Third-Party Defendants, brought this lawsuit using TFACT in order to avoid the
consequences of his own debts, reputation, and veracity.

53.     For example, in a 2019 opinion of the Appellate Division of the Superior Court of
New Jersey, the Court stated—and referenced a different judge's assessment—of Abraham:

> I've read this entire file… in view of everything I've read here, I don't think there's a
> single thing that I can believe that [Abraham] has ever said… it's one of the most amazing
> cases I've ever seen.  Why [Abraham] was not prosecuted for criminal contempt of court
> is probably because it's so hard to do.    *See Ort v. Ort*, Docket No. A-0909-17T2,
> Superior Court of New Jersey, Appellate Division (2019), at p. 4.

9

Case 1:23-cv-06008-RPK-TAM Document 1-5 Filed 08/09/23 Page 99 of 147 PageID #: 125

54. The current owners of the Note and Mortgage are 10 O.K. (50%) and Abraham's children or their affiliated entities (50%).

55. In the event that the RORT retains an interest in the Note and Mortgage, it is at most 50%.

56. Philip Ort's heirs are entitled to, and/or entitled to direct the disposition of, 50% of the assets in the RORT. Therefore, Abraham, as the remaining trustee of the RORT, is permitted to direct the assignment of no greater than 50% of the RORT's assets to an entity of his choosing. Even if the RORT were to own 50% of the Note and Mortgage, Abraham, as Trustee, would have been permitted to assign only 25% of such Note and Mortgage to TFACT. Philip, through his heirs, is entitled to, and/or to direct the disposition of, 50% of all assets remaining in RORT.

57. Abraham Ort, by and through TFACT, without the authority or consent of the Defendants, is attempting to misappropriate rights to the Note and Mortgage and overstating its interest—if any—in the Note and Mortgage.

## FIRST COUNTERCLAIM and FIRST THIRD-PARTY CLAIM
### (Declaratory Judgment)

58. Counterclaim-Plaintiffs repeat and reallege the foregoing allegations as if set forth more fully herein.

59. As set forth above and below, the purported assignment of the Note and Mortgage to TFACT was the product of a fraudulent scheme.

60. Abraham had no rights or interests in the Note or Mortgage at the time of the alleged assignment to TFACT.

61. The RORT had no rights or interest in the Note or Mortgage at the time of the alleged assignment to TFACT, and, even if it did, it only had at most a 50% interest.

10

Case 1:23-cv-06008-RPK-TAM Document 1-5 Filed 08/09/23 Page 100 of 147 PageID #: 126

62. Abraham, as Trustee of the RORT, had no right to assign the Note or Mortgage at the time of the alleged assignment to TFACT, and, even if he did, he only had the right to assign at most 25% of the Note and Mortgage to TFACT. Abraham's efforts to assign those (non-existent) interests, to a phony charity, operated by his friends, so that he could retake the Property or the value of the Note, is unlawful as a matter of law.

63. Moreover, even if his purported assignment to TFACT is valid, a 25% or even a 50% owner of a mortgage cannot accelerate that mortgage as a matter of law.

64. Accordingly, Counterclaim-Plaintiffs are entitled to judgment declaring the alleged assignment of the Note and Mortgage to TFACT as unenforceable, null, and void and without any further impact or effect.

## SECOND COUNTERCLAIM AND SECOND THIRD-PARTY CLAIM
### (Fraud)

65. Counterclaim-Plaintiffs repeat and reallege the foregoing allegations as if set forth more fully herein.

66. Upon information and belief, Abraham Ort, the Third-Party Defendants, and TFACT, through TFACT, have asserted that TFACT (and, therefore, secretly Abraham) owns and has rights to the Note and Mortgage.

67. Abraham Ort, the Third-Party Defendants, and TFACT do not have any right to or interest in the Mortgage.

68. Upon information and belief, TFACT and the Third-Party Defendants are acutely aware that at least fifty percent (50%) of the Mortgage was expressly and exclusively assigned to 10 O.K.

69. Upon information and belief, Abraham Ort, acting through the Third-Party Defendants and TFACT, filed the current lawsuit to advance their fraudulent claim that they owned

11

Case 1:23-cv-06008-RPK-TAM   Document 1-5   Filed 08/09/23   Page 101 of 147 PageID #: 127

the Note and Mortgage in order to cause Counterclaimant significant emotional and financial distress.

70. Abraham Ort, the Third-Party Defendants, and TFACT's representations were knowingly false at the time they were made and were intended to force Counterclaim-Plaintiffs to rely thereupon by relinquishing and waiving their rights to the Property, Note, and Mortgage.

71. Counterclaim-Plaintiffs did, in fact, rely upon TFACT's, the Third-Party Defendants', and Abraham's false representations by not taking steps to challenge the assignment, and thereby, avoid the money, time, expense, and aggravation of defending this lawsuit.

72. As a result of the fraud by Abraham Ort, the Third-Party Defendants, and TFACT, Counterclaim-Plaintiffs sustained damages in an amount to be determined at trial.

## THIRD COUNTERCLAIM AND THIRD THIRD-PARTY CLAIM
### (Conversion)

73. Counterclaim-Plaintiffs repeat and reallege the foregoing allegations as if set forth more fully herein.

74. Abraham Ort, the Third-Party Defendants, and TFACT do not have rights to the Mortgage or Note.

75. At present, Counterclaim/Plaintiff E16th ST. owns, possess, controls, and oversees day-to-day operations of the Property, and Counterclaim/Plaintiff 10 O.K. L.P. holds 50% of the Note and Mortgage.

76. Abraham Ort, the Third-Party Defendants, and TFACT seek to foreclose on the Mortgage without a valid claim or legal right to do so.

77. Abraham Ort, the Third-Party Defendants, and TFACT's claimed interest in the Note and Mortgage interferes with Counterclaim-Plaintiffs' superior rights thereto.

12

Case 1:23-cv-06008-RPK-TAM Document 1-5 Filed 08/09/23 Page 102 of 147 PageID #: 128

78.     As a result of attempts by Abraham Ort, the Third-Party Defendants, and TFACT to accelerate the Note and Mortgage, Counterclaim/Plaintiffs sustained damages in an amount to be determined at trial.

## FOURTH COUNTERCLAIM AND FOURTH THIRD-PARTY CLAIM
### (Abuse of Process)

79.     Counterclaim-Plaintiffs repeat and reallege the foregoing allegations as if set forth more fully herein.

80.     On July 30, 2019, TFACT commenced this frivolous lawsuit in the Kings County Supreme Court for the State of New York to foreclose on a Note and Mortgage that it in fact did not own.

81.     Upon information and belief, TFACT is acutely aware that at least fifty percent (50%) of the Mortgage was expressly and exclusively assigned to 10 O.K.

82.     Upon information and belief, TFACT intentionally filed this lawsuit without justification in law or fact in order to pressure settlement by Counterclaimant of the remaining principal of the Mortgage and/or force the sale of the Property.

83.     Upon information and belief, TFACT is using this forum to attempt to coerce, arrest, and appropriate rights that it knows do not belong to it.

84.     As a result of TFACT's abuse of process, Counterclaim-Plaintiffs sustained damages in an amount to be determined at trial.

## FIFTH COUNTERCLAIM AND FIFTH THIRD-PARTY CLAIM
### (Tortious Interference)

85.     Counterclaim-Plaintiffs repeat and reallege the foregoing allegations as if set forth more fully herein.

13

Case 1:23-cv-06008-RPK-TAM Document 1-5 Filed 08/09/23 Page 103 of 147 PageID #: 129

86.     A valid and enforceable agreement exists between E16th ST, as mortgagor, and 10 O.K., as mortgagee of the Mortgage.

87.     Upon information and belief, Abraham Ort, the Third-Party Defendants, and TFACT know of the existence of this relationship.

88.     Abraham Ort and Philip Ort previously assigned 50% rights to the Mortgage to 10 O.K in January of 1997.

89.     Upon information and belief, Abraham Ort, the Third-Party Defendants, and TFACT knew about the existence of the lawful and enforceable assignment of the Mortgage to 10 O.K.

90.     Upon information and belief, Abraham Ort, the Third-Party Defendants, and TFACT are attempting to accelerate the loan, thereby making it impossible for Counterclaimant, as mortgagee, to satisfy its obligation to pay the debt well-before before its maturity in 2023.

91.     As a result of the tortious interference, Counterclaim-Plaintiffs sustained damages in an amount to be determined at trial.

## SIXTH COUNTERCLAIM AND SIXTH THIRD-PARTY CLAIM
### (Civil Conspiracy)

92.     Counterclaim-Plaintiffs repeat and reallege the foregoing allegations as if set forth more fully herein.

93.     As fully stated herein, Abraham, TFACT, and the Third Party Defendants, jointly conspired to steal and misappropriate the Note, Mortgage and, eventually, the Property.

94.     Abraham, TFACT, and the Third Party Defendants knowingly and fraudulently conveyed rights in the Note, Mortgage and the Property which they have no rights to.  As a result, Counterclaimant has incurred enormous expense and distress.

95.     Each Third-Party Defendant formed TFACT, in furtherance of the Conspiracy.

14

96.     Each Third Party Defendant accepted the phony "assignment" of the Note and Mortgage.

97.     Each Third Party Defendant authorized and participated in the bringing of this fraudulent foreclosure action.

98.     Abraham purported to assign the Note and Mortgage to TFACT and the Third-Party Defendants despite his lack of authority or any legal right to do so.

99.     Abraham made false statements in order to justify the conspiracy, specifically, his denial of the assignment of 50% of the Note and Mortgage to 10 O.K. and his claim to have the right, as Trustee of the RORT, to assign 100% of the Note and Mortgage to his charity, staffed with his cronies, with the intent that TFACT will turn those funds back over to him thereafter.

100.    Upon information and belief, Abraham, by and through TFACT, worked with the Third-Party Defendants to devise a strategy on how to squeeze money from the Note, Mortgage, or Property.

101.    As a result of the Civil Conspiracy between Abraham Ort, the Third-Party Defendants, and TFACT to appropriate and convert the Mortgage, Counterclaim-Plaintiffs sustained damages in an amount to be determined at trial.

## SEVENTH COUNTERCLAIM AND SEVENTH THIRD-PARTY CLAIM
### (Promissory Estoppel)

102.    Counterclaim-Plaintiffs repeat and reallege the foregoing allegations as if set forth more fully herein.

103.    Upon information and belief, Abraham Ort, through the Third-Party Defendants, and TFACT, promised Counterclaimants that he relinquished all rights to the Property and Mortgage.

15

Case 1:23-cv-06008-RPK-TAM Document 1-5 Filed 08/09/23 Page 105 of 147 PageID #: 131

104.    Counterclaim-Plaintiffs, in reliance on Abraham's and TFACT's promise, thereby assumed primary responsibility for Property including the upkeep, expenses, operations, and all other costs incurred by the Property.

105.    As a result of Abraham's and TFACT's failure to keep their promise, Counterclaim-Plaintiffs sustained damages in an amount to be determined at trial.

### EIGHTH COUNTERCLAIM AND EIGHTH THIRD-PARTY CLAIM
#### (Unjust Enrichment)

106.    Counterclaim-Plaintiffs repeat and reallege the foregoing allegations as if set forth more fully herein.

107.    Upon information and belief, Abraham Ort relinquished all rights to the Property in exchange for the settlement of certain debts owed by Abraham Ort.

108.    Counterclaim-Plaintiffs, in reliance of the transfer of those rights from Abraham Ort, satisfied certain debts owed by Abraham Ort and assumed primary responsibility for upkeep, expenses, operations, and other costs incurred by the Property.

109.    If Abraham Ort, through TFACT, proceeds and accelerates foreclosure and demands repayment, they would be unjustly enriched at Counterclaimant's expense.

110.    It would defy equity and good conscience to allow Abraham Ort and/or TFACT to retain rights in the Note, Mortgage, or Property.

### PRAYER FOR RELIEF

WHEREFORE, Counterclaim-Plaintiffs respectfully request judgment: dismissing TFACT's Amended Complaint with prejudice, awarding Counterclaim-Plaintiffs their fees, costs, and expenses incurred in connection with this matter, declaring the alleged "Assignment" of the Note and Mortgage to be void, unenforceable, and a nullity, declaring that TFACT has no interests in the note, Mortgage, or Property, and awarding Counterclaim-Plaintiffs compensatory damages

16

INDEX NO. 516690/2019
RECEIVED NYSCEF: 01/29/2021

Case 1:23-cv-06008-RPK-TAM  Document 1-5  Filed 08/09/23  Page 106 of 147 PageID #: 132

in an amount to be determined at trial but in no event less than $1,000,000, consequential damages,

punitive damages, interest, and such other and further relief as the Court deems just and proper.

Respectfully Submitted,

Dated: January 11, 2021

**LAW OFFICE OF N. ARI WEISBROT LLC**

By: _____

       N. Ari Weisbrot

1099 Allessandrini Avenue
New Milford, New Jersey 07646
(201) 788.6146
aweisbrot@weisbrotlaw.com
*Attorneys for Counterclaim-Plaintiffs*

17

Case 1:23-cv-06008-RPK-TAM   Document 1-5   Filed 08/09/23   Page 107 of 147 PageID #: 133

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------ X

THE FELLOWSHIP FOR ADVANCED
COMPREHENSIVE TALMUDICS, INC.,

     Plaintiff,      Index 516690/2019

   -against-

EAST 16TH ST. REALTY, LLC, SIGNATURE BANK,
NEW YORK STATE DEPARTMENT OF TAXATION AND
FINANCE, 10 O.K. L.P., and "JOHN DOE #1" through
"JOHN DOE #10,"

     Defendants.

-------------------------------------------------------------------------X  <u>THIRD PARTY ANSWER</u>

EAST 16TH ST. REALTY, LLC, and 10 O.K. L.P.,

    Third-Party Plaintiffs,

   -against-

ABRAHAM LEFF, ALAN PRUZANSKY,
BARUCH J. KELMAN, and ABRAHAM GORDIMER,

    Third-Party Defendants.

-------------------------------------------------------------------------X

   Third Party Defendants, Abraham Leff, Alan Pruzansky, and Abraham Gordimer, as and

for a Third Party Answer to the Third Party Complaint, respectfully allege as follows:

1. Deny the allegations pleaded at Third Party Complaint paras. 1, 2, 6-9, 15, 16, 39-52, 56,

  57, 59 62, 64, 67, 69, 70-72, 74, 76-78, 80-84, 91, 93-101, 103-105, 110.

2. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the

  allegations pleaded at Third Party Complaint paras. 3-5,17-36,53,87-89,107-109.

3. Deny the allegations pleaded at Third Party Complaint paras. 10-12, 37, 38, 54, 55, 60,

  61, 63, 66, 68, 75, 86, and 90; and additionally plead that all questions of law are referred

  to the court, and all documents speak for themselves.

1

INDEX NO. 516690/2019
Case 1:23-cv-06008-RPK-TAM Document 1-5 Filed 08/09/23 Page 108 of 147 PageID #: 134
RECEIVED NYSCEF: 02/22/2021

4.  As to Third Party Complaint paras. 58, 65, 73, 79, 85, 92, 102, and 106, Third Party
    Defendants repeat, reiterate, and reallege all previously pleaded allegations as if set forth
    more fully herein.

**FIRST AFFIRMATIVE DEFENSE**

5.  Laches.

**SECOND AFFIRMATIVE DEFENSE**

6.  Statute of Frauds.

**THIRD AFFIRMATIVE DEFENSE**

7.  Waiver.

**FOURTH AFFIRMATIVE DEFENSE**

8.  Estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

9.  Fraud.

**SIXTH AFFIRMATIVE DEFENSE**

10. Lack of privity and no standing.

**SEVENTH AFFIRMATIVE DEFENSE**

11. Breach of contract.

**EIGHTH AFFIRMATIVE DEFENSE**

12. Failure to join necessary or indispensable parties.

**NINTH AFFIRMATIVE DEFENSE**

13. Breach of covenant of good faith and fair dealing.

**TENTH AFFIRMATIVE DEFENSE**

14. Failure to pierce the corporate veil.

2

Case 1:23-cv-06008-RPK-TAM Document 1-5 Filed 08/09/23 Page 109 of 147 PageID #: 135

ELEVENTH AFFIRMATIVE DEFENSE

15. Immunity.

TWELFTH AFFIRMATIVE DEFENSE

16. Failure to plead a cause of action.

THIRTEENTH AFFIRMATIVE DEFENSE

17. Culpable conduct.

FOURTEENTH AFFIRMATIVE DEFENSE

18. New York State Non-Profit Corporation Law 720-a immunizes and protects third-party

defendants from any potential liability.

FIFTEENTH AFFIRMATIVE DEFENSE

19. The Third Party Complaint fails to plead with particularity, pursuant to CPLR 3016(h).

SIXTEENTH AFFIRMATIVE DEFENSE

20. The Third Party Complaint is not verified, pursuant to CPLR 3016(h), and is therefore, a

nullity.

SEVENTEENTH AFFIRMATIVE DEFENSE

21. The Third Party Summons and Complaint were not served upon third party defendants in

compliance with CPLR 1007 which requires, in relevant part, that, "The third-party

summons and complaint and all prior pleadings served in the action shall be served upon

such person (the third-party defendant)." (parenthetical not in text).

EIGHTEENTH AFFIRMATIVE DEFENSE

22. The Third Party Summons and Complaint were not e-filed in proper form, which

includes, but is not limited to, the failure to annex all prior pleadings, and the combined

3

Case 1:23-cv-06008-RPK-TAM Document 1-5 Filed 08/09/23 Page 110 of 147 PageID #: 136

pleading of the third party claims with counterclaims, and as a result, the Third Party

Summons and Complaint were not accepted for filing by the clerk of the court.

<u>NINETEENTH AFFIRMATIVE DEFENSE</u>

23. Alleged service of process was defective, and the court lacks jurisdiction.

<u>TWENTIETH AFFIRMATIVE DEFENSE</u>

24. Unclean hands.

<u>TWENTY-FIRST AFFIRMATIVE DEFENSE</u>

25. Illegality.

<u>TWENTY-SECOND AFFIRMATIVE DEFENSE</u>

26. Business judgment rule.

WHEREFORE, the Third Party Defendants demand relief that the Third Party Complaint

be dismissed, with prejudice, and that the court award Third Party Defendants attorneys'

fees for defending this frivolous action pursuant to, inter alia, CPLR Article 83, 22

N.Y.C.R.R. Part 130, and the inherent powers of this court, and that the court award costs

and disbursements, and such other and further relief as to the court may seem just and

proper.

Dated: February 22, 2021

/s/ Elliot Pasik
_____
Elliot Pasik
Attorney for Third Party Defendants Leff, Pruzansky, Gordimer
52 East Olive Street
Long Beach, NY 11561
(516) 578-0250

4

Case 1:23-cv-06008-RPK-TAM Document 1-5 Filed 08/09/23 Page 111 of 147 PageID #: 137

To:    Rosenfeld Law Office
156 Harborview South
Lawrence, NY 11559
Attorneys for plaintiff The Fellowship, etc.

N. Ari Weisbrot
1099 Allessandrini Avenue
New Milford, NJ 07646
Attorneys for defendants-third party plaintiffs East 16th St. Realty and 10 O.K. L.P.

Eric Rosenberg
David Wolkenstein
Fidelity National Law Group
711 Third Avenue, 8th floor
New York, NY 10017
Attorneys for defendant Signature Bank

5

Case 1:23-cv-06008-RPK-TAM   Document 1-5   Filed 08/09/23   Page 112 of 147 PageID #: 138

At an IAS Term, Part Comm 6 of the
Supreme Court of the State of New York,
held in and for the County of Kings, at the
Courthouse, at Civic Center, Brooklyn, New
York, on the 7th day of June, 2021.

P R E S E N T:

HON. LAWRENCE KNIPEL,

Justice.

-------------------------------------------------------------X

THE FELLOWSHIP FOR ADVANCED COMPREHENSIVE
TALMUDICS, INC.,

Plaintiff,

-against-                                                   Index No.: 516690/19

EAST 16TH ST. REALTY, LLC, SIGNATURE BANK,
NEW YORK STATE DEPARTMENT OF TAXATION AND
FINANCE, 10 O.K., L.P., and "JOHN DOE #1" through
"JOHN DOE #10," the last ten names being fictitious and
unknown to Plaintiff, the person or parties intended being
the persons or parties, if any, having or claiming an
interest in or lien upon the mortgaged property described
in the complaint,

Defendants.

-------------------------------------------------------------X

EAST 16TH ST. REALTY, LLC, and 10 O.K., L.P.,

Third-Party Plaintiffs,

-against-

ABRAHAM LEFF, ALAN PRUZANSKY, BARUCH J.
KELMAN, and ABRAHAM GORDIMER,

Third-Party Defendants,

-------------------------------------------------------------X

The following e-filed papers read herein:                    NYSCEF Doc Nos. [1]

---

[1] New York State Courts Electronic Filing Document Numbers

Case 1:23-cv-06008-RPK-TAM  Document 1-5  Filed 08/09/23  Page 113 of 147 PageID #: 139

| | |
|---|---|
| Notice of Motion, Affidavit/Affirmation/Annexed Exhibits | 85-90 |
| Opposing Affidavits (Affirmations)/Annexed Exhibits | |
| Reply Affidavits (Affirmations) | 96 |
| Other (Memorandum of Law) | 91[2] |

Plaintiff/counterclaim defendant The Fellowship for Advanced Comprehensive Talmudics, Inc. (Fellowship) moves, in motion (mot.) sequence (seq.) five, for an order, pursuant to CPLR 3211, dismissing the counterclaims of defendants/third-party plaintiffs East 16th St. Realty, LLC (Realty) and 10 O.K. L.P. (10 O.K.) (collectively, counterclaimants).

## Background

Fellowship commenced this commercial foreclosure action with the filing of a summons and complaint on July 30, 2019, seeking to foreclose a mortgage it allegedly holds on real property located at 1673-1683 East 16th Street, Brooklyn, New York (the property). Specifically, Fellowship alleges that on January 5, 2019, Regina Ort Revocable Trust (RORT) assigned the aforementioned mortgage and note to it, with outstanding principal of $374,000 and with interest due and owing from April 23, 1993 through April 23, 2019 of $616,501, for a total amount due of $990,501. Fellowship further alleges that Realty is the present owner of the property, that defendant Signature Bank holds a mortgage encumbering the property, and that defendant New York State Department of Taxation and Finance is a judgment creditor against Realty and against a prior owner of the property, nonparty East 16th Street Corp.

---

[2] *Enumerated herein, as no opposing affidavits or affirmations were submitted.*

2

Case 1:23-cv-06008-RPK-TAM   Document 1-5   Filed 08/09/23   Page 114 of 147 PageID #: 140

After motion practice, Fellowship amended the complaint to add defendant 10 O.K., to assert claims of fraudulent assignment of the note and to seek extinguishment and foreclosure of any alleged interest in the property held by 10 O.K. Counterclaimants subsequently commenced a third-party action against Abraham Leff (Leff), Alan Pruzansky (Pruzansky), Baruch J. Kelman (Kelman), and Abraham Gordimer (Gordimer) (collectively, third-party defendants). Counterclaimants also filed a joint amended answer to the amended complaint asserting various affirmative defenses and counterclaims against Fellowship, nonparty Abraham Ort (Abraham), and third-party defendants.

### The Counterclaims Allegations

Counterclaimants assert that Abraham and his brother, Philip Ort (Philip), inherited the property from their father Bernard Ort's (Bernard) estate in 1990 upon Bernard's death. In December of 1990, Abraham and Philip, who were also beneficiaries of Bernard's estate, purchased the property from Bernard's estate while taking a loan from the estate for $499,000, secured by a note and mortgage and the property.[3] Realty and 10 O.K. allege that in this way, Abraham and Philip were effectively both the borrowers and lenders on the note.

Through a series of transactions, the note and mortgage were ultimately transferred to RORT. To wit, in June of 1991, Abraham and Philip, as executors of Bernard's estate and owners of the property, reduced the outstanding balance on the note to $399,000, modified the interest rate on the loan to 8.13% per annum, and extended the term of the

---

[3] *The note and mortgage were never recorded.*

3

Case 1:23-cv-06008-RPK-TAM   Document 1-5   Filed 08/09/23   Page 115 of 147 PageID #: 141

note to 15 years. On the same day, Abraham and Philip were involved in the assigning of the note and mortgage several times: (1) from themselves, as executors and heirs of Bernard's estate, to the Bernard Ort Revocable Trust (BORT), (2) from BORT to their mother, Regina Ort (Regina), and (3) from Regina to RORT, of which Abraham and Philip were beneficiaries and trustees. In April of 1992, Abraham and Philip, as RORT trustees and owners of the property, entered into an agreement reducing the outstanding loan balance to $374,000, reducing the annual interest rate to 6.34% and extending the term to March 31, 2023. In January of 1997, Abraham and Philip, trustees of RORT and owners of the property, assigned 50% of the note and mortgage to 10 O.K. Shortly thereafter, the other 50% of the note and mortgage were assigned to Abraham's children.

In 2002, Abraham and his wife, Manya Ort (Manya), divorced acrimoniously, and upon his alleged failure to pay divorce-related obligations, Abraham fled to Israel. A warrant for Abraham's arrest was issued by a New Jersey court, which remains outstanding. In 2007, a court mandated that Abraham's interest in the property be transferred to Manya and their children. The counterclaims allege that, therefore, as of 2007, Abraham had no interest in the property and no interest in the note and mortgage, which was assigned to Philip's and Abraham's children and/or their affiliates.

In 2017, Philip and Realty allegedly settled with Manya and thereby purchased her share of the property to gain 100% ownership interest. In January 2019, after Philip's death, Abraham, acting as trustee of RORT, allegedly assigned the note and mortgage to Fellowship, despite not being permitted to divest RORT assets absent certain tax thresholds. Leff and Pruzansky are Fellowship's directors, Kelman is its trustee, and

4

Case 1:23-cv-06008-RPK-TAM   Document 1-5   Filed 08/09/23   Page 116 of 147 PageID #: 142

Gordimer is its registered agent. The counterclaims allege, however, that in reality, Abraham controls Fellowship, and has longstanding, close ties to Leff, Pruzansky, Kelman and Gordimer. Abraham allegedly created Fellowship to shield his liability and debts due in the United States. As Abraham's alter ego, Fellowship is allegedly attempting to improperly collect cash on the balance of the note and mortgage from the proceeds of a government ordered auction of the property.

The counterclaims allege that, at the very least, Philip's heirs are entitled to half of RORT's assets, including the note and mortgage. The current owners of the note and mortgage are allegedly 10 O.K. (50%) and Abraham's children or their affiliated entities (50%). The counterclaim asserts that in the event RORT retains an interest in the note and mortgage, it is at most 50%. The counterclaims further allege that Philip's heirs are entitled to 50% of RORT's assets, and that Abraham, a remaining trustee of RORT, is permitted to direct the assignments of a maximum of 50% of RORT's assets, and that even if RORT held 50% of the note and mortgage, Abraham as trustee would have been permitted to assign only 25% of such note and mortgage to Fellowship (the other half belonging to Philip's heirs).

The counterclaims allege causes of action against Fellowship for: (1) a declaratory judgment; (2) fraud; (3) conversion; (4) abuse of process; (5) tortious interference; (6) civil conspiracy; (7) promissory estoppel; and (8) unjust enrichment.

Case 1:23-cv-06008-RPK-TAM Document 1-5 Filed 08/09/23 Page 117 of 147 PageID #: 143

*Discussion*

While Fellowship's notice of motion states that it moves to dismiss pursuant to CPLR 3211, its attorney's affirmation asserts that it is moving under CPLR 3211 (a) (1), (a) (5) and (a) (7).

Dismissal is warranted under CPLR 3211 (a) (1) only if "documentary evidence" conclusively refutes a plaintiff's allegations (*see AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.*, 5 NY3d 582, 590-591 [2005]) or establishes a defense to the asserted claims as a matter of law (*see Spoleta Constr., LLC v Aspen Ins. UK Ltd.*, 27 NY3d 933, 936 [2016]; *Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]). The scope of the evidence that is statutorily "documentary" is exceedingly narrow and "[m]ost evidence will not qualify" (*see* John R. Higgit, *CPLR 3211 [a] [1] and [a] [7] Dismissal Motions – Pitfalls and Pointers*, 83 NY St BJ 32, 33-35 [Nov/Dec. 2011]). The evidence submitted in support of such motions must be "documentary" or the motion will be denied (*see Fontanetta v John Doe 1*, 73 AD3d 78, 84 [2d Dept 2010], quoting David D. Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:10, at 22).

"[T]o be considered 'documentary,' evidence must be unambiguous and of undisputed authenticity" (*Minchala v 829 Jefferson, LLC*, 177 AD3d 866, 867 [2d Dept 2019] quoting *Fontanetta*, 73 AD3d at 86). "[J]udicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable, would qualify as documentary evidence in the proper case" (*Fontanetta*, 73 AD3d at 84-85 [internal quotation marks and

6

citations omitted]). At the same time, "[n]either affidavits, deposition testimony, nor letters are considered documentary evidence" for the purposes of CPLR 3211 (a) (1) (*Granada Condominium III Assn v Palomino*, 78 AD3d 996, 997 [2d Dept 2010] [internal quotation marks and citations omitted]; *see also Suchmacher v Manana Grocery*, 73 AD3d 1017, 1017 [2d Dept 2010]). However, statements made by a party or his/her attorney in pleadings, motion papers, affidavits, or depositions in another judicial proceeding are deemed to be informal judicial admissions and are admissible against the party (*Matter of Union Indem. Ins. Co. of N.Y.*, 89 NY2d 94, 103 [1996]).

To succeed on a motion to dismiss pursuant to CPLR 3211 (a) (5), a party must demonstrate that the "cause of action may not be maintained because of arbitration and award, collateral estoppel, discharge in bankruptcy, infancy or other disability of the moving party, payment, release, res judicata, statute of limitations, or statute of frauds" (CPLR 3211 [a] [5]).

In determining a motion to dismiss pursuant to CPLR 3211 (a) (7), a court must "accept the facts as alleged in the complaint as true, accord plaintiff[] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Kolchins v Evolution Mkts., Inc.*, 31 NY3d 100, 105-106 [2018] quoting *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *see also Strujan v Kaufman & Kahn, LLP*, 168 AD3d 1114, 1115 [2d Dept 2019]; *Gorbatov v Tsirelman*, 155 AD3d 836, 837 [2d Dept 2017]). A court may consider affidavits submitted by plaintiff to remedy any defects in the complaint, but not for the purpose of determining whether there is evidentiary support for the pleading (*see Leon*, 84 NY2d at 88; *Sokol v Leader*, 74

7

Case 1:23-cv-06008-RPK-TAM Document 1-5 Filed 08/09/23 Page 119 of 147 PageID #: 145

AD3d 1180, 1181 [2d Dept 2010]). "If the court considers evidentiary material, the criterion then becomes whether the proponent of the pleading has a cause of action, not whether he has stated one" (*Sokol*, 74 AD3d at 1181-1182 [internal quotation marks and citation omitted]). Allegations consisting of bare legal conclusions must not be considered (*see Connaughton v Chipotle Mexican Grill, Inc.*, 29 NY3d 137, 141-142 [2017]). "Whether the complaint will later survive a motion for summary judgment, or whether the plaintiff will ultimately be able to prove its claims, of course, plays no part in the determination of a prediscovery CPLR 3211 motion to dismiss" (*Gorbatov*, 155 AD3d at 837, quoting *Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 38 AD3d 34, 38 [2d Dept 2006]).

Initially, Fellowship notes that the allegations in the counterclaims are unverified, incredible and devoid of legal merit. Fellowship also states that the claim that 50% of the note and mortgage were assigned to Abraham's children is unsubstantiated and in direct contravention to the express terms of RORT, which mandates that its estate be distributed to one or more taxable organizations. Fellowship asserts that the counterclaimants attempt to besmirch Abraham's character and submit statements from two individuals as to Abraham's good character as exhibits. In response, counterclaimants contend that this type of submission, which was clearly prepared in response to the counterclaims' allegations, may not be considered on this motion.

Fellowship also annexes what purports to be a portion of a 2008 New Jersey superior court decision finding that $374,000 mortgage on the property belonged to RORT, and which thereby negates counterclaimants' contention that the mortgage and

8

Case 1:23-cv-06008-RPK-TAM  Document 1-5  Filed 08/09/23  Page 120 of 147 PageID #: 146

note were deeded to 10 O.K. and Abraham's children in 1991. In response, counterclaimants argue that this document is submitted in furtherance of factual issues to be determined at trial and should not be considered on this motion.

In their opposition, counterclaimants initially contend that Fellowship's motion to dismiss pursuant to CPLR 3211 (a) (1) fails, because it has not submitted the appropriate documentary evidence to support its claims. Counterclaimants contend that the copy of underlying trust agreement of RORT submitted by Fellowship, which mandates that RORT assets be split between Philip and Abraham, is not authenticated, and that counterclaimants have not had an opportunity to challenge its legitimacy. Counterclaimants also argue that the two affidavits from Abraham's character witnesses do not adequately lend evidentiary support for the pleadings.

Here, the court finds that the RORT trust agreement and the affidavits in support of Abraham's trust agreement do not adequately support the pleadings, and finds that there is no basis to dismiss the counterclaims based on CPLR 3211 (a) (1), as the evidence does not conclusively establish a defense to the counterclaims as a matter of law (*see Minchala*, 177 AD3d at 867; *Fontanetta*, 73 AD3d at 86; *Leon v Martinez*, 84 NY2d at 88. Accordingly, the court considers Fellowship's motion to dismiss with respect to whether the counterclaims have established each of their causes of action under CPLR 3211 (a) (7) or CPLR 3211 (a) (5), as appropriate.

### *Declaratory Judgment Cause of Action*

Counterclaimants seek a declaratory judgment declaring the alleged assignment of the note and mortgage to Fellowship as unenforceable, null and void as part of a

9

fraudulent scheme, due to Abraham's lack of rights or interest in the note or mortgage at the time of its assignment, and without further impact or effect. "The supreme court may render a declaratory judgment having the effect of a final judgment as to the rights and other legal relations of the parties to a justiciable controversy whether or not further relief is or could be claimed" (CPLR 3001). "A declaratory judgment action may be an appropriate vehicle for settling justiciable disputes as to contract rights and obligations" (*Kalisch-Jarcho, Inc. v City of New York*, 72 NY2d 727, 731 [1988]). When seeking a declaratory judgment, the demand for relief "shall specify the rights and other legal relations on which a declaration is requested and state whether further or consequential relief is or could be claimed and the nature and extent of any such relief which is claimed" (CPLR 3017 [b]).

"While fact issues certainly may be addressed and resolved in the context of a declaratory judgment action . . . the point and the purpose of the relief is to declare the respective legal rights of the parties based on a given set of facts, not to declare findings of fact" (*Thome v Alexander & Louisa Calder Found.*, 70 AD3d 88, 99-100 [1st Dept 2009] [internal citations omitted], *lv denied* 15 NY3d 703 [2010]). "Generally speaking, '[a] motion to dismiss a declaratory judgment action prior to the service of an answer presents for consideration only the issue of whether a cause of action for declaratory relief is set forth, not the question of whether the plaintiff is entitled to a favorable declaration'" (*North Oyster Bay Baymen's Assn v Town of Oyster Bay*, 130 AD3d 885, 890 [2d Dept 2015] quoting *Minovici v Belkin BV*, 109 AD3d 520, 524 [2d Dept 2013]). "Where a cause of action is sufficient to invoke a court's power to 'render a declaratory judgment

10

as to the rights of the parties to a justiciable controversy' (CPLR 3001; *see* CPLR 3017 [b]), a motion to dismiss that cause of action should be denied (*id.* quoting *Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie*, 87 AD3d 1148, 1150 [2d Dept 2011]).

Fellowship contends that while the first counterclaim seeks a declaration that RORT, by Abraham, had no right to assign the note and mortgage to Fellowship and, therefore, they are null and void, the court cannot issue such a declaration because neither RORT nor Abraham are parties to this action. In addition, Fellowship argues that the prayer for relief in the counterclaim falls short of the statutory requirement in CPLR 3017 (b) in that it does not contain a specification of the rights and legal relations on which the declaration is requested and fails to mention the need, or lack thereof, of any required consequential relief.

In opposition, counterclaimants assert that the declaratory judgment claim arises from the same nucleus of operative facts as Fellowship's claims, i.e., the issue of the legitimacy of Fellowship's legal interest in the note. Therefore, the extent that Abraham is affected by this and the rest of the causes of action in the counterclaim depends on the nature of Abraham's relationship with Fellowship. Counterclaimants further contend that since Fellowship claims to be part owner of the note, a declaratory judgment action may appropriately be used to settle the rights and obligations of a party.

Here, accepting the facts as alleged and as pertaining to the first counterclaim as true, and according counterclaimants every favorable inference, the court finds that counterclaimants have adequately established a cause of action seeking a declaration that the alleged assignment of the note and mortgage to Fellowship is void and unenforceable

11

(*see Kolchins*, 31 NY3d at 105-106; *Strujan*, 168 AD3d at 1115). In effect, this cause of action seeks to establish the rights of the parties – Fellowship and counterclaimants – with respect to the note and mortgage, which is a proper declaratory judgment action (*see Thome*, 70 AD3d at 99-100). Moreover, at this early stage of the action, prior to Fellowship's service of a reply to the counterclaims, the issue is only whether counterclaimants have set forth a cause of action for declaratory judgment, not whether they are entitled to a favorable declaration (*see North Oyster Bay Baymen's Ass'n*, 130 AD3d at 890. The counterclaimants have pled a cause of action sufficient to invoke the court's power to render a declaratory judgment, and, therefore, Fellowship's motion to dismiss this cause of action is denied (*see Tilcon New York*, 87 AD3d at 1150).

***Fraud***

The second counterclaim/cause of action is for fraud, wherein counterclaimants allege that Fellowship commenced this action fraudulently claiming that it owned the note and mortgage, knowing that at least 50% of the mortgage was expressly and exclusively assigned to 10 O.K., in order to cause counterclaimants emotional and financial distress.

"The essential elements of a cause of action for fraud are representation of a material existing fact, falsity, scienter, deception and injury" (*New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 318 [1995] [internal quotation marks and citation omitted]). "To establish fraud, a plaintiff must prove a misrepresentation or a material omission of fact which was false and known to be false by the defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance, and injury" (*Nerey v Greenpoint Mtge. Funding, Inc.*, 144 AD3d 646, 647 [2d Dept 2016] quoting *Curtis-*

12

Case 1:23-cv-06008-RPK-TAM Document 1-5 Filed 08/09/23 Page 124 of 147 PageID #: 150

*Shanley v Bank of Am.*, 109 AD3d 634, 636 [2d Dept 2013], *rearg denied* 23 NY3d 997 [2014]). "All of the elements of a fraud claim must be supported by factual allegations containing the details constituting the wrong in order to satisfy the pleading requirements of CPLR 3016 (b)" (*House of Spices (India), Inc. v SMJ Servs, Inc.*, 103 AD3d 848, 850 [2d Dept 2013] [internal quotation marks and citations omitted]). However, "it may be almost impossible to state in detail the circumstances constituting a fraud 'where those circumstances are peculiarly within the knowledge of [an adverse] party'" (*id.* quoting *Jered Contr. Corp. v New York City Tr. Auth.*, 22 NY2d 187, 194 [1968]). In such situation, CPLR 3016 (b)'s heightened pleading requirements may be satisfied "when the material facts alleged in the complaint, in light of the surrounding circumstances, 'are sufficient to permit a reasonable inference of the alleged conduct' including the adverse party's knowledge of, or participation in, the fraudulent scheme" (*id.* quoting *High Tides, LLC v DeMichele*, 88 AD3d 954, 957 [2011], quoting *Pludeman v Northern Leasing Sys., Inc.*, 10 NY3d 486, 492 [2008]).

Fellowship contends that the counterclaim fails to plead any fraud with particularity and is devoid of any specificity as to the time, place or manner of any fraud by or on its behalf. Fellowship argues that (1) its filing of the present lawsuit does not constitute misrepresentation, (2) there is no description of the manner in which counterclaimants detrimentally relied upon the alleged misrepresentations, which they purportedly knew to be false, and (3) there are no assertions as to what actions counterclaimants took, or did not take, in reliance on the alleged misrepresentation. In

Case 1:23-cv-06008-RPK-TAM    Document 1-5    Filed 08/09/23    Page 125 of 147 PageID #: 151

opposition, counterclaimants do not advance any specific arguments with respect to the fraud cause of action.

Counterclaimants' second counterclaim/cause of action for fraud is dismissed, as it fails to allege any particular misrepresentation or material omission of fact made by Fellowship, which Fellowship knew to be false, for the purpose of inducing counterclaimants' to specifically rely thereon (*see Nerey*, 144 AD3d at 647; *Curtis-Shanley*, 109 AD3d at 636). Even if more particularized facts that would make out this claim are exclusively within Fellowship's purview, counterclaimants fail to suggest any way in which they detrimentally relied upon Fellowship's misrepresentation, and, moreover, have failed to specifically oppose the motion to dismiss this counterclaim/cause of action.

***Conversion***

The third counterclaim/cause of action alleges that Realty owns and controls the day-to-day operation of the property, that 10 O.K. holds 50% of the note and mortgage and that Abraham, Fellowship and the third-party defendants do not have any rights with respect to the mortgage or the note. It further alleges that Abraham, Fellowship and the third-party defendants claim an interest in the note and mortgage which interferes with the counterclaimants' rights thereto, and that Fellowship's (and related individuals') action to foreclose on the mortgage without a valid claim or legal right to so act constitutes conversion.

In order to recover damages in a conversion action, "a plaintiff must show (1) legal ownership or an immediate right of possession to a specific identifiable thing and (2) that

14

Case 1:23-cv-06008-RPK-TAM  Document 1-5  Filed 08/09/23  Page 126 of 147 PageID #: 152

the defendant exercised an unauthorized dominion over the thing in question to the exclusion of the plaintiff's right" (*Giardini v Settanni*, 159 AD3d 874, 875 [2d Dept 2018]; *Mackey Reed Elec., Inc. v Morrone & Assoc., P.C.*, 125 AD3d 822, 824 [2d Dept 2015]; *see also Independence Discount Corp. v Bressner*, 47 AD2d 756, 757 [2d Dept 1975]). "Conversion is concerned with possession, not with title" (*State of New York v Seventh Regiment Fund*, 98 NY2d 249, 259 [2002], quoting *Pierpoint v Hoyt*, 260 NY26, 29 [1932]). "Some affirmative act--asportation by the defendant or another person, denial of access to the rightful owner or assertion to the owner of a claim on the goods, sale or other commercial exploitation of the goods by the defendant--has always been an element of conversion" (*State of New York*, 98 NY2d at 260). A defendant who has custody of property but who does not exclude the owner from exercise of his or her rights is not liable for conversion (*id.* at 259-260).

Fellowship contends that the counterclaim/cause of action for conversion is not based on Fellowship's taking possession of the property that serves as security for the note and mortgage, but rather on its assertion of an ownership interest in the note and mortgage. Fellowship argues that counterclaimants' rights with respect to the note and mortgage, to the extent any such rights exist, have not been affected by Fellowship's assertion of ownership of the note and mortgage. Fellowship in this regard maintains that counterclaimants' rights are intangible and states that until such time as Fellowship forecloses on the mortgage, takes control of the property, or receives proceeds from an auction or sale of the premises, which may occur upon a ruling in its favor at the conclusion of this litigation, it cannot be deemed to have converted anything.

15

Case 1:23-cv-06008-RPK-TAM   Document 1-5   Filed 08/09/23   Page 127 of 147 PageID #: 153

In opposition, counterclaimants contend that the fact that this action was brought to declare the parties' rights with respect to the property is a misappropriation of rights that directly interferes with counterclaimants' exclusive rights to the property. Counterclaimants argue that they should not have to wait until the property has been foreclosed upon to protect their interests in it.

The allegations in the counterclaim, if ultimately found to be true, support both elements of a conversion claim. First, counterclaimants have adequately pled that they have legal ownership or possession of a specific identifiable thing – i.e., the property's note and mortgage (see *Giardini*, 159 AD3d at 875; *Mackey Reed Elec. Inc.*, 125 AD3d at 824). Second, counterclaimants have sufficiently asserted that Fellowship is attempting to foreclose on the property in contravention of counterclaimants' purported interests in the note and mortgage (see *Seventh Regiment Fund*, 98 NY2d at 260). Attempted foreclosure is the affirmative act of denying counterclaimants the rights with respect to the property, an element of conversion (*id.*). Accordingly, Fellowship's motion to dismiss the conversion cause of action is denied.

*Abuse of Process*

The fourth counterclaim/cause of action for abuse of process alleges that Fellowship commenced this lawsuit, without legal basis, to foreclose on the note and mortgage, which it did not own. Fellowship allegedly initiated the foreclosure action to pressure counterclaimants to settle the remaining principal of the mortgage and/or force a sale of the property. Fellowship was allegedly aware that at least 50% of the mortgage

Case 1:23-cv-06008-RPK-TAM   Document 1-5   Filed 08/09/23   Page 128 of 147 PageID #: 154

was expressly and exclusively assigned to 10 O.K. Counterclaimants were allegedly injured as a result.

Fellowship contends that mere commencement of a civil action cannot form the basis for an abuse of process claim. Counterclaimants have not advanced any arguments with respect to the abuse of process claim in their opposition.

"[T]he tort of abuse of process has three essential elements: (1) regularly issued process, either civil or criminal, (2) an intent to do harm without excuse or justification, and (3) use of the process in a perverted manner to obtain a collateral objective" (*Perry v McMahan*, 164 AD3d 1486, 1488 [2d Dept 2018], citing *Curiano v Suozzi*, 63 NY2d 113, 116 [1984]). "[T]he institution of a civil action by summons and complaint is not legally considered process capable of being abused" (*Curiano*, 63 NY2d at 116; *see also Tenore v Kantrowitz, Goldhamer & Graifman*, 76 AD3d 556, 557 [2d Dept 2010]).

Since the mere commencement of a civil action by summons and complaint is not legally considered process capable of being abused, counterclaimants' fourth counterclaim/cause of action for abuse of process is dismissed (*see Curiano*, 63 NY2d at 116; *Tenore*, 76 AD3d at 557.

***Tortious Interference***

The fifth counterclaim/cause of action for tortious interference alleges that: (1) a valid and enforceable agreement existed between Realty as mortgagor and 10 O.K. as mortgagee of the mortgage, Abraham and Philip having previously assigned 50% of the rights to the mortgage to 10 O.K.; (2) Fellowship, third-party defendants and Abraham knew of the existence of this relationship and the prior assignment; and (3) Fellowship,

17

third-party defendants and Abraham are impermissibly attempting to accelerate the loan and make it impossible for 10 O.K. to pay its debt well before its maturity in 2023.

"The elements of a cause of action alleging tortious interference with contract are: (1) the existence of a valid contract between the plaintiff and a third party, (2) the defendant's knowledge of that contract, (3) the defendant's intentional procurement of a third-party's breach of that contract without justification, and (4) damages" (*Tri-Star Light. Corp. v Goldstein*, 151 AD3d 1102, 1105 [2d Dept 2017], quoting *Nagan Constr., Inc. v Monsignor McClancy Mem. High Sch.*, 117 AD3d 1005, 1006 [2d Dept 2014]; *S & S Hotel Ventures Ltd. Partnership v 777 S.H. Corp.*, 108 AD2d 351, 354 [1st Dept 1985]).

Fellowship argues that, by counterclaimants' own admission, their interest in the note and mortgage was only 50%, and the holder of the remaining interest in the note and mortgage, i.e. Fellowship, has every right to protect its interests in the note and mortgage including commencing a foreclosure proceeding for failure to make the required payments. Fellowship also contends that it did know of the existence of a valid contract between the two counterclaimants. Fellowship argues that a finding in favor of counterclaimants under these facts would mean that in any situation involving parties with shared interests, no party would be permitted to take any action to protect their interests because such action would "interfere" with another party's interests. In opposition, counterclaimants do not advance any arguments with respect to the tortious interference cause of action.

18

Case 1:23-cv-06008-RPK-TAM  Document 1-5  Filed 08/09/23  Page 130 of 147 PageID #: 156

Here, as Fellowship argues, counterclaimants have not established the totality of their interest in the mortgage and the note, such that it is possible for another party holding an interest to interfere. Accordingly, counterclaimants' cause of action for tortious interference with contract is dismissed.

### Civil Conspiracy

The sixth counterclaim/cause of action for civil conspiracy alleges that Abraham, Fellowship and the third-party defendants jointly conspired to steal and misappropriate the note, mortgage and property by improperly assigning the note and mortgage when they had no rights to so assign. Each third-party defendant allegedly formed Fellowship, accepted the bogus assignment, and participated in bringing the instant foreclosure action in furtherance of the conspiracy.

Fellowship contends that the conspiracy cause of action must be dismissed because New York does not recognize a civil cause of action for conspiracy. In opposition, counterclaimants argue that a party can plead a conspiracy cause of action when, as here, there are underlying actionable tort claims against Fellowship and the third-party defendants, in order to connect the parties.[4] In reply, Fellowship contends that the counterclaimants have failed to identify the underlying tort to which the alleged conspiracy claim is connected.

"New York does not recognize civil conspiracy to commit a tort . . . as an independent cause of action" (*Blanco v Polanco*, 116 AD3d 892, 896 [2d Dept 2014];

---

[4] While counterclaimants allege a conspiracy between Fellowship, third-party defendants and Abraham, Abraham is not a party to this action.

19

*Dickinson v. Igoni*, 76 AD3d 943, 945 [2d Dept 2010]; *Hebrew Inst. for Deaf & Exceptional Children v Kahana*, 57 AD3d 734, 735 [2d Dept 2008]). However, "a plaintiff may plead the existence of a conspiracy in order to connect the actions of the individual defendants with an actionable, underlying tort and establish that those actions were part of a common scheme" (*Litras v Litras*, 254 AD2d 395, 396 [2d Dept 1998]).

> "The allegation of conspiracy carries no greater burden, but also no less, than to assert adequately common action for a common purpose by common agreement or understanding among a group, from which common responsibility derives. Therefore, under New York law, [i]n order to properly plead a cause of action to recover damages for civil conspiracy, the plaintiff must allege a cognizable tort, coupled with an agreement between the conspirators regarding the tort, and an overt action in furtherance of the agreement. A bare conclusory allegation of conspiracy is usually held insufficient" (*Blanco*, 116 AD3d at 896 [internal quotation marks and citations omitted]).

Here, counterclaimants have failed to adequately plead a conspiracy cause of action in that they have not sufficiently pled the existence of a common agreement or understanding between conspirators Fellowship, Abraham and the third-party defendants to commit an actionable underlying tort (*Blanco*, 116 AD3d at 896). In addition, counterclaimants do not state which of the underlying torts the alleged conspirators conspired to commit. Accordingly, the sixth cause of action for conspiracy is dismissed.

### *Promissory Estoppel*

The seventh counterclaim/cause of action for promissory estoppel alleges that Abraham, through Fellowship and third-party defendants, promised counterclaimants that he relinquished all rights to the property and in reliance thereon, counterclaimants

20

Case 1:23-cv-06008-RPK-TAM    Document 1-5    Filed 08/09/23    Page 132 of 147 PageID #: 158

assumed primary responsibility for the property's expenses. Fellowship and Abraham allegedly failed to keep their promise, and counterclaimants allegedly sustained damages as a result.

"The elements of a cause of action based upon promissory estoppel are a clear and unambiguous promise, reasonable and foreseeable reliance by the party to whom the promise is made, and an injury sustained in reliance on that promise" (*Williams v Eason*, 49 AD3d 866, 868 [2d Dept 2008]).

Fellowship contends that counterclaimants have failed to plead the existence of a clear and unambiguous promise. Rather, Fellowship states that the allegations of a promise, made upon information and belief, was that of Abraham's promise, and Abraham is not a party to this action. Fellowship asserts that there is no allegation that Abraham or Fellowship made any clear and unambiguous promise to Realty prior to it purchasing the property. In addition, Fellowship argues that counterclaimants cannot claim to have reasonably relied on such promise or that they suffered damages as a result. In opposition, counterclaimants fail to advance any specific arguments regarding the promissory estoppel cause of action.

Counterclaimants' promissory estoppel claim is dismissed, as counterclaimants have failed to plead a clear and unambiguous promise to them on Fellowship's part, as well as their own reasonable, detrimental reliance upon that promise (*see Williams*, 49 AD3d at 868).

21

*Unjust Enrichment*

The eighth counterclaim/cause of action for unjust enrichment alleges that: (1) Abraham relinquished all rights to the property in exchange for settlement of his debts; (2) counterclaimants, in reliance on that transfer, satisfied Abraham's debts and assumed primary responsibility for upkeep, expenses, and operation of the property; (3) acceleration of foreclosure would unjustly enrich Fellowship and Abraham at counterclaimants' expense; and (4) it would therefore defy equity and good conscience to allow Abraham and/or Fellowship to retain rights in the mortgage, note and property.

"The elements of unjust enrichment are that the defendants were enriched, at the plaintiff's expense, and that it is against equity and good conscience to permit the defendants to retain what is sought to be recovered" (*County of Nassau v Expedia, Inc.*, 120 AD3d 1178, 1180 [2d Dept 2014]; *Old Republic Natl. Tit. Ins. Co. v Luft*, 52 AD3d 491, 491-492 [2d Dept 2008]). "The essence of unjust enrichment is that one party has received money or a benefit at the expense of another" (*City of Syracuse v R.A.C. Holding*, 258 AD2d 905, 906 [4th Dept 1999]).

Fellowship contends that it is a charity which has received a donation – by way of assignment -- of the note and mortgage, and that it is against New York public policy to force it to disgorge the receipt of its donation. It also argues that any benefit inuring to it did not come at counterclaimants' expense. In that regard, it contends that Realty's ownership of the premises is not impacted by the donation of the note and mortgage to Fellowship. Counterclaimants do not advance any specific arguments with respect to this cause of action in their opposition.

22

Case 1:23-cv-06008-RPK-TAM   Document 1-5   Filed 08/09/23   Page 134 of 147 PageID #: 160

Charitable pledges are enforceable as a matter of public policy in New York, and it is against public policy to disgorge such bequests (*see Woodmere Academy v Steinberg*, 41 NY2d 746, 749-750 [1977]; *Matter of Versailles Found. (Bank of N.Y.)*, 202 AD2d 334, 334-335 [1st Dept 1994]; *Cohoes Mem. Hosp. v Mossey*, 25 AD2d 476, 477 [3d Dept 1966]). Counterclaimants have failed to sufficiently plead that Fellowship and the third-party defendants were unjustly enriched by the grant of rights regarding the property to Fellowship, or that such purported enrichment was at the counterclaimants' expense. Indeed, Realty is still an owner of the property, and counterclaimants note that 10 O.K. still owns 50% interest in the mortgage and note. Accordingly, the unjust enrichment claim is dismissed.

To the extent not specifically addressed herein, the parties remaining contentions and arguments were considered and found without merit and/or moot. Accordingly, it is

**ORDERED** that Fellowship's motion, mot. seq. five, for an order, pursuant to CPLR 3211, dismissing Realty's and 10 O.K.'s counterclaims is granted in part and denied in part. The causes of action in the counterclaim for fraud, abuse of process, tortious interference, civil conspiracy, promissory estoppel and unjust enrichment are dismissed. The causes of action for a declaratory judgment as to the rights of the respective parties and for conversion remain.

This constitutes the decision and order of the court.

ENTER,

J.S.C.

HON. LAWRENCE KNIPEL
ADMINISTRATIVE JUDGE

23

IAS   Comm-t
At a Term, Part ___, of the Supreme Court
of the State of New York, held in and for
the County of Kings, at the Courthouse located
at 360 Adams Street, Brooklyn
New York, on the 13 day of September, 2021

PRESENT: Hon. Lawrence Knipel, JSC
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No: 516690/2019

-------------------------------------------------------------------x

THE FELLOWSHIP FOR ADVANCED COMPREHENSIVE
TALMUDICS, INC.,

                                        Plaintiff,                    **ORDER TO SHOW
                                                                      CAUSE**

                    – against –

EAST 16TH ST. REALTY, LLC, SIGNATURE
BANK, NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE, and "JOHN DOE #1"
through "JOHN DOE #10", the last ten names being fictitious and
unknown to Plaintiff, the person or parties intended being
the persons or parties, if any, having or claiming an interest in
or lien upon the mortgaged property described in the complaint,

                                        Defendant.

-------------------------------------------------------------------x

        Upon reading the accompanying Affirmation of Eli Sarfaty, affirmed on the 6th day of

September, 2021, and all the other proceedings heretofore had herein, and sufficient reason

appearing therefore, it is

        Ordered that Plaintiff, THE FELLOWSHIP FOR ADVANCED COMPREHENSIVE

TALMUDICS, INC., show cause before this Court at IAS Part ___ thereof in Room COM

6, 360 Adams Street, Brooklyn, New York, on the 6 th day of Oct. , 2021, at 11am

o'clock in the forenoon of that day, or as soon thereafter as counsel can be heard, why an Order

should not be made and entered pursuant to N.Y. C.P.L.R. 321(b)(2), granting the following

relief Each ___ to be virtual telephonic as per Part Comm-t rules.

                                             1

Case 1:23-cv-06008-RPK-TAM  Document 1-5  Filed 08/09/23  Page 136 of 147 PageID #: 162

1. An Order relieving the undersigned firm as attorneys for Plaintiff THE

   FELLOWSHIP FOR ADVANCED COMPREHENSIVE TALMUDICS, INC. in the

   above-entitled action, upon the ground that Plaintiff has irreconcilable differences

   with Sarfaty & Associates, P.C., their attorney of record; and

2. Declaring that Sarfaty & Associates, P.C. has no further responsibility in this action,

   and allowing the Plaintiff THE FELLOWSHIP FOR ADVANCED

   COMPREHENSIVE TALMUDICS, INC. the opportunity to take such steps as they

   may deem necessary to protect her rights in this matter; and

3. Granting such other and further relief as to this court may seem just and proper.

   NOW, upon the reading and filing of the annexed papers and affirmation attached hereto,

and pending further decision and order of this Court, it is hereby;

   ORDERED, that this matter is stayed pending the outcome of this motion and it is

further;

   ORDERED, that service of a copy of this Order and the papers upon which it is based be

served on Plaintiff THE FELLOWSHIP FOR ADVANCED COMPREHENSIVE

TALMUDICS, INC., by overnight mail on or before the 23 day of Sept, 2021; and

Upon all other parties by efiling on or before the 22 day of Sept, 2021 be

deemed good and sufficient service.

Dated: New York, NY
       September 13, 2021

                                              ENTER,

                                                                          J.S.C.

                                              HON. LAWRENCE KNIPEL
                                              ADMINISTRATIVE JUDGE

                            2

Case 1:23-cv-06008-RPK-TAM   Document 1-5   Filed 08/09/23   Page 137 of 147 PageID #: 163

At an I.A.S. Trial Term, Part ___ of the Supreme
Court of the State of New York, held in and for the
County of Kings, at the Courthouse, located at
Civic Center, Borough of Brooklyn, City and State
of New York, on the 6 day of Oct, 2021

P R E S E N T :

Hon. _Knipel_

**Justice**

Fellowship

**Plaintiff(s)**

- against -

East 16th

**Defendant(s)**

Cal. No.

Index No. 516690/2019

| The following papers numbered 1 to ___ read on this motion | Papers Numbered |
|---|---|
| Notice of Motion - Order to Show Cause and Affidavits (Affirmations) Annexed ___ OSC | 1 |
| Answering Affidavit (Affirmation) ___ | |
| Reply Affidavit (Affirmation) ___ OPP | 2 |
| ___ Affidavit (Affirmation) ___ | |
| Pleadings - Exhibits ___ | |
| Stipulations - Minutes ___ | |
| Filed Papers ___ | |

+oral argument.

OSC gtd - counsel relieved,
Stay 30 days to obtain
new counsel

For Clerks use only

MG___

MD___

Motion Seq. #

E N T E R

_____ J.S.C.

HON. LAWRENCE KNIPEL
ADMINISTRATIVE JUDGE

EJV-rev 11-04

dg

KINGS COUNTY CLERK
FILED

2021 DEC -3 AM 9: 21

At a Centralized Compliance Part of the
Supreme Court of the State of New York, held
in and for the County of Kings, at the
Courthouse, located at Civic Center, Borough
of Brooklyn, City and State of New York, on the
__29__ day of ___November___, 20_21_

**PRESENT:**

**HON. LAWRENCE KNIPEL**

_____
Justice/JHO

CAL. NO. _15_

516690/2019

------------------------------------------X

THE FELLOWSHIP FOR
ADVANCED                       Plaintiff(s),

INDEX NO. ~~516680~~/2019

-against-

EAST 16TH ST. REALTY,
LLC. ET AL.

☐ ON CONSENT

☐ ON DEFAULT ORDER    **ORDER**

☐ AFTER ORAL ARGUMENT

Defendant(s)

------------------------------------------X

| The following papers number 1 to   read on this motion | Papers Numbered |
|---|---|
| Notice of Motion-Order to Show Cause and Affidavits (Affirmations) Annexed | |
| Answering Affidavit (Affirmation) | |
| Reply Affidavit (Affirmation) | |
| Affidavit (Affirmation) | |
| Pleadings-Exhibits | |
| Stipulations-Minutes | |
| Filed Papers | |

Defendant Signature Bank's motion to dismiss/compel/etc (mot. seq. 7) is adjourned to 1/7/22, pursuant to the
parties stipulation, to give plaintiff's incoming counsel an opportunity to review the pending motion (NYSCEF
#152). Pursuant to the aforesaid stipulation, opposition papers o/o/b 12/24/21.

ATTORNEY FIRM

ATTORNEY FOR:

ATTORNEY FROM:

CAS-rev. 09-2014

| For Clerk's Use Only | |
|---|---|
| MG _____ | **Retracked:** |
| MD _____ | ○ Standard |
| Motion Seq. # _007_ | ○ Complex |

ENTER:

_____
J.S.C./J.H.O.
HON. LAWRENCE KNIPEL

| PRINT FIRM NAME | SIGNATURE | |
|---|---|---|
| ATTORNEY FIRM_____ | by_____ | FOR PLAINTIFF(S)_____ |
| ATTORNEY FIRM_____ | by_____ | FOR DEFENDANT(S)_____ |
| ATTORNEY FIRM_____ | by_____ | FOR DEFENDANT(S)_____ |
| ATTORNEY FIRM_____ | by_____ | FOR DEFENDANT(S)_____ |
| ATTORNEY FIRM_____ | by_____ | FOR DEFENDANT(S)_____ |

CAS-rev. 09-2014

dg

KINGS COUNTY CLERK
FILED

2022 JAN 14 AM 9: 37

At a Centralized Compliance Part of the
Supreme Court of the State of New York, held
in and for the County of Kings, at the
Courthouse, located at Civic Center, Borough
of Brooklyn, City and State of New York, on the
_7th_ day of _____January_____, 20 22

**PRESENT:**

**HON. LAWRENCE KNIPEL**

**Justice/JHO**

CAL. NO. _13_

------------------------------------------------X

THE FELLOWSHIP FOR
ADVANCED                    Plaintiff(s),

-against-

EAST 16TH ST. REALTY,
LLC, ET AL.

                            Defendant(s)

INDEX NO. _516690/2019_

☐ ON CONSENT
☐ ON DEFAULT ORDER    **ORDER**
☐ AFTER ORAL ARGUMENT

------------------------------------------------X

| The following papers number 1 to  read on this motion | Papers Numbered |
|---|---|
| Notice of Motion-Order to Show Cause and Affidavits (Affirmations) Annexed | |
| Answering Affidavit (Affirmation) | |
| Reply Affidavit (Affirmation) | |
| Affidavit (Affirmation) | |
| Pleadings-Exhibits | |
| Stipulations-Minutes | |
| Filed Papers | |

Defendant Signature Bank (Signature) moves to dismiss/compell/etc. claiming plaintiff failed to respond to
Signature's discovery demands, to produce Abraham Ort for a deposition. (mot. seq. 7). The motion is fully briefed
(NYSCEF # 153) and based on all of the foregoing is decided as follows: O/o/b 3/10/22 plaintiff to provide full
responses to Signature's demands and interrogatories (NYSCEF 130-131). If plaintiff objects it shall state the
precise legal and factual basis for the objections. If plaintiff claims privilege it shall provide a privilege log and to
the extent that no records exist, regardless of the claim of privilege or other objection, provide an affidavit that
conforms with Jackson v. New York, 185 A.D.2d 768 (1st Dept 1992). Plaintiff to appear for EBT o/o/b 4/8/22.
NOI o/o/b 11/11/22. All other relief specifically requested and not granted herein is denied with leave to renew
after plaintiff's EBT.  Due to the current COVID 19 rules, the parties shall prepare and upload to the New York
State Courts Electronic Filing System a consent compliance conference order by 2/25/22. Failure to submit an order
shall result in the Court issuing one, sua sponte, pursuant to the Kings Supreme Civil Terms Rules: Part-E.

| For Clerk's Use Only | |
|---|---|
| MG EK | **Retracked:** |
| MD _____ | ☐ Standard |
| Motion Seq. # 007 | ☐ Complex |

ENTER:

HON. LAWRENCE KNIPEL
SUPREME COURT JUSTICE

| PRINT FIRM NAME | SIGNATURE | |
|---|---|---|
| ATTORNEY FIRM_____by_____ | FOR PLAINTIFF(S)_____ |
| ATTORNEY FIRM_____by_____ | FOR DEFENDANT(S)_____ |
| ATTORNEY FIRM_____by_____ | FOR DEFENDANT(S)_____ |
| ATTORNEY FIRM_____by_____ | FOR DEFENDANT(S)_____ |
| ATTORNEY FIRM_____by_____ | FOR DEFENDANT(S)_____ |

CAS-rev. 09-2014

Int_____
NOI_____
1x  2x

Hon. Odessa Kennedy

PRESENT: _____, JHO/JSC

----------------------------------------X
THE FELLOWSHIP FOR ADVANCED
COMPREHENSIVE TALMUDICS, INC. Plaintiff(s),

-against-

EAST 16TH ST. REALTY, LLC, et al,

                                    Defendant(s)
----------------------------------------X

At the Central Compliance Part of The Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse located at 360 Adams Street, Brooklyn New York on the 25 day of February 20 22

CAL. NO. _____ 31

**CENTRAL COMPLIANCE PART CONFERENCE ORDER**

INDEX NO. 516690/2019

☐ ON DEFAULT
☒ ON CONSENT
☐ AFTER ORAL ARGUMENT

~~Plaintiff to provide all outstanding authorizations within twenty (20) days.~~ (Enumerate if necessary on Page 2)
All outstanding responses to Discovery and Inspection requests within twenty (20) days.
Depositions of all parties_____ must be held on or before April 8, 2022 .
~~Independent Medical Examinations to be held on or before _____ (within thirty (30)~~
~~days after the plaintiff's depositions). Defendant to designate Doctor(s) by _____~~
~~Medical Reports must be exchanged within _____ days of the exam.~~
Plaintiff shall file a Note of Issue on or before ~~12/11/2022~~ 1-20-2/ or action may be dismissed.. Plaintiff must comply with the Uniform Rules of Kings County for placing action on the Calendar. Further ordered:

| See attached Page 2 of 2.  NOI  1/20/23 |
| --- |

Unjustified failure of any party to comply with the terms of this Order may result in sanctions.

FCP 12/9/22

For Clerk's Use Only

Retracked:
☐ Standard
☐ Complex

ENTER:

_____
J.H.O./J.S.C

Hon. Odessa Kennedy

| | PRINT FIRM NAME | SIGNATURE | |
| --- | --- | --- | --- |
| ATTORNEY FIRM | Jonathan E. Neuman | by | FOR PLAINTIFF(S) All |
| ATTORNEY FIRM | Fidelity National Law Group | by | FOR DEFENDANT(S) Signature Bank |
| ATTORNEY FIRM | Heller Horowitz & Feit | by /s/ Martin Stein | FOR DEFENDANT(S) East 16th St. Realty, LLC, and |
| ATTORNEY FIRM | | by | FOR DEFENDANT(S) 10 O.K. L.P. |
| ATTORNEY FIRM | ELLIOT PASIK | by | FOR DEFENDANT(S) 3RD PARTY DEFTS. |

CCP 2/20

FILED: KINGS COUNTY CLERK 03/02/2022

NYSCEF DOC. NO. 176

Fellowship

8/25/22

516690/2019

## COMPLIANCE CONFERENCE STIPULATION PAGE 2 OF 2

1) The court entered an order on January 14, 2022 setting forth certain dates for Plaintiff's discovery, which have not yet passed. Plaintiff will comply with the Court's Order by that date.

2) Defendants EAST 16TH ST. REALTY, LLC and 10 O.K. L.P. have not yet produced their discovery, and will produce their discovery responses by March 18, 2022.

3) Defendant Signature Bank states that it will not produce discovery absent Plaintiff's execution of the confidentiality agreement provided to them on May 28, 2021, or a mutually agreeable revised version of the agreement. Plaintiff will either come to a resolution with Signature or will move to compel.

4) Determination of Signature's Bank's demand that Plaintiff shall produce Abraham Ort for his deposition, or be precluded from introducing him as a witness at trial or utilizing his testimony/affidavit in support or opposition to a motion for summary judgment, is not withdrawn by its failure to be raised before this conference or addressed herein, and, per the Court's Order entered on January 14, is deferred until after the Plaintiff's deposition.

5) With regard to depositions, Plaintiff's deposition, by a person knowledgeable of the Plaintiff's operations and the facts and circumstances of the acquisition of the subject note and mortgage, shall be taken first.

6) The deposition deadline of April 8, 2022, is subject to the resolution of all discovery disputes.

7) The parties stipulate that the third-party claims are hereby dismissed, and that all third-party defendants are hereby dismissed, without prejudice. The case's caption shall be changed back to the original caption, with the third-party half of the caption removed.

2022 MAR -2  AM 9: 48

KINGS COUNTY CLERK
FILED

Case 1:23-cv-06008-RPK-TAM Document 1-5 Filed 08/09/23 Page 142 of 147 PageID #: 168

At an I.A.S. Trial Term, Part of the Supreme
Court of the State of New York, held in and for the
County of Kings, at the Courthouse, located at
Civic Center, Borough of Brooklyn, City and State
of New York, on the 5 day of Jan 2023

PRESENT:

Hon. Knipel

Justice

Fellowship

Plaintiff(s)

Cal. No.

- against -

E 16th St. Realty
et al

Defendant(s)

Index No. 51 6690/19

| The following papers numbered 1 to read on this motion | Papers Numbered |
|---|---|
| Notice of Motion - Order to Show Cause and Affidavits (Affirmations) Annexed | mtn  1 |
| Answering Affidavit (Affirmation) | |
| Reply Affidavit (Affirmation) | opp  2 |
| Affidavit (Affirmation) | |
| Pleadings - Exhibits | reply  3 |
| Stipulations - Minutes | |
| Filed Papers | |

Defendant's motion is granted only to extent that
record keeper and director Alan Prezansky is directed
to appear for deposition on or before Feb. 21, 2023.
Deposition may not be adjourned beyond
2/21/23 without leave of this court.

For Clerks use only

MG___

MD___

Motion Seq. #

ENTER

J.S.C.

HON. LAWRENCE KNIPEL
ADMINISTRATIVE JUDGE

EJV-rev 11-04

1 of 1

Case 1:23-cv-06008-RPK-TAM   Document 1-5   Filed 08/09/23   Page 143 of 147 PageID #: 169

At an IAS FRP 3 of the Supreme Court of the State
of New York, held in and for the County of Kings, at
the Courthouse, at Civic Center, Brooklyn,
New York, on the 19TH day of January, 2023

P R E S E N T :

HON. LAWRENCE KNIPEL,

                              Justice.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
THE FELLOWSHIP FOR ADVANCED
COMPREHENSIVE TALMUDICS, INC.

                    Plaintiff,

        - against -                                      **ORDER**

EAST 16TH STREET REALTY, LLC, SIGNATURE            Index No. 516690/19
BANK, NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE AND JOHN DOE #1
THROUGH JOHN DOE #10

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

    In Motion Sequence 9, third-party defendants move to dismiss the third-party complaint.

    In a February 25, 2022, CCP order, this court included a provision, *inter alia*, dismissing the third-party claims upon the parties' stipulation.

    Accordingly, the instant motion is denied as academic.

                              E N T E R

                              _____
                              J. S. C.

                    **HON. LAWRENCE KNIPEL**
                    **ADMINISTRATIVE JUDGE**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------x

THE FELLOWSHIP FOR ADVANCED
COMPREHENSIVE TALMUDICS, INC.,

Index No. 516690/2019

Plaintiff,

-against-

EAST 16TH ST. REALTY, LLC, SIGNATURE BANK,
NEW YORK STATE DEPARTMENT OF TAXATION
AND FINANCE, 10 O.K., L.P., and "JOHN DOE # 1"
through "JOHN DOE # 10,"
The last ten names being fictitious and unknown to
Plaintiff, the person or parties intended being the persons
or parties, if any, having or claiming an interest in or lien
upon the mortgaged property described in the complaint,

STIPULATION
AND ORDER OF
SUBSTITUTION

Defendants.
------------------------------------------------------------------------x

WHEREAS, on March 12, 2023, the New York State Department of Financial

Services closed Signature Bank and appointed the Federal Deposit Insurance Corporation

as receiver for Signature Bank;

WHEREAS, on March 12, 2023, the Federal Deposit Insurance Corporation

accepted the appointment as receiver and, as a result of that appointment and pursuant to

12 U.S.C. § 1821(d)(2)(A), the Federal Deposit Insurance Corporation succeeded by

operation of law to "all rights, titles, powers, and privileges" of Signature Bank;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and

among the undersigned counsel for plaintiff, The Fellowship for Advanced

Comprehensive Talmudics, Inc., defendant East 16th St. Realty, LLC, defendant 10 O.K.,

Case 1:23-cv-06008-RPK-TAM  Document 1-5  Filed 08/09/23  Page 145 of 147 PageID #: 171

L.P., and defendant Signature Bank, by the Federal Deposit Insurance Corporation, as

Receiver for Signature Bank, these being all the parties having appeared in this action (all

other parties having failed to timely appear and now being in default), that, pursuant to

CPLR 1017, the Federal Deposit Insurance Corporation, as Receiver for Signature Bank,

be substituted into this action for defendant Signature Bank as of the date of the So-

Ordering of this Stipulation;

IT IS HEREBY FURTHER STIPULATED AND AGREED that the caption in

this action be amended as follows:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------x
THE FELLOWSHIP FOR ADVANCED                                    Index No. 516690/2019
COMPREHENSIVE TALMUDICS, INC.,

                       Plaintiff,

           -against-

EAST 16TH ST. REALTY, LLC,
FEDERAL DEPOSIT INSURANCE CORPORATION,
AS RECEIVER FOR SIGNATURE BANK,
NEW YORK STATE DEPARTMENT OF TAXATION
AND FINANCE, 10 O.K., L.P., and "JOHN DOE # 1"
through "JOHN DOE # 10,"
The last ten names being fictitious and unknown to
Plaintiff, the person or parties intended being the persons
or parties, if any, having or claiming an interest in or lien
upon the mortgaged property described in the complaint,

                     Defendants.
------------------------------------------------------------------------x

2

IT IS FURTHER HEREBY STIPULATED AND AGREED that this stipulation

may be signed in counterparts, and electronically transmitted counterparts of a signature

shall be the equivalent of an original signature.

Dated: June 16, 2023

JONATHAN E. NEUMAN, ESQ.                    HELLER, HOROWITZ & FEIT, P.C

By:    *Jonathan E. Neuman*              By:    *Martin Stein*

    Jonathan E. Neuman                        Martin Stein
176-25 Union Turnpike, Suite 230          260 Madison Avenue, 17th Floor
Fresh Meadows, New York 11366             New York, New York 10016
(347) 450-6710                            (917) 523-0692
*Counsel for Plaintiff*                     *Counsel for East 16th St. Realty, LLC*
                                           *and 10 O.K., L.P.*

McLAUGHLIN & STERN, LLP

By:    *Todd H. Hesekiel*

    Todd H. Hesekiel
1122 Franklin Avenue, Suite 300
Garden City, New York 11530
(516) 829-6900
*Counsel for Federal Deposit Insurance*
  *Corporation, as Receiver for Signature Bank*

            -and-

FEDERAL DEPOSIT INSURANCE CORPORATION
LEGAL DIVISION
Jeffrey E. Schmitt, Senior Counsel
Kaye A. Allison, Counsel
3501 Fairfax Drive, Room VS-D-7092
Arlington, Virginia 22226
(703) 562-2676
*Counsel for Federal Deposit Insurance*
  *Corporation, as Receiver for Signature Bank*

SO ORDERED:

3                          Justice Lawrence Knipel

3 of 3

INDEX NO. 516690/2019

At an I.A.S. Trial Term, Part      of the Supreme
Court of the State of New York, held in and for the
County of Kings, at the Courthouse, located at
Civic Center, Borough of Brooklyn, City and State
of New York, on the $28$ day of July 2023

P R E S E N T :
Hon. _____ Knipel
                                        Justice

The Fellowship                          Cal. No.
                    Plaintiff(s)         Index No.

- against-
E 16th St.
              et al                      516690/19
                    Defendant(s)

| The following papers numbered 1 to | read on this motion | Papers Numbered |
|---|---|---|
| Notice of Motion - Order to Show Cause and Affidavits (Affirmations) Annexed | MS 13 | |
| Answering Affidavit (Affirmation) | | |
| Reply Affidavit (Affirmation) | | |
| Affidavit (Affirmation) | | |
| Pleadings- Exhibits | | |
| Stipulations - Minutes | | |
| Filed Papers | | |

In light of decision of this court dated
1/5/23, motion to quash granted only to
extent that the 3 subject subpoenas are
quashed.
     No further depositions without leave of this
court. File Note of Issue within 90 days.

For Clerks use only
MG EX 1
MD _____
Motion Seq. #
    13

E N T E R

_____
J.S.C.
Justice Lawrence Knipel

EJV-rev 1-23

1 of 1