UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
THE FELLOWSHIP FOR ADVANCED COMPREHENSIVE TALMUDICS, INC.,

Case No. 23-cv-06008-RPK-TAM

Plaintiff,

-against-

EAST 16TH ST. REALTY, LLC,
SIG CRE 2023 VENTURE LLC,
NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, 10 O.K., L.P., and "JOHN DOE # 1" through "JOHN DOE # 10,"
The last ten names being fictitious and unknown to Plaintiff, the person or parties intended being the persons or parties, if any, having or claiming an interest in or lien upon the mortgaged property described in the complaint,

Defendants.
---------------------------------------------------------------------x

# MEMORANDUM OF LAW OF DEFENDANT SIG CRE 2023 VENTURE LLC IN SUPPORT OF ITS MOTION TO DISMISS

McLAUGHLIN & STERN, LLP
1122 Franklin Avenue, Suite 300
Garden City, New York 11530
(516) 829-6900

*Attorneys for SIG CRE 2023 Venture LLC*

Service Date: March 11, 2024

TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ....... 1

STATEMENT OF FACTS ....... 2

A. Procedural History ....... 2

B. The Bar Date and Plaintiff's Failure to File a Claim ....... 4

STANDARD OF REVIEW ....... 5

ARGUMENT ....... 6

POINT I: THIS ACTION MUST BE DISMISSED BECAUSE THIS COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION OVER THIS DISPUTE ....... 6

A. Plaintiff Did Not Comply With or Exhaust FIRREA's Mandatory Administrative Claims Process ....... 6

B. This Action Must be Dismissed as Against SIG CRE ....... 9

C. The Recent Transaction Between the FDIC and SIG CRE Has No Effect on the Mandated Dismissal ....... 10

CONCLUSION ....... 11

# TABLE OF AUTHORITIES

Page

Cases

*Aber-Shukofsky v. JPMorgan Chase & Co.*,
755 F. Supp. 2d 441 (E.D.N.Y. 2010) ....................9, 10

*Acosta-Ramirez v. Banco Popular de Puerto Rico,*
712 F.3d 14 (1st Cir 2013)....................11

*Augienello v. FDIC*
310 F. Supp. 2d 582 (S.D.N.Y. 2004)....................10

*Aurecchione v. Schoolman Transp. Sys. Inc.*,
426 F.3d 635 (2d Cir. 2005)....................5

*Benson v. JPMorgan Chase Bank, N.A.,*
673 F.3d 1207 (9th Cir. 2012) ....................11

*Caires v. FDIC,*
Case No. 16-02651, 2017 WL 1393735 (S.D.N.Y. Apr. 18, 2017)....................9

*Carlyle Towers Condo. Ass'n, Inc. v. FDIC*
170 F.3d 301 (2d Cir. 1999)....................9

*J.S. ex rel. N.S. v. Attica Cent. Schs.*,
386 F.3d 107 (2d Cir. 2004)....................5

*Makorova v. United States*,
201 F.3d 110 (2d Cir. 2000)....................5

*Marquis v. FDIC*,
965 F.2d 1148 (1st Cir. 1992)....................9

*National Union Fire Ins. Co. v. City Sav.*,
28 F.3d 376 (3d Cir. 1994)....................6

*Resolution Trust Corp. v. Elman*,
949 F.2d 624 (2d Cir. 1991)....................10

*Tellado v. IndyMac Mortgage Services*,
707 F.3d 275 (3d Cir. 2013)....................10

*Ungar v. Ensign Bank, FSB*,
196 A.D.2d 204 (1st Dep't 1994) ....................8

*Village of Oakwood v. State Bank and Trust Co.*,
539 F.3d 373 (6th Cir. 2008) ....................10

Statutes

12 U.S.C. § 1819(b) ....................3

12 U.S.C. § 1821(d) ....................3, 4, 6, 7, 8, 9

Fed. R. Civ. P. 12(b)(1)....................1, 5

Defendant SIG CRE 2023 Venture LLC ("SIG CRE") respectfully submits this memorandum of law in support of its motion, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (the "FRCP"), seeking dismissal of the amended complaint, dated November 19, 2020 (the "Amended Complaint"; ECF No. 1-2), as against SIG CRE, because there is no longer subject matter jurisdiction over this dispute.

## PRELIMINARY STATEMENT

This action must be dismissed because plaintiff – The Fellowship for Advanced Comprehensive Talmudics, Inc. ("Plaintiff") – did not invoke or exhaust the administrative claims procedure that is mandated here by the Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA"), thereby divesting this Court (and any court) of jurisdiction over Plaintiff's claims as against SIG CRE.

Under FIRREA,[1] Congress created a mandatory and comprehensive administrative claims process to efficiently resolve claims involving Federal Deposit Insurance Corporation (the "FDIC") receiverships. To ensure that claimants comply with that mandatory process, FIRREA divests courts of jurisdiction over, among other things, any action seeking a determination of rights with respect to the assets of any depository institution for which the FDIC has been appointed receiver, and any claim relating to any act or omission of such institution or the FDIC as receiver, *unless* the claimant has first exhausted the administrative claims process. Here, Plaintiff's action seeking priority over SIG CRE's mortgage – which was formerly an asset of Signature Bank ("Signature") before it became as asset of the FDIC, as Signature's receiver – is precisely the type of claim covered by FIRREA.

---

[1] In 1989, Congress enacted FIRREA, which is codified in in 12 U.S.C. § 1811 *et seq*.

Accordingly, because Plaintiff failed to invoke or exhaust the mandatory claims process for the FDIC's receivership for Signature by failing to file a claim by the bar date for the receivership (*i.e.,* the July 17, 2023 deadline to file claims related to Signature), FIRREA mandates dismissal of Plaintiff's claims against SIG CRE, the current owner of the mortgage (having taken assignment from the FDIC, which still owns 80% of SIG CRE), and this action must be dismissed as against SIG CRE.[2]

## STATEMENT OF FACTS

### A. Procedural History[3]

On July 30, 2019, Plaintiff commenced this action in the Supreme Court of the State of New York, County of Kings (the "State Court"). On November 19, 2020, Plaintiff filed its Amended Complaint, seeking (a) to foreclose its purported mortgage on the property located at 1673-1683 East 16th Street, Brooklyn, New York (the "Property"), which is owned by defendant East 16th St. Realty, LLC ("East 16th"), (b) a determination that the mortgage held by Signature (then, later, the FDIC, as receiver, and now SIG CRE) is subordinate to the purported mortgage held by Plaintiff, and (c) a determination that an assignment of 50% of Plaintiff's purported mortgage and note to defendant 10 O.K., L.P. ("OK LP") be declared void. (*See* ECF No. 1-2.) On January 8, 2021, Signature filed an answer to the Amended Complaint. (*See* ECF No. 1-5.)

---

[2] As discussed below, on December 14, 2023, the FDIC placed its mortgage (and the underlying note) in a newly formed entity (SIG CRE) in which the FDIC maintained a 100% interest, and then the FDIC contributed a 20% interest in SIG CRE to an investor. By stipulation and order, so ordered on January 22, 2024 (ECF No. 21), SIG CRE was substituted into this action for the FDIC.

[3] Many of the undisputed facts as set forth below have been stipulated to by the parties – *i.e.,* the June 16 Stipulation (defined below; ECF No. 1-3) and the January 22 Stipulation (defined below; ECF No. 21) – and the stipulations have been so ordered by the respective courts.

On February 2, 2021, Defendants East 16th and OK LP filed a joint answer and asserted counterclaims.[4] (*See* ECF No. 1-5.)

On March 12, 2023, the New York State Department of Financial Services closed Signature and appointed the FDIC as Signature's receiver. (*See* Declaration of Donald G. Grieser, dated March 8, 2024 [the "Grieser Decl."], Ex. A; *see also* Stipulation and Order of Substitution, dated June 16, 2023, so ordered by the State Court [the "June 16 Stipulation"], p. 1; ECF No. 1-3.) As a result of that appointment, the FDIC succeeded by operation of law to all the rights, titles, powers, and privileges of Signature. *See* 12 U.S.C. § 1821(d)(2)(A). The FDIC was charged with the duty of winding up Signature's affairs and resolving all outstanding claims against Signature, including the claim in this action, through the mandatory administrative claims process. *See* 12 U.S.C. §§ 1821(d)(2)(A)(i), 1821(d)(3).

After the appointment of the FDIC as receiver, the parties stipulated in the State Court that the FDIC be substituted into this action for Signature. (*See* June 16 Stipulation; ECF No. 1-3.) On June 16, 2023 (more than a month before the Claims Bar Date, discussed below), the State Court Stipulation was executed by the parties and filed with the State Court to be so-ordered. (ECF No. 1-5.) On July 27, 2023, the State Court so-ordered the stipulation and the FDIC substituted into this action in place of Signature. (*See* June 16 Stipulation; ECF No. 1-3.) Shortly thereafter, on August 9, 2023, the FDIC timely removed this action from the State Court to this Court pursuant to 12 U.S.C. § 1819(b)(2)(B). (ECF No. 1.)

---

[4] For the avoidance of any doubt, SIG CRE seeks to dismiss this action as against SIG CRE only, takes no position on whether this action should be dismissed as against the other defendants in this action, East 16th and OK LP, or on whether this Court has jurisdiction over Plaintiff's claims against those defendants upon SIG CRE's dismissal from this action.

On or about December 14, 2023 (approximately five months after the Claims Bar Date, discussed below), the FDIC placed the loan at issue (*i.e.,* the mortgage originally granted to Signature, secured by the Property, and the underlying note) in an entity the FDIC formed, SIG CRE, which was a wholly owned subsidiary of the FDIC. (*See* Stipulation and Order of Substitution, so ordered by this Court on January 22, 2024 [the "January 22 Stipulation"; ECF No. 21].) Through the January 22 Stipulation, SIG CRE was substituted into this action for the FDIC. (ECF No. 21.) The FDIC contributed a 20% membership interest in SIG CRE to an investor and the FDIC retained an 80% membership interest in SIG CRE.[5] (*See* January 22 Stipulation, p. 1.)

B. The Bar Date and Plaintiff's Failure to File a Claim

FIRREA sets forth a mandatory administrative claims process that applies to all claims against failed institutions in FDIC receiverships. *See* 12 U.S.C. § 1821(d)(3)-(13). Under 12 U.S.C. § 1821(d)(3), the FDIC is required to publish notice that the failed institution's creditors must file claims with the receiver by a claims bar date not less than 90 days after publication of such notice. *See* 12 U.S.C. § 1821(d)(3)(B)(i). The FDIC is also to mail a similar notice to creditors appearing on the books of the failed institution. *See* 12 U.S.C. § 1821(d)(3)(C)(i). Finally, after discovering the name and address of a claimant not appearing on the institution's books, the FDIC is to mail a similar notice to the discovered claimant. *See* 12 U.S.C. § 1821(d)(3)(C)(ii). Claims filed after the claims bar date "shall be disallowed, and such disallowance shall be final." 12 U.S.C. § 1821(d)(5)(C)(i).

[5] As discussed in Point I(C) below, this transaction has no impact on FIRREA's effect here and no impact on the fact that FIRREA necessitates this action be dismissed with prejudice because of Plaintiff's failure to invoke and exhaust FIRREA's mandatory claims procedure.

As part of its mandatory claims process, and after acquiring the mortgage from Signature as a result of its appointment, the FDIC established July 17, 2023 as the "Claims Bar Date" – *i.e.,* the deadline for filing any claims against the Signature receivership. (*See* Grieser Decl., ¶ 4.) The FDIC published in several newspapers, at numerous times, a Notice to Creditors and Depositors of Signature, advising that claims against Signature, together with supporting proof, must be submitted to the FDIC by the Claims Bar Date, and that the failure to file a claim by July 17, 2023, would result in disallowance of the claim. (Grieser Decl., ¶ 5; Ex. B.) Moreover, the FDIC followed up with Plaintiff regarding the bar date when it saw no claim was filed by Plaintiff by sending Plaintiff a "Notice to Discovered Claimant to Present Proof of Claim," dated April 11, 2023, and sent on April 12, 2023, advising Plaintiff of the Signature receivership and the Claims Bar Date. (Grieser Decl., ¶ 6; Ex. C.) Plaintiff did not file a claim by the Claims Bar Date deadline (or at any time since). (Grieser Decl., ¶ 7.)

## STANDARD OF REVIEW

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) of the FRCP when the district court lacks the statutory or constitutional power to adjudicate it." *Makorova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). When jurisdiction is challenged on a motion to dismiss under Rule 12(b)(1), the "plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys. Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). In assessing whether jurisdiction exists, a court may "consider affidavits and other materials beyond the pleadings." *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004).

Here, Plaintiff cannot satisfy its burden of proving subject matter jurisdiction because it failed to invoke and exhaust FIRREA's mandatory administrative claims process, which divested this Court – and any court – of jurisdiction over Plaintiff's claims in this action as against SIG CRE. Accordingly, Plaintiff's case should be dismissed with prejudice as against SIG CRE.

## ARGUMENT

## POINT I

## THIS ACTION MUST BE DISMISSED BECAUSE THIS COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION OVER THIS DISPUTE

### A. Plaintiff Did Not Comply With or Exhaust FIRREA's Mandatory Administrative Claims Process

The mandatory administrative claims procedure under FIRREA – more specifically, under 12 U.S.C. §§ 1821(d)(3)-(13) – creates a framework for the filing of claims by those with claims against a failed institution, such as Signature. *See, e.g., National Union Fire Ins. Co. v. City Sav.*, 28 F.3d 376, 388 (3d Cir. 1994) (FIRREA "enable[s] the receiver to efficiently determine creditors' claims and preserve assets of the failed institution without being burdened by complex and costly litigation").

Under FIRREA, all claimants, including claimants with litigation pending against the failed institution at the time of the receiver's appointment (*i.e.,* Plaintiff, which had pending litigation against Signature in the State Court), must file claims with the receiver and await the receiver's determination of their claim before taking further action in the pending litigation.[6] *See*

[6] Unlike here, where Plaintiff did not file a claim, where a party does file a claim, the FDIC has 180 days to determine whether to allow or disallow the claim. *See* 12 U.S.C. § 1821(d)(5)(A). If the FDIC disallows a timely claim (or the 180-day period expires without action by the receiver), the claimant has 60 days after the date of the notice of disallowance to file suit for a *de novo* judicial determination of the claim or to continue any pre-receivership litigation. *See* 12 U.S.C. § 1821(d).

12 U.S.C. § 1821(d)(6)(A). The failure to file a claim bars any further right to pursue the action against the FDIC and its successors and assigns. *See* 12 U.S.C. § 1821(d)(5)(C).

FIRREA's mandatory claims procedure applies to Plaintiff's claims here. Congress was precise in stating that FIRREA applies to any claim (a) seeking payment from, *or a determination of rights with respect to*, the assets of a failed bank for which the FDIC has been appointed receiver (12 U.S.C. § 1821[d][13][D][i] [emphasis added]) *or* (b) relating to any act or omission of such failed bank or the receiver (12 U.S.C. § 1821[d][13][D][ii]). Here, Plaintiff's claims against Signature (for a declaration that the FDIC's recorded mortgage is subordinate to Plaintiff's purported unrecorded mortgage and, in turn, to foreclose the alleged junior interest) fall within both categories, because those claims (a) seek a determination of rights with respect to the FDIC's mortgage on the Property (ECF No. 1-2, ¶¶ 21-22, 26, 29) and (b) relate to Signature's alleged acts or omissions with respect to obtaining its mortgage (ECF No. 1-2, ¶¶ 23, 29). Accordingly, those claims must be exhausted through the mandatory administrative claims process.

Congress included a jurisdictional bar in FIRREA to ensure that all claimants comply with the administrative claims process, which expressly bars the jurisdiction of *all* courts over *all* receivership claims unless jurisdiction is otherwise provided for in Section 1821(d). More specifically, Section 1821(d)(13)(D) provides:

> Except as *otherwise provided* in this subsection [*i.e.,* Section 1821(d)], *no court shall have jurisdiction* over (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the [FDIC] has been appointed receiver, including assets which the [FDIC] may acquire from itself as such receiver; or (ii)

> any claim relating to any act or omission of such institution or the [FDIC] as receiver.

12 U.S.C. § 1821(d)(13)(D) (emphasis added). The only jurisdiction "otherwise provided" in this subsection is contained in Sections 1821(d)(6)(A) and 1821(d)(8)(C), which provide for federal court adjudication of claims only *after* timely exhaustion of the statutory claims' procedure. *See, e.g., Ungar v. Ensign Bank, FSB*, 196 A.D.2d 204, 209 (1st Dep't 1994) (in FIRREA, "Congress withdrew from the courts the jurisdiction to hear claims against [the] receiver until the mandatory administrative claims process is fully exhausted").

A key and necessary component of FIRREA is the Claims Bar Date – the deadline by which claimants must claims. Here, the bar date was set for July 17, 2023. (Grieser Decl., ¶ 4.) The FDIC published a notice of the Claims Bar Date in multiple newspapers and on multiple dates (March 30, 2023, May 1, 2023, and June 1, 2023). (Grieser Decl., ¶ 5; Ex. B.) Further, by letter sent April 12, 2023, the FDIC followed up with Plaintiff of the bar date when it saw no claim was filed by Plaintiff. (Grieser Decl., ¶ 6; Ex. C.) The notice sent to Plaintiff stated that "[f]ailure to file your claim on or before the Claims Bar Date will result in disallowance by the [FDIC] and the disallowance will be final." (Grieser Decl., Ex. C.)

Notwithstanding the foregoing, Plaintiff did not file a claim. Plaintiff had every opportunity to do so – it even acknowledged the Signature receivership on June 16, 2023 (more than a month before the Claims Bar Date), when Plaintiff agreed in a stipulation in the State Court to adjourn certain dates based on the FDIC being named as receiver for Signature. (*See* June 16 Stipulation; ECF No. 1-3.) Plaintiff's decision not to file a claim is fatal to its claims against SIG CRE. *See* 12 U.S.C. § 1821(d)(13)(D).

B. This Action Must be Dismissed as Against SIG CRE

FIRREA mandates that the receivership claims process is a jurisdictional prerequisite to judicial review of Plaintiff's claims against the FDIC and its successors and assigns. Courts have consistently held that all claimants – including those that commenced actions before the FDIC was appointed receiver – must exhaust the receivership claims process before seeking judicial review of any claim within the scope of Section 1821(d)(13)(D). *See, e.g., Carlyle Towers Condo. Ass'n, Inc. v. FDIC*, 170 F.3d 301, 307 (2d Cir. 1999) (FIRREA "creates a requirement that all claims must be presented to the FDIC before a claimant may seek judicial review"); *Marquis v. FDIC*, 965 F.2d 1148, 1151 (1st Cir. 1992) ("[FIRREA] makes participation in the administrative claims review process mandatory for all parties asserting claims against failed institutions, regardless of whether lawsuits to enforce those claims were initiated prior to the appointment of a receiver"); *Caires v. FDIC*, Case No. 16-02651, 2017 WL 1393735, at *3 (S.D.N.Y. Apr. 18, 2017) ("[Section] 1821(d)(13)(D) deprives courts of subject matter jurisdiction over claims against an institution in FDIC receivership until the claimant complies with a mandatory statutory claims procedure") (citations and internal quotation marks omitted); *Aber-Shukofsky v. JPMorgan Chase & Co.*, 755 F. Supp. 2d 441, 445-46 (E.D.N.Y. 2010) ("[u]ntil such time as the claim is disallowed by the FDIC, section 1821(d)(13) expressly revokes the jurisdiction of all federal courts to decide claims against the assets of a failed institution; "[g]iven FIRREA's clear language, the Second Circuit has consistently held that courts lack subject matter jurisdiction to hear a claim against a failed bank taken into receivership by the FDIC unless the plaintiff has exhausted the administrative claims process").

Plaintiff failed to file a claim to invoke the mandatory claims process and took no other action to exhaust that process. It is now barred from doing so and the FIRREA mandates the

dismissal of this action. *See, e.g., Resolution Trust Corp. v. Elman*, 949 F.2d 624, 627 (2d Cir. 1991) ("the statute means just what it says, and, accordingly, that a claimant must first present its case to the [receiver] under the administrative procedure erected by FIRREA before seeking relief in the federal courts . . . [and] [u]ntil such time as the claim is disallowed by the [receiver], no court shall have jurisdiction"); *Augienello v. FDIC*, 310 F. Supp. 2d 582, 588 (S.D.N.Y. 2004) (FIRREA requires all claimants to file claims with receiver and only "provides for federal court adjudication of claims after exhaustion of the claims procedures"); *Village of Oakwood v. State Bank and Trust Co.*, 539 F.3d 373, 387-88 (6th Cir. 2008) (affirming district court's grant of summary judgment to FDIC due to claimants' failure to comply with FIRREA's administrative claims process).

C. The Recent Transaction Between the FDIC and SIG CRE Has No Effect on the Mandated Dismissal

The FDIC's recent transaction – transferring its interest in its mortgage to SIG CRE (in which the FDIC still owns 80%) – has no bearing on FIRREA's effect on this action and its mandated dismissal. *See, e.g., Village of Oakwood,* 539 F.3d at 386 (affirmed the granting of a motion to dismiss by the FDIC's successor where the FDIC, as receiver, transferred the failed bank's assets to the successor); *Tellado v. IndyMac Mortgage Services*, 707 F.3d 275, 280-81 (3d Cir. 2013) (jurisdictional bar applies where plaintiffs "failed to exhaust their administrative remedies under FIRREA" and that bar applies to purchasers of the failed bank's assets from the FDIC); *see also Aber-Shukofsky,* 755 F. Supp. 2d at 447 ("given the plain language of FIRREA, the Court finds that plaintiffs cannot evade FIRREA's mandatory exhaustion requirement simply by asserting claims against defendants, as third-party purchasers of the failed bank's assets").

The jurisdictional bar applies equally even if Plaintiff sought its claims directly against SIG CRE, the FDIC's newly created entity. *See, e.g., Acosta-Ramirez v. Banco Popular de Puerto Rico*, 712 F.3d 14, 20-21 (1st Cir 2013) (where plaintiff tried an end-around by naming the FDIC's successor, court held that "[h]ad this suit been brought originally against the FDIC, it would clearly have been jurisdictionally barred" and that, because the action involves claims related to the failed entity, "plaintiffs may not avoid that reality [*i.e.,* the jurisdictional bar] through strategic pleading"); *Benson v. JPMorgan Chase Bank, N.A.*, 673 F.3d 1207, 1209 (9th Cir. 2012) (court found that plaintiffs' claims against bank that purchased assets from the FDIC still related to an act or omission of the failed depository institution for which the FDIC had been appointed receiver, and the jurisdictional bar applied; "[l]itigants cannot avoid FIRREA's administrative requirements through strategic pleading").

The bottom line is that Plaintiff's claims are jurisdictionally barred, regardless of whether the FDIC or SIG CRE is the defendant.

## CONCLUSION

For the reasons stated above, SIG CRE respectfully requests that this Court dismiss this action, with prejudice, as against SIG CRE.

Dated: Garden City, New York
March 11, 2024

McLAUGHLIN & STERN, LLP

By: /s/ Brian J. Grieco
Brian J. Grieco
Todd H. Hesekiel
1122 Franklin Avenue, Suite 300
Garden City, New York 11530
(516) 829-6900

*Attorneys for SIG CRE 2023 Venture LLC*